**Representative Justin JJ Humphrey**
House District 19

State Capitol Room 301
2300 N. Lincoln Boulevard
Oklahoma City, OK 73105
Office 405-557-7382
Justin.Humphrey@okhouse.gov



**Chair**
Criminal Justice and Corrections
**Committees**
Agriculture and Rural Development
A& B Public Safety
Redistricting
Redistricting Southeast Oklahoma
Subcommittee
State and Federal Redistricting

House of Representatives
State of Oklahoma

November 2, 2021

Honorable J. Kevin Stitt
28th Governor of Oklahoma
2300 N. Lincoln Blvd
Suite 212
Oklahoma City OK 73105

# CORRUPTION AND STATE OF OKLAHOMA LIABILITY FOR VICTIMS OF OKLAHOMA COUNTY COURTHOUSE, REQUIRING IMMEDIATE INVESTIGATION

From:
 Representative Justin JJ Humphrey

**Representative Justin JJ Humphrey**
House District 19

State Capitol Room 301
2300 N. Lincoln Boulevard
Oklahoma City, OK 73105
Office 405-557-7382
Justin.Humphrey@okhouse.gov



**Chair**
Criminal Justice and Corrections
**Committees**
Agriculture and Rural Development
A& B Public Safety
Redistricting
Redistricting Southeast Oklahoma
Subcommittee
State and Federal Redistricting

HOUSE OF REPRESENTATIVES
STATE OF OKLAHOMA

November 2, 2021

Office of Governor J. Kevin Stitt
2300 N. Lincoln Blvd., Suite 212
Oklahoma City, OK 73105

Re: Oklahoma County Court Corruption

Dear Governor J. Kevin Stitt:

I have completed a preliminary inquiry into allegations of corruption in the Oklahoma County Court System. I want to remind you victims of judicial and prosecutorial misconduct contacted your office in 2019. After proof of sexual misconduct by Judge Henderson surfaced, you issued a written directive dated April 1, 2021 to the OSBI requesting an investigation into court misconduct by Judge Henderson. **(See Ex-1).** I believe it is crucial to provide you a tape made by one of the victims that certainly seems to verify the Attorney General's Office and OSBI ignored or undermined your request for this investigation **(Ex-2)**

I believe it is equally important to provide a letter from Whistleblower William Muller decorated former Secret Service Agent, and former employee of Oklahoma County District Attorney David Prater. This letter listed as **(Ex-3)** identifies concerning practices by DA David Prater such as: illegal criminal investigations based on Prater's personal vendettas; abuse of multi-county grand jury; lack of integrity (daytime consumption of alcohol, attendance of strip clubs- resulting in several high level persons in Prater's office being arrested **);** a compromised evidence/DNA locker that should not be in Prater's control and is a remnant of former corrupt administration involving Joyce Gilchrist; inappropriate coordinated activity with the AG's office to issue subpoenas; and Prater refusing to address corruption, confirmed to him by Muller. It appears no one has investigated his concerns.

I am providing two additional letters of attorneys who have expressed serious concerns of judicial misconduct in the Oklahoma Court System. **(Ex-4)** Is a letter addressed to DA Prater from Noel Tucker Law Firm outlining allegations of wrongdoing. **(Ex-5)** Is a letter from Attorney Mark Myles providing more reports and proof of mishandling court cases. Three separate highly professional officers of the court alleging similar patterns of abuse would necessitate a more thorough investigation.

This disturbing bad behavior combined with these same court officials directing their personal investigations, hearings and sentencings is particularly troubling. I have included **(Ex6, 6a, and 6b)** to verify these officials appear to be collaborating in investigations, grand juries and in court hearings to control the outcomes of cases and use their offices to manipulate, bully and destroy anyone who opposes them. Obviously officials should recuse from cases which they have personal involvement.

I am submitting a letter **(Ex-7)** from Teresa Anderson, who met with your office earlier this year. She advised that Prater and Henderson moved the investigation of Assistant DA Gayland Gieger's son, who alleged raped her daughter, from Oklahoma County to Cleveland County. It seems inconceivable and reprehensible that evidence in the Assistant DA's son case could be lost in the transfer . However, she states the DA's Office lost

her daughter's forensic interview. (**Ex 7a**) are emails confirming Prater himself was responsible for moving the venue and influencing the course of the botched rape investigation. (**Ex 7b**) is from another reported victim who indicates that after she exposed corruption and Henderson's sexual actions, Henderson changed court documents, inserted himself in her foreclosure case, and retaliated against her. (**Ex-7c**) is a letter from Alberta Jones the mother of an autistic adult son who was charged for sexual assault while being held in a psychiatric hospital. She reports her son was wrongfully prosecuted because he was being held in a psychiatric ward and therefore was clearly incompetent. Her son was held in the Oklahoma Jail and was beaten repeatedly due to his autistic condition. Mrs. Jones reports making multiple complaints to the Bar and the office of Judicial Complaints with no action taken.

Possibly the most disturbing and convincing evidence of judicial and prosecutorial misconduct has been in the cases of Alex Bednar. I am providing a copy of a service made by the DA's Office on Mr. Bednar, please notice the date this document is file stamped 3-27-19 (**Ex-.8**). This document was used to notify Bednar of a change in his court dates. I must note it seems extremely odd for the DA's to file service in their own civil case against Mr. Bednar and Bednar claims he was never served. I feel it is important to add Bednar was immediately arrested for failure to appear which is rare in these kinds of cases. Subsequently he received a much more serious charge for resisting arrest. The DA's Office sent documents of Bednar's service and arrest to a federal judge in what appears to be an effort to discredit him. Amazingly, upon examination of the court file the document of service was not present. **How did this document obtain a file stamp but was never placed in the file? How did the DA obtain a copy of a filed stamped document, not in the file, to send to the federal judge? But even more alarming, how did a judge issue an order of arrest if there was no document to prove Bednar was notified of the court date being changed?** Unbelievably this same document was dreadfully altered with one date being x out and a new date being re-filed stamped for a date of 5-2-19 (**Ex-8a**). Undeniably this verifies tampering with court records, DA's sending false records to a federal judge and false arrest which appears to be a gross violation of Bednar's civil rights. (**Ex-8b**) Is the return on the arrest of Bednar. Please note the date is much later, the notary is incomplete and unsigned and the document is not signed by the arresting officer. (**Ex-8c**) Reveals two copies of the arrest warrant dated much later than the arrest. One warrant shows clerks stamp and the other has a court file stamp. The one without the file stamp was used by Bednar's ex-wife in their divorce. **How did Bednar's ex-wife receive a court documents before it was filed stamped?** I have what appears to be appalling evidence of judicial and prosecutorial misbehavior. However, it is too massive to include in this report.

I have been a law enforcement officer for approximately thirty (30) years and I am deeply concerned by what my brief inquiry has revealed. Definitely, I have provided you with adequate documentation of apparent corruption in the Oklahoma County Court System. It seems prudent an investigation should be conducted by an independent source. Based on my findings the State of Oklahoma clearly maybe liable to certain victims of courts misconduct.

**Recommendation:** I recommend a meeting with AG O'Connor to determine a proper course of action, such as convene a Grand Jury, appoint a legislative committee or hire an independent investigator to complete an appropriate examination into judicial and prosecutorial misconduct in the Oklahoma Court System. I will be happy to volunteer and officer my service in any manner.

Representative Justin JJ Humphrey, Chairman
Criminal Justice and Corrections Committee

# EXHIBIT __1__

# GOVERNOR STITT'S MANDATE TO THE OSBI TO INVESTIGATE THE CIRCUMSTANCES AROUND JUDGE TIMOTHY HENDERSON'S RESIGNATION AS WELL AS THE MALFEASANCE HE EXHIBITED IN HIS COURTROOM, OTHER THAN SEXUAL MISCONDUCT



J. Kevin Stitt
Office of the Governor
State of Oklahoma

April 1, 2021

*Via email: Ricky.Adams@osbi.ok.gov*

Mr. Ricky Adams
Director, Oklahoma State Bureau of Investigation
6600 N. Harvey
Oklahoma City, OK  73116-7910

Re:  Resignation of Judge Timothy Henderson

Dear Director Adams:

Pursuant to 74 O.S. §150.5(A)(1)(a), I hereby request the OSBI initiate an investigation into all facts and circumstances surrounding the suspension and resignation of Judge Timothy Henderson, District Judge for Oklahoma County.

Information has been presented to me which indicates that in addition to the sexual harassment allegations preceding Judge Henderson's suspension, Judge Henderson may have provided disparate treatment to attorneys appearing before him, in part based on whether he had inappropriate personal relationships with them.  Your investigation is to be directed to Judge Henderson's malfeasance and the effect on cases over which he presided.  Should your investigation raise further related questions, please contact me to seek a broader mandate.

Sincerely,

J. Kevin Stitt
Governor

# EXHIBIT 2

RECORDING MADE
BY NORTH TEXAS VICTIM OF
HENDERSON / PRATER WHO INITIATED
AN ATTORNEY GENERAL
INVESTIGATION WITH DAWN CASH IN
AUGUST of 2019.
AT APPROX 3:30, *THE OSBI AGENT
IMPLIES THE OSBI DOES NOT HAVE TO
ABIDE BY GOV STITT'S APRIL 1 MANDATE
TO INVESTIGATE HENDERSON,
BADMOUTHS THE GOVERNOR (Saying he
probably didn't even write his own April 1
letter) AND DOWNPLAYS GOVERNOR
STITT'S ORDER*; INTERIM AG DAWN
CASH IS DISCUSSED AS HAVING LIMITED
THE SCOPE OF PROSECUTION TO
CONTRADICT GOV STITT'S MANDATE

# EXHIBIT 3

LETTER FROM DECORATED FORMER
SECRET SERVICE AGENT UNDER
PRESIDENT GEORGE W BUSH, WARNING
THAT DA DAVID PRATER IS COMMITING
UNETHICAL AND UNLAWFUL ACTS,
INCLUDING ABUSE OF THE GRAND JURY
SYSTEM WITH THE ATTORNEY
GENERAL'S OFFICE



RECEIVED

OCT 2 2 2019

DCAM RISK MANAGEMENT

October 22, 2019

Office of the Risk Management Administrator
Administrator of the Office of Public Affairs
P.O. Box 53364
Oklahoma City, Oklahoma 73152

## NOTICE OF CLAIM

This constitutes a "Notice of Claim" filed against the County of Oklahoma
County, the State of Oklahoma, and its representative(s) David L. Prater,
Oklahoma County District Attorney in accordance with the *Oklahoma
Governmental Tort Claims Act*, 51 Okla. Stat. Ann. § 156.[1]

**Name of Claimant**: William Muller. Mr. Muller is a former Investigator for
the Oklahoma County District Attorney's Office (May 2017 – January 31,
2019). Mr. Muller, who began his career as a Enid and Stillwater Police
Officer (1996-2002), served as a Special Agent for the United States Secret
Service (2002-2015) who served as the leads on details for President George
Bush, on high-risk missions in Africa, and as the lead case agent on many
federal cases for the U.S. Department of Justice. The federal government
recognized Mr. Muller as the Federal Employee of the Year in 2007. An
Eagle Scout himself, Mr. Muller volunteers his time with his son in the Boy
Scouts of America.

**Address of Claimant**: William Muller, c/o Robert D. Gifford, Attorney-at-
Law, GIFFORD LAW, P.L.L.C., P.O. Box 2682, Oklahoma City, Oklahoma
73101

---

[1] Please note that this claim is also being submitted independently and
separately to both the County Clerk for Oklahoma County and to the State of
Oklahoma as it involves the county of Oklahoma County as well.

**Telephone Number of Claimant**: c/o his attorney at (405) 810-5406.

**Date of Occurrence Giving Rise to Claim**: January 29, 2019, (date that claimant was notified), however Mr. Muller was paid through January 31, 2019 and compelled to use his earned vacation leave.

**Circumstances of Claim**: This is a claim for wrongful termination arising from Mr. Muller's refusal to continue an illegal criminal investigation run only by David Prater, with no open file or no other law enforcement agency investigating, into the Oklahomans for Criminal Justice Reform, one of its leaders, and the American Civil Liberties Union (ACLU) with state multi-county grand jury subpoenas that were issued without the required "probable cause," and for the subsequent malicious interference by David Prater into Mr. Muller's future employment opportunities.

William Muller served as an Investigator for the Oklahoma County District Attorney's Office from May 2017 until January 31, 2019. Mr. Muller, a career law enforcement officer with a decorated and honorable record, joined the Oklahoma County District Attorney's Office after serving as a decorated Special Agent for the United States Secret Service.

Upon his employment with the Oklahoma County District Attorney's Office, Mr. Muller was one of the highest paid employees, and was highly revered due to his experiences as both a police officer and a Secret Service Agent guarding the President of the United States and in leading high-profile white-collar criminal investigations.

During the course of the employment under District Attorney David Prater, Mr. Muller became concerned about both the management and integrity of the office in general. He expressed these concerns to another investigator, as well as to a senior Assistant District Attorney. These concerns, as a matter of background, are relevant to the underlying claim now brought by Mr. Muller, include, but are not necessarily limited to the following practices:

1. Surreptitiously Recorded Conversations. Evidence will show that at the direction of Mr. Prater, Mr. Muller learned (and was directed to do

so himself later) to secretly record the conversations of individuals who would meet with Mr. Prater. Whether it was an attorney, a legislator, or even an Oklahoma County Judge, the evidence would show that Mr. Prater has a practice of regularly and secretly record conversations and retaining them for later use if necessary.

2. <u>Toxic and Hostile Work Environment</u>. Evidence will show that the office had a very low morale due to Mr. Prater's explosive temper and unexpected outbursts, an unreasonably high turnover rate (25-30 personnel left in year-and-a-half), a high acquittal rate due to a lack of guidance and supervision, and concerns over a member of the senior management day drinking, spending time at strip clubs and relationships with strippers that were highly publicized, and other inappropriate behavior that included a prior arrest.

3. <u>Evidence Room(s)/Chain of Custody Concerns</u>. Evidence will show that the on the far west end of the District Attorney's Office (5th Floor), in the "Gang Hall" is an "Evidence Room." Should any outside agency, judicial authority, or member of the defense bar, were to review this area it would create a great concern over any testimony given regarding the "chain of evidence" of any cases. This "evidence room" has no "custodian," no "manager," no "security controls," and would shock the conscience of the public as to the lack of security, control and disorganization. Notably, there was more than one key to this room, and most significantly – there is no evidence log that tracks when evidence is checked into this room and when it was checked out. With the disorganization, lack of security controls and evidence logs, there is no guarantees that there was no commingling of evidence.

Further, evidence was also kept, unofficially, in the office of the Investigator who was responsible for the Technology Evidence (i.e. phone downloads, etc.) on the east end of the District Attorney's Office (also on the 5th floor). This office, also insecure with unknown number of keys available for access, as well, with no evidence logs, etc., contained the evidence for major cases to include homicides and other high-level violent crime investigations. This office which is used as a

"make-shift" evidence room is filled with stacks of unfiled reports/search warrant returns, as well as other miscellaneous and otherwise misplaced evidence. If ever reviewed or audited by an investigatory agency or the originating law enforcement source would likely result in both public and judicial concerns on the veracity, credibility, and reliability of the evidence and testimony as it was presented in court in Oklahoma County.

4.  Misuse of Grand Jury Subpoenas.  During the Fall of 2017, Oklahoma County District Attorney David Prater, without an ongoing investigation, an open file, or without any known "probable cause" (and with no other independent law enforcement agency), ordered Mr. Muller to obtain a Multi-County Grand Jury Subpoena from the Oklahoma Attorney General's Office[2] to obtain the banking and financial records from Paycom for the organization *Oklahomans for Criminal Justice Reform*.  Mr. Prater, in his own words, felt that any reform to criminal justice was "bullshit," and expressed great anger toward any discussion with anything that mentioned "reform."  This use of the multi-county grand jury was only after the General Counsel for Paycom stated he would need a court order or subpoena.  This rebuff by the Paycom General Counsel angered Prater, who then ordered Muller to contact Sheila Tiffin at Attorney General's Office's Multi-County Grand Jury Unit and get subpoenas to be issued to Paycom for disclosure of the records.

The aim of Mr. Prater's personal inquiry, as stated directly by Mr. Prater to Muller, was to find incriminating or compromising information pertaining to Former Speaker of the Oklahoma House of Representatives Kris Steele, one of the most visible leaders of the criminal justice reform movement in Oklahoma.[3]  The scope of the

---

[2] Notably, and tellingly of the Oklahoma County District Attorney's knowledge of a probable cause requirement before issuing a grand jury subpoena, David Prater once served as an Assistant Attorney General in the grand jury unit.
[3] Kris Steele served in the Oklahoma state legislature for 12 years, including two years as speaker of the House. He is chairman of *Oklahomans for Criminal*

investigation also included efforts to review donations from national office of the American Civil Liberties Union (ACLU) based in New York City and represented by their affiliate in Oklahoma by the ACLU of Oklahoma to the criminal justice reform movement in Oklahoma. No other investigative agency was involved, there was no case file assigned to the investigation, no court filings, and it was not until later that Mr. Muller realized that the Oklahoma County District Attorney apparently did not have the lawfully required "probable cause" to obtain grand jury subpoenas from the Attorney General and have them issued to Paycom.

As a matter of reference, to even initiate an investigation against any private citizen, a law enforcement investigator would need at a minimum a "reasonable suspicion." *See Wren v. United States*, 517 U.S. 806, 809-10 (1996). To request a multi-county Grand Jury Subpoenas from the Oklahoma Attorney General is a higher standard. A District Attorney must have at least "probable cause" before ever issuing grand jury subpoenas to obtain private documents.

As the Oklahoma Court of Criminal Appeals has stated, because without probable cause has a standard, "a D.A. could abuse the rights of any citizen by circumventing a citizen's constitutional rights by seeking the evidence through a grand jury subpoena. In effect, district attorneys would be provided with a license to obtain evidence without being required to meet constitutional standards." *Woolverton v. Multi-County Grand Jury Okla. Cty.*, 1993 OK CR 42, 859 P.2d 1112. In this matter, Mr. Prater (an attorney and not an investigator) had no "reasonable suspicion," much less the legally required "probable cause" to seek from the Attorney General multi-county grand jury as his personal weapon against his "political enemies." This action by Mr. Prater represents an extraordinary departure from the appropriate use of the immense power and discretion that rests with District Attorneys.

---

*Justice Reform*, which led the campaign to pass State Questions 780 and 781 and serves as executive director of *The Education and Employment Ministry*.

The Review of the Grand Jury Records. During his ordered review of the grand jury documents, Mr. Muller could not find any wrongdoing by the ACLU, Oklahomans for Criminal Justice Reform, House Speaker Kris Steele, or any other party for that matter. Upon finding no evidence of criminality, Mr. Muller advised the Oklahoma County District Attorney David Prater of his findings. Mr. Prater immediately became irrational and angry upon learning about the outcomes of Mr. Muller's investigation. Mr. Prater then took the Grand Jury documents into his office, not secured, and later questioned Muller again about his findings, in which Muller again explained expenditures and defended them. It was at that point, Mr. Muller's position within the eyes of the District Attorney drastically changed.

With Mr. Muller's investigation resulting in no evidence of criminal conduct by leaders and organization in the criminal justice reform movement, including the ACLU, *Oklahomans for Criminal Justice Reform*, Kris Steele, Mr. Muller went from being a highly respected member of the office to becoming the target of Mr. Prater's hostility and outrage. Mr. Muller was then excluded from meetings he was routinely invited into, no longer spoken with, and appeared to be forced on the outside of things of the office. Mr. Muller shared these concerns with other investigators and with at least one senior Assistant District Attorney.

On or about January 29, 2019, Mr. Muller briefed the District Attorney about an ongoing political corruption case with the conclusion with the evidence supporting moving forward against the target of the investigation. After which, Prater called two Oklahoma County Sheriff's Deputies into the office where then Prater lost control of himself and began to yell and curse uncontrollably. Prater then order the search of Muller's own bag, took his personal firearm, and kept demanding and cursing at Muller demanding where his other firearms were. Muller asked what was going on and what brought was about, but Prater refused to answer and would only personally berate Muller in front of the First Assistant and others. Mr. Muller was then escorted from the office in front of all of the personnel.

Shortly thereafter, <u>Prater sent an email</u> to the entire Oklahoma County District Attorney's Office stating that Muller was no longer employed and that he was "<u>prohibited from entry</u> to any of our offices or <u>buildings</u>. Any contact from Muller to you should be reported to me immediately. <u>Do not print or forward this message to anyone.</u>" (emphasis added).

Shortly thereafter, Oklahoma County D.A. David Prater, without cause, personally and maliciously sent an email on a statewide listserv (group email) to the Oklahoma Chiefs of Police Association notifying every single police agency that Mr. Muller, many of whom knew Mr. Muller personally as a police officer and Secret Service Agent, had been terminated from his position as an Investigator from the Oklahoma County District Attorney's Office. It is believed that Mr. Prater may have done similar through other law enforcement group emails listservs. The evidence will show that this was not only unprecedented but done only to maliciously interfere with Mr. Muller's ability to obtain future employment.

Mr. Muller was never notified of the reasons for his termination. When given an opportunity for Prater to contest any unemployment compensation for misconduct, he did not.

<u>State Agency Involved</u>: The Oklahoma County District Attorney's Office and the District Attorney David Leonard Prater,[4]. While Oklahoma is a prime example of conservative-led de-incarceration efforts, with voters overwhelmingly supporting a ballot initiative (Oklahoma State Question 780) to change several drug and property felonies into misdemeanors in 2016, Oklahoma County District Attorney David Prater has publicly resisted criminal justice reform at every turn. Mr. Prater has referred to leaders in the criminal justice reform movement as liars and exercises a powerful voice in the District Attorney's Council and the District Attorneys Association. He

---

[4] This Claim is, at this time, against Mr. Prater is made in his official capacity, but his egregious acts exceed the scope of his duties under the law, and the professional responsibility obligations as accorded to attorneys by the Oklahoma Supreme Court, thus there may be a potential claim against Mr. Prater in his personal capacity as well.

supports mandatory minimums for drugs and stated his belief that any reduction in Oklahoma's drug offender prison population will lead to more burglary and theft. Prater supports mandatory minimums for drugs and stated his belief that any reduction in Oklahoma's drug offender prison population will lead to more burglary and theft. He also opposed State Question 780. Prater also continues to actively seek the death penalty (often unsuccessfully, with jurors rejecting it), in a county with a particularly sordid capital punishment history under scandalized former District Attorney who used a fraudulent forensic analyst he called "Black Magic" to construct a "courtroom of death."

**Nature of Injury**: Mr. Muller seeks compensation and damages from the hostile work environment as created by the Oklahoma County District Attorney David L. Prater, the unlawful termination of his employment as an investigator for the Oklahoma County District Attorney's Office, and David L. Prater's malicious and intentional interference in Mr. Muller's future employment opportunities. This termination arose due to Mr. Muller's lawful and moral refusal to pursue a blatantly unlawful investigations of private citizens and "political enemies" after D.A. Prater's gross grand jury abuse and for the tortious interference of Mr. Muller's future employment opportunities in law enforcement with Mr. Prater's malicious and intentional contacting all Oklahoma law enforcement leaders and made.

**Compensation Demanded**: The claimant seeks the statutory limit pursuant to the Government Tort Claims Act $125,000.00. Due to the intentional and malicious acts, punitive damages are also authorized pursuant to 23 O.S. § 9.1. *See also Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, 139 P.3d 897. Please note that an insurer (for either the county or state) may not indemnify the insured for punitive damages awarded against the insured unless awarded for the acts of one for whom the insured is legally responsible under the doctrine of *respondeat superior. Dayton-Hudson Corp. v. American Mutual Liab. Ins. Co.*, 1980 OK 193, 621 P.2d 1155.

**Attorney Authorized to Settle Claim**: Robert D. Gifford, *GIFFORD LAW*, P.L.L.C., P.O. Box 2682, Oklahoma City, Oklahoma 73101; Robert.Gifford@GiffordLawyer.com; (405) 810-5406.

## CONCLUSION

It is requested that this matter be resolved in a fair and equitable matter on behalf of Mr. Muller, in the interests of justice, and in the interests of the Oklahoma taxpayer.

GIFFORD LAW, P.L.L.C.

ROBERT D. GIFFORD, II
Attorney and Founder

PUBLIC NEWS MEDIA ARTICLE ON
OCTOBER 30, 2019, INDICATING
WHISTLEBLOWER FORMER SECRET
SERVICE AGENT HAS IMPLICATED DAVID
PRATER IN UNLAWFUL PROBE OF
PARDON AND PAROLE BOARD

    
The **NEW** ABA Journal App is now available!

Tons of content, yet small enough to fit in your pocket.

Read   Listen   Engage

NEWS    LATEST ISSUE    PODCASTS    COLUMNISTS    MEMBERS WHO INSPIRE    Submit

Home  /  Daily News  /  Investigator claims DA wrongly ordered probe...

PROSECUTORS

# Investigator claims DA wrongly ordered probe of criminal justice reformers

BY DEBRA CASSENS WEISS (HTTPS://WWW.ABAJOURNAL.COM/AUTHORS/4/)

OCTOBER 30, 2019, 10:36 AM CDT





*Photo illustration by Sara Wadford; Shutterstock.com.*

A fired investigator claims that Oklahoma County District Attorney David Prater improperly ordered a probe into supporters of criminal justice reform.

The former investigator, William Muller, contends that he was fired by the DA's office for refusing to continue the illegal investigation, report the Tulsa World (https://www.tulsaworld.com/news/oklahoma-county-da-accused-of-improperly-investigating-leader-of-criminal/article_f21cbd30-ccb3-5645-9bc9-791a043f1ee8.html), the Associated Press (https://apnews.com/d98312c079bc43a1bcd6c3c0a5c2f6c8) and KFOR (https://kfor.com/2019/10/24/former-investigator-drops-bombshell-allegations-against-oklahoma-county-da-david-prater/).

Muller aired the allegations in a notice of claim that is a precursor to a possible wrongful termination suit. The notice was filed last week.

Muller claims that Prater ordered him to obtain a grand jury subpoena to get financial records for Oklahomans for Criminal Justice Reform and Kris Steele, the organization's executive director and former speaker of the Oklahoma House of Representatives, and to obtain donation records for the

investigator claims DA wrongly ordered probe of criminal justice reformers                    10/22/21, 2:15 PM

American Civil Liberties Union.

Muller said he was fired after telling Prater that he found no evidence of criminality.

Prater told KFOR and the Tulsa World that the allegations are "ridiculous," and he denies any wrongdoing. "There is a personal vendetta behind these allegations," he told KFOR.

Prater said he can't go into details because of legal restrictions on revealing why someone may have been terminated. "When I am lawfully able to do so, it will be clear to everyone as to why Mr. Muller was terminated," he told the Tulsa World.

Muller's lawyer, Robert Gifford, said there were no allegations that Muller did anything inappropriate.

## Cookie Use Policy

This website uses cookies to make the website work properly and to provide the most relevant products and services to our members and site visitors.

Give us feedback, share a story tip or update, or report an error.

Yes

     

PRIVACY POLICY

Copyright 2021 American Bar Association. All rights reserved.

EXHIBIT 4

LETTER FROM ATTORNEY NOEL TUCKER
WHO IS ON THE BAR ASSOCIATION
"PROFESSIONAL RESPONSIBILITY
TRIBUNAL" TO DA DAVID PRATER
WARNING HIM THAT ATTORNEYS IN HIS
OFFICE ARE VIOLATING ETHICS,
BACKDATING DOCUMENTS, HAVING EX
PARTE MEETINGS WITH JUDGES, AND
HAD ATTORNEY ALEXANDER BEDNAR
FALSELY ARRESTED

# Noel Tucker Law, PLLC

*Navigating Families Through Transitions*

2964 Via Esperanza
Edmond, Oklahoma 73013
*Focused on the practice of Family, Adoption and Surrogacy Law*

Noel K. Tucker, Attorney                                    Fax #:    (405) 285-8119
Noel@NoelTuckerLaw.com
www.NoelTuckerLaw.com                                   Phone:  (405) 513-5750

June 19, 2019

Mr. David Prater, Esq.
Oklahoma County District Attorney          dprater@okcounty.org
320 Robert S Kerr, #505                    Pmcneill@oklahomacounty.org
Okc., OK 73102

Re:   CJ 2015-192
Alex Bednar

Dear Mr. Prater:

My name is Noel Tucker and I practice family, adoption and surrogacy law.  One of my family law clients has some ancillary issues affecting his ability to maintain the joint custody equal time with his seven year old daughter.  I do not practice in the area of civil litigation or criminal law so please indulge my concerns.  I hope you can educate me to determine if any legal remedies are necessary, including a potential bar grievance for lack of honesty with a court.

I am sure you know my client, Alexander Bednar.  Regardless of his disciplinary issues he has an extremely strong bond with his daughter and she with him.  Ms. Bednar, in cooperation with her attorney, Chris Harper and others, are working hard to separate that relationship.  This effort is being propagated as a result of what appears to be an improper arrest of my client on April 18, 2019.  Ms. Bednar is using this arrest and an allegation of resisting that arrest to support an argument their daughter is in danger in his presence.

Here is what I understand:

1. A Writ was issued on April 18, 2019 in Mr. Bednar's CJ-2015-192 case for failing to appear at a Hearing on Assets scheduled for April 17, 2109 before Judge April Collins.  Mr. Bednar does not appear to have been served notice of this hearing.  In fact, there was no hearing scheduled on Judge Collins' docket for that day.  Please see  docket sheet for April 17, 2019 attached for your reference.  All matters in that case were scheduled for hearing before Judge Hesse on April 19, 2019.  Please see Notice of Hearing filed March 15, 2019, also attached for your reference.  Mr. Bednar advises me he called and confirmed all matters in this case were set over to Judge Hesse in Canadian County...which the attached notice confirms.

Page 1 of  3

I understand my client has an ongoing belief he can not get a fair ruling on many issues and as a result he forces procedural arguments that has resulted in his litigation be convoluted. Therefore, the "fur ball" of his litigation has many moving parts. I can understand how that can make a case difficult to follow procedurally for all those involved. However, that doesn't excuse the lack of notice and procedure that appears to have happened in this case.

2. Mr. Bednar appeared before Judge Collins on April 29, 2019 to have the Writ set aside. I am still curious how she even heard the case when it was not on her docket for the day. Judge Collins advised she was not made aware of Judge Hesse having all matters set on April 19th; she was not aware that my client had a bankruptcy matter, let alone a hearing set in the bankruptcy court on May 29th to stay collection proceedings; my client also advised there was no Return of Service in the court file indicating he had been served the notice of hearing. Interestingly enough, one day later, on April 30, 2019 after my client brought this to the attention of the court, a Return of Service was presented to the bankruptcy court (Defendant's Exhibit 7, also attached) with a date stamp by clerk #04 back dated the filing to March 27, 2019. That Return of Service presented to the bankruptcy court still does not appear in the case file or on OSCN. Even more disturbing or confusing to me is the fact on May 2, 2019 the same Return of Service was finally filed in the case file with the March 27, 2019 date stamp marked out. This time by clerk #37. I have also attached a copy of that document for your review. If an ADA has specifically abused their relationship with the clerks office to back date pleadings, that is clearly an ethical violation and an abuse of process.

3. Here is why these facts matter to my client in his domestic case. As a result of the improper Writ, my client was arrested on April 18, 2019 at 6:45 p.m. and his car was impounded for the HOA. (Remember he had a hearing scheduled in the bankruptcy case for May 29th to stay collection proceedings of which that information would have been provided to Judge Hesse on the April 19th setting.) The arrest occurred on Thursday night before Good Friday which would result in the potential of my client spending Thursday night to Monday morning in jail.

When Mr. Bednar was being handcuffed he asked the arresting officer why he was being arrested. The arresting officer could not tell him. The officer showed him an unsigned warrant on his phone and said that it was still being processed with the judge. Further, when Mr Bednar requested to talk to the duty judge for the weekend he was denied. He also learned the duty judge was his family law judge, Lynne McGuire. Again, remember my client had no knowledge he allegedly missed a court date. He had no knowledge a Writ was issued as explained above. Finally, there is an allegation my client resisted arrest, which he refutes and has witnesses to support. He slipped off the curb and raised his arms to catch himself and the officer subsequently slammed my client onto the hood of the car. However, that is all Ms. Bednar needed to get an emergency custody order and take their daughter away from her Father.

4. On April 29, 2019 Mr. Bednar appeared before Judge Collins. He advised the court he was not provided notice of an April 17, 2019 hearing, that no Return of Service was filed indicating he was served notice, that he had filed a bankruptcy, that all matters in the case before her had been set on April 19th before Judge Hesse, and, that there was a bankruptcy hearing set for May 29th to stay collection proceedings. Consequently, Judge Collins then Set Aside the Writ of Special Execution. Copy attached for your review.

5. To add insult to injury, ADA Aaron Etherington presented an Oder to release my client's appearance bond of $1,000.00 to Judge Kerr on May 13, 2019 which was fourteen (14) days after the

Writ had been set aside. Judge Kerr, likely pro forma signed the Order which was not filed in the case until May 30, 2019.  Further, ADA Etherington did not set this Motion for hearing, provide my client the required 23 days to respond as per Local Court Rule 11, he simply presented an Order for signature and took my client's bond money.

On another note, while attending a review hearing in the domestic case last week I noticed ADA Remillard talking at length with Ms. Bednar and her attorney.  She also observed the proceedings before Judge McGuire.  I was curious why she was there and wanted to know if there was something she needed from my client or if there were other warrants or something we needed to address.  Since it was Friday, I didn't want a repeat performance of "not so good Friday" and if that was the case, I would present my client and have his bondsman process him before the end of the day.  I approached her to inquire and she was extremely rude advising she would not speak with me.  That is not the professional demeanor I would expect of any lawyer, let alone someone representing your office and the County.

Upon review of this information and attached documents I would appreciate the opportunity to sit down with you and determine if we can sort these issues out.  I will be in Tulsa this afternoon through Saturday but am fairly open on Monday.  Please advise if there is a time Monday I can meet with you to discuss the above.

Sincerely,

Noel K. Tucker

Enclosures as noted

CC:   Alex Bednar
       ADA McLastchie at rmcclatchie@okcounty.org



OKLAHOMA
State Courts Network



## Docket for Judge April Collins - Oklahoma County

All Events Scheduled on 04/17/2019.

Generated by the Oklahoma Court Information System on Jun 13 2019 7:15AM

### Wednesday, April 17, 2019 at 1:30 PM

**1**   **TR-2015-30522**   Case Assigned to: Pipes, Robert Trent        State of Oklahoma v. ARRIAGA, GAYLE LYNN
RULE 8 HEARING (RL8 )
ARRIAGA, GAYLE LYNN

1. DRIVING OPERATING WITHOUT BEING LICENSED, 47 O.S. 6-303(B)

**2**   **TR-2013-21968**   Case Assigned to: Pipes, Robert Trent        State of Oklahoma v. BOLDING, FRANK
RULE 8 HEARING (RL8 )
BOLDING, FRANK

1. OPERATING MV WITHOUT BEING LICENSED OR WITH EXPIRED DL, 47 O.S. 6-303(A)

**3**   **TR-2004-16585**   Case Assigned to: Hall, Russell D.        State of Oklahoma v. Bolding, Frank./CA-09-1444
RULE 8 HEARING (RL8 )
Bolding, Frank

1. OPERATING MV W/O CURRENT LIC PLATE/Taxes Due State/Improper Tag, 47 O.S. 1151(A)(5)

**4**   **TR-2004-16586**   Case Assigned to: Hall, Russell D.        State of Oklahoma v. Bolding, Frank/CA-09-1444
RULE 8 HEARING (RL8 )
Bolding, Frank

1. FINANCIAL RESPONSIBILITY/SECURITY VERIFICATION, 47 O.S. 7-606(A)

**5**   **TR-2004-16584**   Case Assigned to: Hall, Russell D.        State of Oklahoma v. Bolding, Frank/CA-09-1444
RULE 8 HEARING (RL8 )
Bolding, Frank

1. OPERATING MV WITHOUT BEING LICENSED (EXPIRED), 47 O.S. 6-303(A)

**6**   **CF-2005-2546**   Case Assigned to: Palumbo, Amy        State of Oklahoma v. BRYAN, GAYLE LYNN/CA-98-5199
RULE 8 HEARING (RL8 )
BRYAN, GAYLE LYNN, represented by JONES, JERRY

1. DRUG TRAFFICKING, 63 O.S. 2-401-2-420
2. POSSESSION OF PROCEEDS DERIVED FROM A VIOLATION OF THE UNIFORM CDS ACT, 63 O.S. 2-401-2-420
3. DRIVING UNDER SUSPENSION / DUS, 47 O.S. 6-303(B)
4. OPERATING MV W/O CURRENT LIC PLATE/Taxes Due State/Improper Tag, 47 O.S. 1151(A)(5)
5. FINANCIAL RESPONSIBILITY/SECURITY VERIFICATION, 47 O.S. 7-606(A)
(PROFESSIONAL BOND Bond: $52,500.00 on count #7)
(RECOGNIZANCE BOND Bond: $52,500.00 on count #7)

**7**   **CF-2006-937**   Case Assigned to: Palumbo, Amy        State of Oklahoma v. BRYAN, GAYLE LYNN/CA-98-5199
RULE 8 HEARING (RL8 )
BRYAN, GAYLE LYNN

1. POSSESSION OF CDS/SCHEDULE II/METH, 63 O.S. 2-401-2-420***Prior Convictions***
(RECOGNIZANCE BOND Bond: $6,000.00 on count #7)

**8**   **CM-2008-1428**   Case Assigned to: Hall, Russell D.     STATE OF OKLAHOMA, Plaintiff, v. GAYLE LYNN BRYAN, Defendant.
RULE 8 HEARING (RL8 )
BRYAN, GAYLE LYNN

1. OBTAINING MONEY OR PROPERTY BY MEANS OF A FALSE AND BOGUS
CHECK, 21 O.S. 1521-1541
(SURETY BOND Bond: $2,000.00 on count #?)
(PROFESSIONAL BOND Bond: $2,000.00 on count #?)

**9**   **CM-2014-29**   Case Assigned to: Hall, Russell D.     STATE OF OKLAHOMA, Plaintiff, v. TYLER A KERLEY, Defendant.
RULE 8 HEARING (RL8 )
KERLEY, TYLER A, represented by Oklahoma County Public Defender

1. ATTEMPTING TO OBTAIN MONEY BY TRICK OR DECEPTION, 21 O.S. 1541.1 &
1541.2

**10**   **CF-2017-3029**   Case Assigned to: Coleman, Kendra     STATE OF OKLAHOMA, Plaintiff, v. TYLER A KERLEY, Defendant.
RULE 8 HEARING (RL8 )
KERLEY, TYLER A

1. BURGLARY - SECOND DEGREE, 21 O.S. 1435
2. CONCEALING STOLEN PROPERTY, 21 O.S. 1713(A)

**11**   **CF-2017-4169**   Case Assigned to: Coleman, Kendra     STATE OF OKLAHOMA, Plaintiff, v. TYLER A KERLEY, Defendant.
RULE 8 HEARING (RL8 )
KERLEY, TYLER A

1. MAKING A FALSE DECLARATION OF OWNERSHIP TO A PAWNBROKER, 59 O.S.
1512(C)(2)
2. LARCENY OF MERCHANDISE FROM A REATILER, 21 O.S. 1701-1706,1731

**12**   **CF-2012-6219**   Case Assigned to: Coleman, Kendra     STATE OF OKLAHOMA, Plaintiff, v. TYLER A KERLEY,CA-13-980
RULE 8 HEARING (RL8 )                                            Defendant.
KERLEY, TYLER A

1. FORGERY IN THE SECOND DEGREE, 21 O.S. 1592
2. FORGERY IN THE SECOND DEGREE, 21 O.S. 1592
3. FORGERY IN THE SECOND DEGREE, 21 O.S. 1592
(PROFESSIONAL BOND Bond: $6,000.00 on count #?)

**13**   **CF-2013-530**   Case Assigned to: Elliott, Ray C.     STATE OF OKLAHOMA, Plaintiff, v. TYLER A KERLEY,CA-13-980
RULE 6 HEARING (RL8 )                                           Defendant.
KERLEY, TYLER A

1. ATTEMPTED LARCENY OF MERCHANDISE FROM A RETAILER, 21 O.S. 1731

**14**   **TR-2014-1967**   Case Assigned to: Croy, James B.     State of Oklahoma v. KERLEY, TYLER ANDREW
RULE 6 HEARING (RL8 )
KERLEY, TYLER ANDREW

1. DRIVING UNDER SUSPENSION / DUS, 47 O.S. 6-303(B)

**15**   **CF-2016-5205**   Case Assigned to: Henderson, Timothy R     STATE OF OKLAHOMA, Plaintiff, v. JAY HENRY MARSHALL, Defendant,
RULE 8 HEARING (RL8 )                                                and CHANCE ALEXANDER GULLEDGE, Defendant.
MARSHALL, JAY HENRY, represented by CRAWLEY, PATRICK

1. POSSESSION OF STOLEN PROPERTY, 21 O.S. 1713.A
(SURETY BOND Bond: $5,000.00 on count #?)
(RECOGNIZANCE BOND Bond: $0.00 on count #?)

**16**   **TR-2014-2006**   Case Assigned to: Croy, James B.     State of Oklahoma v. MARSHALL, JAY HENRY JR
RULE 8 HEARING (RL8 )
MARSHALL, JAY HENRY JR

1. OPERATING MV W/O CURRENT LIC PLATE/Taxes Due State/Improper Tag, 47
O.S. 1151(A)(5)

**17**   **TR-2014-2007**   Case Assigned to: Croy, James B.     State of Oklahoma v. MARSHALL, JAY HENRY JR
RULE 8 HEARING (RL8 )
MARSHALL, JAY HENRY JR

1. FAILURE TO COMPLY WITH COMPULSORY INSURANCE LAW OR FAILURE TO
PRODUCE SECURITY VERIFICATION FORM, 47 O.S. 7-602.1, 7-606(A)1

18  **TR-2014-2008**   Case Assigned to: Croy, James B.          State of Oklahoma v. MARSHALL, JAY HENRY JR
RULE 8 HEARING (RL8 )
MARSHALL, JAY HENRY JR

1. OPERATING MV WITHOUT BEING LICENSED OR WITH EXPIRED DL, 47 O.S. 6-303(A)

19  **TR-2015-25742**   Case Assigned to: Croy, James B.          State of Oklahoma v. MARSHALL, JAY HENRY JR
RULE 8 HEARING (RL8 )
MARSHALL, JAY HENRY JR

1. DEFECTIVE VEHICLE, IMPROPER EQUIPMENT OR VEHICLE WINDSHIELD OR WINDOWS OBSTRUCTED, 47 O.S. 12-101, 12-405, 12-422

20  **TR-2015-28742**   Case Assigned to: Croy, James B.          State of Oklahoma v. MARSHALL, JAY HENRY JR
RULE 8 HEARING (RL8 )
MARSHALL, JAY HENRY JR

1. OPERATING MV WITHOUT BEING LICENSED OR WITH EXPIRED DL, 47 O.S. 6-101(A)(D), 6-303(A)

21  **TR-2015-28743**   Case Assigned to: Croy, James B.          State of Oklahoma v. MARSHALL, JAY HENRY JR
RULE 8 HEARING (RL8 )
MARSHALL, JAY HENRY JR

1. FAILURE TO COMPLY WITH COMPULSORY INSURANCE LAW OR FAILURE TO PRODUCE SECURITY VERIFICATION FORM, 47 O.S. 7-602.1, 7-606(A)1

22  **TR-2015-28744**   Case Assigned to: Croy, James B.          State of Oklahoma v. MARSHALL, JAY HENRY JR
RULE 8 HEARING (RL8 )
MARSHALL, JAY HENRY JR

1. FOLLOWING TOO CLOSELY, 47 O.S. 11-310(a)(b)(c)(d)

23  **TR-2015-28931**   Case Assigned to: Croy, James B.          State of Oklahoma v. MCMORRIS, LESLIE ANN
RULE 8 HEARING (RL8 )
MCMORRIS, LESLIE ANN

1. FAIL TO OBTAIN REGISTRATION AND TITLE WITHIN 30 DAYS OF PURCHASE OF USED VEHICLE, 47 O.S. 1161

24  **TR-2015-28932**   Case Assigned to: Croy, James B.          State of Oklahoma v. MCMORRIS, LESLIE ANN
RULE 8 HEARING (RL8 )
MCMORRIS, LESLIE ANN

1. FAILURE TO COMPLY WITH COMPULSORY INSURANCE LAW OR FAILURE TO PRODUCE SECURITY VERIFICATION FORM, 47 O.S. 7-602.1, 7-606(A)1

25  **TR-2015-28933**   Case Assigned to: Croy, James B.          State of Oklahoma v. MCMORRIS, LESLIE ANN
RULE 8 HEARING (RL8 )
MCMORRIS, LESLIE ANN

1. DRIVING UNDER SUSPENSION / DUS, 47 O.S. 6-303(B)

26  **TR-2007-11570**   Case Assigned to: Hall, Russell D.          State of Oklahoma v. Mcpherson, Deaunte R/CA-08-720
RULE 8 HEARING (RL8 )
Mcpherson, Deaunte R

1. DRIVING UNDER SUSPENSION / DUS, 47 O.S. 6-303(B)

27  **TR-2007-11571**   Case Assigned to: Hall, Russell D.          State of Oklahoma v. Mcpherson, Deaunte R/CA-08-720
RULE 8 HEARING (RL8 )
Mcpherson, Deaunte R

1. FINANCIAL RESPONSIBILITY/SECURITY VERIFICATION, 47 O.S. 7-606(A)

28  **CF-2014-3990**   Case Assigned to: Henderson, Timothy R          STATE OF OKLAHOMA, Plaintiff, v. DEAUNTE R MCPHERSON, Defendant.
RULE 8 HEARING (RL8 )
MCPHERSON, DEAUNTE R

1. POSSESSION OF A CDS WITH INTENT TO DISTRIBUTE - MARIJUANA, 63 O.S. 2-401-2-420
2. DRIVING WHILE PRIVILEGE SUSPENDED, 47 O.S. 6-303(B)
(PROFESSIONAL BOND Bond: $2,000.00 on count #?)

**29** **TR-2012-24756**   Case Assigned to: Croy, James B.   State of Oklahoma v. MCPHERSON, DEAUNTE ROMAINE
RULE 8 HEARING (RL8)
MCPHERSON, DEAUNTE ROMAINE

1. FAIL TO PROPERLY WEAR SEATBELT (DRIVER), 47 O.S. 12-417(A)

**30** **TR-2012-24757**   Case Assigned to: Croy, James B.   State of Oklahoma v. MCPHERSON, DEAUNTE ROMAINE
RULE 8 HEARING (RL8)
MCPHERSON, DEAUNTE ROMAINE

1. OPERATE VEHICLE WITHOUT A VALID DL, 47 O.S. 6-303(A)

**31** **TR-2007-15999**   Case Assigned to: Hall, Russell D.   State of Oklahoma v. Mcpherson, Deaunte Romaine/CA-08-720
RULE 8 HEARING (RL8)
Mcpherson, Deaunte Romaine

1. DRIVING UNDER SUSPENSION / DUS, 47 O.S. 6-303(B)

**32** **CF-2015-5625**   Case Assigned to: Coyle, Heather   STATE OF OKLAHOMA, Plaintiff, v. DAWNA JO MORECRAFT, Defendant.
RULE 8 HEARING (RL8)
MORECRAFT, DAWNA JO

1. POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE - METH, 63 O.S.
2-401-2-420
2. POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE - MARIJUANA, 63
O.S. 2-401-2-420
(PROFESSIONAL BOND Bond: $4,000.00 on count #?)
(PROFESSIONAL BOND Bond: $2,000.00 on count #?)

**33** **TR-2019-2121**   Case Assigned to: Pipes, Robert Trent   State of Oklahoma v. PATE, JEFFREY RAYMOND
RULE 8 HEARING (RL8)
PATE, JEFFREY RAYMOND

1. OTHER REGISTRATION / TITLE VIOLATIONS, 47 O.S. 1151

**34** **TR-2018-10088**   Case Assigned to: Pipes, Robert Trent   State of Oklahoma v. SWIGART, JESSICA DANIELLE
RULE 8 HEARING (RL8)
SWIGART, JESSICA DANIELLE

1. DRIVING UNDER SUSPENSION / DUS, 47 O.S. 6-303(B)

**35** **TR-2018-10089**   Case Assigned to: Pipes, Robert Trent   State of Oklahoma v. SWIGART, JESSICA DANIELLE
RULE 8 HEARING (RL8)
SWIGART, JESSICA DANIELLE

1. FAILURE TO COMPLY WITH COMPULSORY INSURANCE LAW OR FAILURE TO
PRODUCE SECURITY VERIFICATION FORM, 47 O.S. 7-602.1, 7-606(A)1

**36** **TR-2018-10090**   Case Assigned to: Pipes, Robert Trent   State of Oklahoma v. SWIGART, JESSICA DANIELLE
RULE 8 HEARING (RL8)
SWIGART, JESSICA DANIELLE

1. IMPROPER ENTRY/EXIT - FAIL TO PAY TOLL - OTHER TURNPIKE VIOLATIONS,
47 O.S. 11-1401(A)(B)

**37** **CF-2016-3244**   Case Assigned to: Mai, Natalie   STATE OF OKLAHOMA, Plaintiff, v. JESSICA DANIELLE SWIGARTH,
RULE 8 HEARING (RL8)   Defendant.
SWIGARTH, JESSICA DANIELLE, represented by KEMETHER, REDMOND P

1. FORGERY IN THE SECOND DEGREE, 21 O.S. 1561-1628
(PROFESSIONAL BOND Bond: $2,000.00 on count #?)

**38** **CF-2004-1433**   Case Assigned to: Mai, Natalie   STATE OF OKLAHOMA, Plaintiff, v. Teresa Rae Wesley,/CA-04-5432
RULE 8 HEARING (RL8)   Defendant.
Wesley, Teresa Rae, represented by HENSON, WARREN

1. POSSESSION OF A CDS "METH" SCHED II, 63 O.S. 2-401-2-420
2. POSSESSION OF PARAPHERNALIA, 63 O.S. 2-405
(PROFESSIONAL BOND Bond: $3,500.00 on count #?)

End of transmission.

*1 0 4 2 9 3 2 7 1 2 *

DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| RCB BANK, | ) | |
| Plaintiff, | ) | |
| v | ) | |
| | ) | Case No.: CJ-2015-192 |
| ALEXANDER BEDNAR, ET AL. | ) | |
| Defendants, | ) | |
| | ) | |
| ALEXANDER BEDNAR, | ) | |
| Cross-Plaintiff, | ) | FILED IN DISTRICT COURT OKLAHOMA COUNTY |
| v | ) | |
| | ) | MAR 15 2013 |
| FRANKLIN AMERICAN MORTGAGE; | ) | RICK WARREN |
| BAER TIMBERLAKE, P.C.; | ) | COURT CLERK |
| JENNIFER BYLER, an individual; | ) | 00_____ |
| RICK WARREN, Oklahoma County | ) | |
| Court Clerk; P.D. TAYOR, Oklahoma | ) | |
| County Sheriff, et al | ) | |
| | ) | |
| Cross-Defendants. | ) | |

## NOTICE OF HEARING AND TRIAL

All pending motions will be heard by the Court on April 19, 2019 at 9:00am in El Reno at the Canadian County Courthouse before the Honorable Paul Hesse.

The Scheduling Order setting the pre-trial conference and trial for contempt entered by the Court this date is attached as Exhibit "1" hereto.

Respectfully Submitted,

DAVID W. PRATER
DISTRICT ATTORNEY

Rodney J. Heggy (OBA 4049)

1

Carri A. Remillard (OBA 21539)
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
rod.heggy@oklahomacounty.org
carri.remillard@oklahomacounty.org
ATTORNEYS FOR RICK WARREN, OKLAHOMA
COUNTY COURT CLERK, SHERIFF PD TAYLOR
and COURTROOM DEPUTY CLERK JENNIFER
BYLER

CERTIFICATE OF DELIVERY

On this 5th day of March, 2019, the foregoing was mailed
postage prepaid to all counsel of record including:

Alexander Bednar
Bednar Law Firm
15721 Via Bella
Oklahoma City, OK 73013
CROSS-PETITIONER *PRO SE*

Don Timberlake
Baer & Timberlake, PC
PO Box 18486
Oklahoma City, OK 73154-0486
sally@baer-timberlake.com
ATTORNEY FOR FRANKLIN AMERICAN MORTGAGE CO.

2

Kyle Goodwin
Lee, Goodwin, Lee, Lewis & Dobson
1300 E. 9th, Suite 1
Edmond, OK  73034
405-330-0118
405-330-0767
kgoodwin@edmondlawoffice.com
ATTORNEY FOR RCB BANK

Rev, 9/00

**IN THE DISTRICT COURT OF CANADIAN COUNTY**
**STATE OF OKLAHOMA**

~~KCB Fank~~
VS. ~~Plaintiff~~

CASE NO. ~~CJ-15-170~~
OK Co. Case

~~Alex Becker~~
~~Defendant~~

**SCHEDULING ORDER**

THIS ORDER is entered this _____ day of _____, 20_____.Counsel have discussed their respective need for adequate discovery time, complexity of legal issues to be addressed, and their caseload in arriving at this agreed Scheduling Order.

**IT IS ORDERED THAT THE FOLLOWING MUST BE COMPLETED WITHIN THE TIME FIXED:**

1. JOINDER OF ADDITIONAL PARTIES and AMENDMENT TO THE PLEADINGS: Must be filed no later than 30 days after the date of the Scheduling Order, unless otherwise approved by the Court
2. DISCOVERY: Completed (answered) by Pretrial unless otherwise agreed and approved by the Court
3. FINAL LIST OF WITNESSES AND EXHIBITS: Parties shall exchange witness and exhibit lists not later than 30 days prior to the Pretrial; Additional witnesses and exhibits shall be stricken by the Court, absent extraordinary circumstances. Intent to use demonstrative evidence shall be disclosed.
4. ALL MOTIONS INCLUDING DISPOSITIVE MOTIONS: Filed 45 days prior to and decided prior to Pretrial.
5. MOTIONS IN LIMINE: Served no later than 5 days prior to trial; Set for hearing and decided no later than the Friday before trial, unless otherwise directed by the Court
6. RULINGS ON OBJECTIONS TO TRIAL DEPOSITIONS (Local Rule 18): Parties shall provide Designation of Deposition Testimony to opposing parties no later than 40 days prior to trial; Objections shall be served no later than 30 days before trial; Set for hearing and decided no later than 20 days prior to trial.
7. OBJECTION TO EXPERT TESTIMONY: Objections to expert witnesses shall be included in the Pretrial Conference Order; The Court will set a briefing schedule and a hearing date at the Pretrial
8. MEDIATION: Completed by Pretrial Conference, unless otherwise approved by the Court.
9. PRETRIAL CONFERENCE DATE & TIME: ~~8-19-19 @ 9:30 AM~~
10. JURY: __/__ NON-JURY: _____ Party requesting jury trial shall immediately pay jury costs [28 O.S. § 152.1].
11. TRIAL DATE: ~~9-9-19 @ 9:00 AM~~
12. REQUESTED JURY INTRUCTIONS: A complete set in usable form, including verdict forms, must be provided 5 days prior to trial, along with a disk containing the required instructions.
13. TRIAL BRIEF/PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW: As requested by the Court.
14. PRETRIAL CONFERENCE ORDER: Agreed to and delivered to the Court at Pretrial. DO NOT file the unsigned original Pretrial Conference Order with the Court Clerk.

IT IS FURTHER ORDERED: Failure to comply with the requirements set forth in paragraphs 4,5,6&7 waives the legal issue or objection. All exhibits must be exchanged and marked 10 days before trial. If exhibits are not exchanged 10 days before trial, they will not be allowed at trial. This schedule may be modified only upon written motion in compliance with Rule 20, for good cause shown and by Order of this Court prior to the dates scheduled. Failure to comply with this Order may result in sanctions pursuant to Rule 5 (J) of the Rules of the District Courts. FAILURE TO APPEAR AT PRETRIAL CONFERENCE MAY RESULT IN THE ENTRY OF A DEFAULT JUDGMENT OR DISMISSAL ORDER AS DEEMED APPROPRIATE BY THIS COURT, WITHOUT FURTHER NOTICE TO THE PARTIES.

_____
Attorney for Plaintiff(s)

JUDGE OF THE DISTRICT COURT
_____
Attorney for Defendant(s)

(405) 507-7102
Telephone Number

DEFENDANT'S EXHIBIT 1

Telephone Number

BAP Appeal No. 18-99      Docket No. 73-8      Filed: 04/30/2019        Page: 1 of 1

DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

RCB BANK,
               Plaintiff,

v

ALEXANDER BEDNAR, ET AL.

               Defendants,

ALEXANDER BEDNAR,

               Cross-Plaintiff,

v

FRANKLIN AMERICAN MORTGAGE;
BAER TIMBERLAKE, P.C.;
JENNIFER BYLER, an individual;
RICK WARREN, Oklahoma County
Court Clerk; P.D. TAYOR, Oklahoma
County Sheriff, THE BOARD OF
COUNTY COMMISSIONERS OF
THE COUNTY OF OKLAHOMA,

               Cross-Defendants.

Case No.: CJ-2015-192

## RETURN OF SERVICE OF ORDER TO APPEAR AND ANSWER AS TO ASSETS, APPLICATION FOR HEARING ON ASSETS, TO ANSWER INTERROGATORIES AND FORBIDDING A TRANSFER OR OTHER DISPOSITION OF PROPERTY

On the 27th day March , 2019, I received the Order to Appear and Answer as to Assets, Application for Hearing on Assets, to Answer Interrogatories and Forbidding a Transfer or Other Disposition of Property, a copy of which is attached hereto, and served the same in person upon Alexander Bednar in Oklahoma County on the 27th day March , 2019, at 8:58 am.



DEFENDANT'S EXHIBIT

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

MAR 27 2019

RICK WARREN
COURT CLERK

04

RCB BANK,

Plaintiff,

v

ALEXANDER BEDNAR, ET AL.

Defendants,

ALEXANDER BEDNAR,

Cross-Plaintiff,

v

FRANKLIN AMERICAN MORTGAGE;
BAER TIMBERLAKE, P.C.;
JENNIFER BYLER, an individual;
RICK WARREN, Oklahoma County
Court Clerk; P.D. TAYOR, Oklahoma
County Sheriff, THE BOARD OF
COUNTY COMMISSIONERS OF
THE COUNTY OF OKLAHOMA,

Cross-Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: CJ-2015-192

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY - 2 2019

RICK WARREN
COURT CLERK

37

## RETURN OF SERVICE OF ORDER TO APPEAR AND ANSWER AS TO ASSETS, APPLICATION FOR HEARING ON ASSETS, TO ANSWER INTERROGATORIES AND FORBIDDING A TRANSFER OR OTHER DISPOSITION OF PROPERTY

On the 27th day March, 2019, I received the Order to Appear and Answer as to Assets, Application for Hearing on Assets, to Answer Interrogatories and Forbidding a Transfer or Other Disposition of Property, a copy of which is attached hereto, and served the same in person upon Alexander Bednar in Oklahoma County on the 27th day March, 2019, at 8:58 am.

_Mike Sano_
Ok. C. D.A. INVESTIGATOR

*1043662205*

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR 29 2019

RICK WARREN
COURT CLERK
47__________

RCB BANK,
Plaintiff,
vs.

ALEXANDER BEDNAR, ET AL.
Defendants,
ALEXANDER BEDNAR,
Cross-Plaintiff,
vs.
FRANKLIN AMERICAN MORTGAGE;
BAER TIMBERLAKE, P.C., ET AL.
Cross-Defendants.

Case No.: CJ-2015-192

## ORDER SETTING ASIDE WRIT OF SPECIAL EXECUTION

THIS MATTER COMES before the Court on April 29, 2019. Previously, on April 18, 2019, this Court entered an Order for Issuance of Writ of Special Execution in the above styled cause of action. The Defendant, Mr. Bednar, filed an application to set aside said writ and appeared before this court, together with opposing counsel on April 29, 2019. Based on the testimony of Mr. Bednar that the seized vehicle is his only vehicle, the Writ of Special Execution is hereby set aside. Based on this Court's observation of opposing counsel's inability to proceed on the hearing on assets this date due to illness, the hearing on assets is hereby continued to June 5, 2019 before Judge Pipes at 9am.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Writ of Special Execution entered on April 18, 2019 is hereby set aside and the Oklahoma County Sheriff shall immediately release the vehicle seized pursuant to the aforementioned Writ.

It is so ORDERED!!

APRIL D. COLLINS
SPECIAL JUDGE

```
*1043891641*
```

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY

MAY 30 2019

RICK WARREN
COURT CLERK

40_____

| | | |
|---|---|---|
| RCB BANK,<br>        Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.    CJ-2015-192 |
| | ) | |
| ALEXANDER BEDNAR, et al.,<br>        Defendants, | ) | |
| | ) | |
| ALEXANDER BEDNAR,<br>        Cross-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANKLIN AMERICAN<br>MORTGAGE, et al.<br>        Cross-Defendants. | ) | |

## ORDER TO DISPERSE FUNDS HELD BY COURT CLERK

TO THE OKLAHOMA COUNTY COURT CLERK:

WHEREAS, the Court Clerk is holding the sum of $1,000.00 in the above styled and numbered

cause, and

WHEREAS, the Court has determined that Oklahoma County is entitled to the funds.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Clerk of

the Court is Ordered to disburse the funds held by the Oklahoma County Clerk to Oklahoma County in

the amount of $1,000.00.

_____ 5/13/19
JUDGE OF THE DISTRICT COURT

APPROVED AS TO FORM:

_____
AARON ETHERINGTON, OBA # 18,259
ASSISTANT DISTRICT ATTORNEY
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
Phone: (405) 713-1600
Fax: (405) 713-1749
aaron.etherington@oklahomacounty.org

1

# EXHIBIT 5

LETTER FROM ATTORNEY MARK MYLES
TO DA DAVID PRATER WARNING HIM
THAT ATTORNEYS IN HIS OFFICE HAVE
VIOLATED ETHICS AND THE LAW WITH
RESPECT TO VICTIM ALEX BEDNAR, AND
HAVE UNLAWFULLY REPRESENTED
COURT CLERK EMPLOYEES FOR
VIOLATING THEIR STATUTORY DUTIES

TELEPHONE:
405-466-5290
405-525-0777

**M. MARK MYLES**
A PROFESSIONAL CORPORATION
ATTORNEY AND COUNSELOR AT LAW
HENRED LAW CENTER
4312 N. CLASSEN BLVD.
OKLAHOMA CITY, OK 73118-5032
mm_myles@outlook.com

TELEFAX:

405-557-0777

April 22, 2021

Mr. David Prater,
District Attorney
320 Robert S. Kerr, Room 505
Oklahoma City OK 73102

Dear Mr. Prater:

Respectfully, I request to meet with you to discuss a matter of concern regarding Alex Bednar which I do not know how to otherwise address.

19 O.S. § 215.25 (A), in part, states as follows:

> Except as otherwise provided in this section, in the event an action is brought against a county employee in any civil action or special proceeding in the courts of this state or of the United States by reason of any act done or omitted in good faith in the course of employment, it is the duty of the district attorney for that county, when requested in writing by the employee, to appear and defend the action or proceeding in his behalf. ...

Clearly, statutory authority is conferred on the district attorney's office to defend a county official in the course of their employment.

However, 19 O.S. § 215.25 (B), distinctly states as follows:

> The district attorney shall not represent a county employee if that employee did not perform a statutorily required duty and such duty is a basis of the civil action or special proceeding.

Mr. Bednar, whether rightly or wrongly, has made serious allegations against

1

a member or members of the Oklahoma County Court Clerk's office. As such, my read of the statute above would clearly appear to disqualify the Oklahoma County District Attorney's Office from participating in their representation.

Yet, your office's participation in cases involving Mr. Bednar appears to have started after Mr. Bednar accused a court clerk employee of violating her duty to properly post OSCN docket entries in a case or cases involving Bednar pursuant to 12 O.S. §§22-38. Since then it appears that ADA's from your office have participated in actions, including but not limited to:

1. (arguably) improperly representing court clerk employees; and,
2. (arguably) playing a role in Bednar's arrest on Good Friday of 2019; and,
3. filing motions without leave to intervene in two Bednar foreclosures cases; and,
4. filing motions without leave to intervene in Bednar's divorce case; and,
5. improperly (because they had no statutory authority) seeking and receiving sanctions in Bednar's foreclosure cases; and,
6. playing a role in Bednar's arrest on September 6, 2019; and,
7. intervening as creditors (for arguably invalid sanctions) in Bednar's bankruptcy case; and,
8. appealing the bankruptcy court's order to the Tenth Circuit Bankruptcy Appellate Panel (BAP); and,
9. previously filing a document of questionable provenance (Doc. 73-8) in Case 18-99 before the Tenth Circuit BAP on April 30, 2019; and,
10. filing motions for contempt against Mr. Bednar; and,
11. seizing cash bonds posted on Bednar's behalf.

Similar to the parallel theory of the fruit of the poisonous tree, the adverse actions impacting Mr. Bednar stem from the arguably improper representation of court clerks by your office, and in an ideal world, would be excluded or stricken.

Rob McClatchie and I had discussed the potential of a meeting with you to discuss a global resolution of Bednar's issues, but it didn't happen before he left your office.

If you are open to it, I would still like to discuss the potential of dismissing the Bankruptcy appellate action, returning his cash bonds, and resolving the other matters before the court, and dismissing the participation of your office in his civil matters.

Sincerely,

M. Mark Myles

<u>AFFIDAVIT</u>

I, M. Mark Myles, am an attorney in good standing in the State of Oklahoma; I now represent Alexander Bednar in CM-2019-1723 (Oklahoma County), and as an officer of the court, I state the following is true and correct to my knowledge and belief.

1. In an attempt to become familiar with the case below and its appellate posture (being handled pro se by Mr. Bednar), I sought to procure the November 25, 2019, (11/25/19) Order from Judge Henderson in CM-2019-1723.

2. I contacted Judge Timothy Henderson's office by phone on Monday, December 2, 2019, and inquired as to the availability of a copy of the Order he had signed on 11/25/19.

3. His clerk told me that there was not a copy available in his office and they believed that the Court Clerk had it. I thanked her and hung up.

4. The OSCN docket sheet showed that prior to December 5, 2019, Judge Henderson's 11/25/19 Order existed but was not available.

5. I know that Mr. Bednar attempted on November 27, 2019 and again on December 2, 2019, December 3, 2019, and December 4, 2019, to have the Court Clerk make a copy of Judge Henderson's 11/25/19 Order, so he could have a certified copy made for purposes of his appeal.

6. I went to court with Mr. Bednar on December 5, 2019, for the call docket in CM-2019-1723, which was set for trial the following Monday.

7. I filed my entry of appearance that same day, December 5, 2019 in CM-2019-1723.

8. The District Attorney was prepared and argued on that day (December 5, 2019) that Mr. Bednar was out of time in filing his original action with the Court of Criminal Appeals regarding forum non conveniens and recusal of Judge Walke (which I found very interesting because the DA seemed to know that Mr. Bednar had not received a copy of the final order).

9. Prior to my entry of appearance on December 5, 2019, Mr. Bednar had filed a notice with the Court that he had not received Judge Henderson's 11/25/19 Order until December 3, 2019.

10. Regardless, the case was continued for two reasons.  1) I had a prior medical procedure set for the trial date, and 2) Judge Walke, out of an abundance of caution, gave Mr. Bednar the benefit of the doubt to file his original action.

## VERIFICATION

STATE OF OKLAHOMA        )
                              ) SS

COUNTY OF OKLAHOMA       )

     M. Mark Myles, being of lawful age and first being duly sworn upon oath, states that he has read the above and foregoing document and the facts and matters set forth therein are true and correct to the best of his knowledge and belief.

_____
Signature

Subscribed and sworn to before me this 22 day of _JANUARY_____, 2020.

_____
Notary Public

ATEFEH BORGHEI
Notary Public, State of Oklahoma
Commission # 15004351
Commission Expires May 07, 2023

My commission expires: _05/07/2023_

DocketUserID

DocketRecordDate 11/25/2019 16:56 OSCN\JenniferDunn

ScanUserID OSCN\RobbieHorton

ScanDate 12/4/2019 16:37

DocketText ORDER/JUDGE HENDERSON

DocketDate 11/25/2019

Pages 3

Status Scanned

DocketCode

CaseNumber CM-2019-1723 O

Barcode 1044431836

# EXHIBIT 6

PUBLIC NEWS MEDIA ARTICLE MARCH
26 2021 RAY ELLIOTT, DAVID PRATER,
ATTORNEY GENERAL, SUPREME COURT
CHIEF JUSTICE AND COUNCIL ON
JUDICIAL COMPLAINTS ARE INVOLVED
TOGETHER IN JUDGE TIMOTHY
HENDERSON MATTER





# Amid sexual misconduct investigation, Judge Tim Henderson suspended

By **Tres Savage** - *Friday, March 26, 2021*



*Oklahoma County District Court Judge Tim Henderson was suspended Friday, March 26, 2021, and told a fellow judge he would be resigning.*
*(Henderson photo: Paul Monies / Oklahoma Watch)*

Support Journalism

Oklahoma County District Court Judge Tim Henderson has been suspended and is being investigated for sexual assault and misconduct against female prosecutors and defense attorneys, according to District Attorney David Prater.

Prater said a female assistant district attorney in his office came to him with allegations against Henderson on Tuesday, March 9. He said at least one more female assistant district attorney subsequently alleged misconduct by Henderson.

"I became aware that Tim Henderson was alleged to have sexually assaulted one of my lawyers. I immediately began to investigate and asked that he be suspended," Prater said. "I've now learned that there are at least three young women who have appeared in cases (in front of Henderson), not just from my office, who are all alleging the same thing. So we are actively involved in a sexual assault criminal investigation against Judge Henderson."

Presiding Oklahoma County District Court Judge Ray Elliott issued an order (embedded below) suspending Henderson this morning, and Elliot told NonDoc that he spoke with Henderson before doing so and that Henderson said he would be resigning. Gov. Kevin Stitt's chief of communications said Henderson's resignation letter was received the Monday after the original publication of this story.

"It has been my privilege and honor to serve as a district judge," Henderson wrote to Jari Askins, Oklahoma's administrative director of the courts. "You have been so kind to me and helpful in my career. I have learned a great deal from you. God bless you and your family and keep safe."

Henderson's letter is dated Thursday, March 25, but Askins said at 3 p.m. Friday, March 26, that she had not received a letter from Henderson. In the letter ultimately received by the governor's office, Henderson wrote that his resignation would be effective Monday, April 5.

Elliott said Henderson, who has been his vice presiding judge, had been handling about 2,500 active cases, a number similar to all district court judges in the state's largest county. In Oklahoma County, district judges rotate monthly to fill the position of "chief judge," and Henderson had held the title in March. Henderson has also been the presiding judge over the state's past two multi-county grand juries.

"I have had conversations with the Supreme Court, and they are going to provide me as much help as I need to cover the dockets," Elliott said. "As presiding judge, starting Monday, I will have to start to get some of our colleagues to cover — either myself or some of the other judges in the building will have to cover — but there will be no pause in the cases. They will move as if he was still here because there will be a judge covering his cases. There will be no lapse or pause in the covering of his cases."

## Prater to ask for attorney general's assistance



*Oklahoma County District Attorney David Prater answers questions during the Court on the Judiciary trial of District Judge Kendra Coleman on Tuesday, Sept. 1, 2020. (Screenshot)*

Prater said no member of his office has been suspended or reprimanded in relation to this matter, and he said he expects that more women will be coming forward with allegations against Henderson.

"We are at the very beginning of this process. I don't anticipate it will be done overnight," he said. "This is going to be a thorough investigation, and I will certainly be asking for the assistance of the

attorney general's office in how we move forward and will be moving forward in a thorough, fair and appropriate manner for all parties."

Prater said he has seen no evidence to support rumors that members of his office were engaged in consensual sexual relationships with Henderson.

"I have evaluated the conduct of those in my office and find no wrongdoing on their part, but we will continue to evaluate — as we always do — any further information that comes to my attention," Prater said. "Because this is an ongoing investigation, we will address issues as we become aware of them. And further our investigation until we get to what we believe is the truth from all sides of it, and if that involves that there has been preferential treatment involved in this, then obviously those will be things we will end up investigating as well, including opening up investigations into prior cases that have been heard before this judge."

Asked what he would say to county residents who might look at this situation and question the validity of the criminal justice system as a result, Prater said he pursues all cases in the same manner.

"That's why I do what I do. Whether it is a judge or a police officer or someone in any other station in life, we are going to treat them all fairly, investigate them appropriately, pursue charges when appropriate," Prater said. "I want people to be assured that there are those of us in the criminal justice system that take the terms 'true justice' and 'equal justice' seriously. That's why as soon as I determined that there was an issue with this judge that I immediately took action."

Asked the same question, Elliott said he sees no reason not to trust the criminal justice system.

"I have seen nothing to cause me to fear that anyone has anything to worry about," Elliott said. "It's my understanding that the allegations have nothing to do with the content of any specific case, and because of that no one should have concerns [or] a lack of confidence in the system."

## Background on Judge Tim Henderson

Henderson was an officer in the Edmond Police Department for five years before attending Oklahoma City University law school, from which he graduated in 1987. He served an assistant in the Oklahoma County District Attorney's Office under Bob Macy from 1987 to 1994, before entering private practice.

In 2012 Gov. Mary Fallin appointed Henderson district judge to fill the seat left by retiring District Judge Daniel L. Owens. Henderson was elected to a full term as district judge in 2014 and faced no opposition in his 2018 re-election bid.

Elliott, the county's current presiding judge, and Henderson were colleagues in the DA's office. Elliott served as an assistant district attorney from 1980 to 1998, and he has been rumored as a potential 2022 Oklahoma County district attorney candidate to succeed Prater, who has said he is not seeking re-election.

Henderson becomes the second Oklahoma County district judge to be investigated for unethical actions and alleged legal violations in recent years. In 2020, the Court on the Judiciary removed Kendra Coleman as District Judge following a three-week trial. Nolan Clay of The Oklahoman first reported the news about Henderson on Friday, and his story said the Council on Judicial Complaints is also investigating Henderson and the situation at large.

In addition to his duties as vice presiding judge of Oklahoma County District Court, Henderson had served as the presiding judge for the state's multi-county grand jury for its past two empanelings. The multi-county grand jury's 2018 final report is posted here.

"It is our understanding that the chief justice of the Oklahoma Supreme Court will address the issue of naming a multicounty grand jury judge," said Alex Gerszewski, communications director for Attorney General Mike Hunter.

Gerszewski said the multi-county grand jury is set to meet April 6-8, May 4-6 and June 1-3. State and district attorneys use the multi-county grand jury to investigate and bring indictments in complicated criminal cases.

Calls to Henderson's office at the Oklahoma County Courthouse went to voicemail Friday.

## Judge Ray Elliott order on Judge Tim Henderson

AO-2021-5

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 2 6 2021

RICK W. WARREN
COURT CLERK

44.........

IN RE:    SUSPENSION FROM          }
          SUPERVISORY DUTIES        }    AO7-2021-05

## ADMINISTRATIVE ORDER

*(Amending AO7-2020-42)*

Effective immediately, Judge Timothy Henderson, is suspended from supervision of Oklahoma County Special Judges for forty-five (45) days from the date of this Order. During this suspension, the undersigned will supervise the Oklahoma County Special Judges serving in the downtown Courthouse.

*IT IS SO ORDERED.*

Dated this 26th day of March, 2021.

RAY C. ELLIOTT
PRESIDING ADMINISTRATIVE JUDGE

*(Provided)*

(**Update:** *This article was updated at 11 a.m. Monday, March 29, to include reference to Henderson's resignation letter being received by the governor's office.*)

Support Journalism

# EXHIBIT 6A

PUBLIC NEWS MEDIA ARTICLE MARCH
26 2021 THAT SUPREME COURT CHIEF
JUSTICE AND COUNCIL ON JUDICIAL
COMPLAINTS IS INVOLVED IN JUDGE
TIMOTHY HENDERSON MATTER



# THE OKLAHOMAN

**NEWS**

# Oklahoma County judge resigns after allegations of sexual misconduct

**Nolan Clay** Oklahoman

Published 10:58 a.m. CT March 26, 2021 | Updated 5:33 p.m. CT March 26, 2021

Oklahoma County District Judge Tim Henderson abruptly resigned Friday after three female attorneys accused him of sexual misconduct.

His resignation is effective April 5.

Henderson, a former prosecutor and Edmond police officer, also has been suspended from conducting any court proceedings.

He declined to comment on the accusations Friday and said he was resigning "for the best interest of the county and my family."

An investigation that could lead to criminal charges is already underway.

Oklahoma County District Attorney David Prater confirmed Friday that he has been aggressively pursing an investigation since the information came to his attention a week and a half ago.

The prosecutor said three female attorneys have come forward and "made serious sexual assault allegations against the judge that we are actively pursuing."

All three attorneys have tried cases before Henderson. The accusations involve meetings with the married judge in his private chambers at the courthouse.

The Council on Judicial Complaints also has been looking into accusations about Henderson, The Oklahoman has learned.

Henderson, 62, was well-liked at the Oklahoma County courthouse. He has been a district judge since July 2012 and has presided over some of the state's most highly publicized criminal trials.

In 2015, he oversaw the jury trial for a fired Oklahoma City police officer who was found guilty of sexually assaulting women while on duty and off. The former officer, Daniel Holtzclaw, is serving a 263-year prison sentence for crimes involving eight victims.

Oklahoma County's presiding judge, Ray C. Elliott, suspended Henderson Friday morning.

Later Friday, the Oklahoma Supreme Court's chief justice relieved Henderson from all duties as the presiding judge of the state's multicounty grand jury. Taking over the duties effectively immediately is Paul Hesse, a Canadian County district judge.

Grand jurors meet one to three days a month in Oklahoma City to hear testimony and deliberate whether to issue indictments. They are scheduled to meet next on April 6-8.

# EXHIBIT _6 B_.

PUBLIC NEWS MEDIA ARTICLE ON
NOVEMBER 5, 2019, INDICATING THE
<u>ATTORNEY GENERAL OF OKLAHOMA</u>
<u>HAS SIDED WITH DAVID PRATER</u>,
INSTEAD OF VICTIM/WHISTLEBLOWER
FORMER SECRET SERVICE AGENT
WITHOUT INDICATION THAT THE
ATTORNEY GENERAL HAS MET WITH OR
INVESTIGATED MULLER'S CONCERNS

# Oklahoma AG's Office Responds To Claims DA Abused Power, Wrongfully Terminated Investigator

Tuesday, November 5th 2019, 10:31 pm

By: Bonnie Campo

Join the conversation ( )



The Oklahoma Attorney General's Office has responded to claims that Oklahoma County District Attorney David Prater abused his power during an alleged investigation. This comes shortly after a **lawsuit was filed against DA Prater** by his now former lead investigator.

## Trending Articles


Nowata Head Football Coach Steps Down After
💬 9


OSBI: Mother And Son Arrested In Wyoming In
💬 1


1 Dead, 1 Injured After Alec Baldwin Discharges
💬 7


Manslaughter Conviction Of 21-Year-Old Oklahoma
💬 32


Former Secretary Of State Colin Powell Dies At 84
💬 17

More Like This

 

MENU

Oklahoma AG's Office Responds To Claims DA Abused Power, Wrongfully Terminated Investigato...



Feels Like 74°



**'Unfathomable': Creek Co. 7-Year-Old Found Dead Was Att...**

💬 13 comments



**Nowata Head Football Coach Steps Down After Fight Break...**

💬 9 comments

When Muller shared his findings, he said, Prater "immediately became irrational and angry" and fired him.

"I have the truth on my side. I have the law on my side, and I have the facts on my side," said Gifford.

Prater has called the claims ridiculous but did not elaborate further.

Gifford said he and Prater have a long and complicated history, and that he asked AG Hunter's office to get involved, fearing there could be retaliation against his client.

The AG's office notes a subpoena is "subject to judicial review prior to issuance." They also note that in this case the DA "made the decision not to seek an indictment...".

There were also initial allegations of wiretapping involving Pottawatomie and Lincoln County DA Allan Grub as part of the Kris Steele investigation. But the AG's office says there was "no request" for that, and Grubb denies the request was ever made.

Gifford and his client said they are acting as whistleblowers, letting others know they could be investigated without cause.

"A DA such as David Prater can conduct a unilateral investigation with no probable cause, no reasonable suspicion," said Gifford.

Gifford said ultimately, the lawsuit could end up in federal court.

","published":"2019-11-06T04:31:56.000Z","updated":"2019-11-06T04:30:47.000Z","summary":"The Oklahoma Attorney General's Office has responded to claims that Oklahoma County District Attorney David Prater abused his power during an alleged investigation. This comes shortly after a lawsuit was filed against DA Prater by his now former lead inve","af-filiate":{"_id":"5cc353fe1c9d440000d3b70f","callSign":"kwtv","origin":"https://www.news9.com"},"content-Class":"news","createdAt":"2020-01-31T18:11:31.330Z","updatedAt":"2020-03-31T17:17:46.540Z","__v":1,"show":true,"link":"/story/5e346dd3527dcf49dad6dcfd/oklahoma-ags-office-responds-to-claims-da-abused-power-wrongfully-terminated-investigator","hasSchedule":false,"id":"5e346dd3527dcf49dad6dcfd"};

The Oklahoma Attorney General's Office has responded to claims that Okla...



▶ Go On a Real Vacation ⬈

BY **GO RVING**

Real Food. Real Shows. #RealVacation #GoRVing



▶ **Okmulgee County Therapy Services Using Horses To Achieve Mental Health Goals**

Johnny Resendiz

By using horses as a form of therapy, Kimberly Whayne of Overcross Coun...



▶ **Tulsa Parks Master Plan Continues With Input From Residents**

Mallory Thomas

The Tulsa Parks Department continues to work on master plan while receiving



▶ **Gathering Place To Relaunch Downtown Shuttle Program**



### Amazon to Pay Full College Tuition for Front-Line Employees ⧉

By Amazon

$15/hr + Healthcare + Paid Family Leave + Free College Tuition. We're doing more for our employees. And we won't stop.

News On 6

The Gathering Place is relaunching its

free shuttle from downtown Tulsa to

## Top Headlines



▶ **FDA Is Calling A Recent Drug Shortage An Urgent Public Health Crisis**

News On 6

Dozens of life-saving prescription

drugs are in short supply, forcing doc-



▶ **COVID-19 Cases Rising In Many Countries Around The World**

News On 6

Other countries in the world are still

hitting record COVID-19 numbers as



**Aikman Surprises Henryetta Students, Announces Music Festival Headliner**

Amy Slanchik

Pro Football Hall of Famer Troy Aik-

man went back to his Henryetta roots

**Congress Working On Bill To Create Transparency In The Live Cattle Market**

Alex Cameron

The Cattle Contract Library Act of

2021, cosponsored by Cheyenne Re-

EXHIBIT _7_

LETTER TO GOV STITT FROM MOTHER
OF DAUGHTER RAPED BY DISTRICT
ATTORNEY PRATER'S DA IN CHARGE OF
SEX CRIMES (GAYLAND GIEGGER)

THE GOVERNOR'S OFFICE SET UP A
MEETING WITH HER, EARLIER THIS
YEAR, THEN TOLD HER THIS WAS
TURNED OVER TO THE OSBI, BUT THE
OSBI HAS NOT CONTACTED THIS VICTIM

Governor J. Kevin Stitt
2300 North Lincoln
Suite 212
Oklahoma City, OK 73105

RE:     My daughter, a minor, was sexually assaulted by OK Co DA Gayland Gieger's son;
        Request you expand the OSBI investigation into Judge Henderson's inappropriate
        relationship with the DA's office and the Attorney General's office in overseeing
        grand jury, by personally asking the FBI to be involved, given the fact DOJ opened
        up a case

Dear Governor Stitt:

My daughter is a beautiful girl, who was number three in the country in Sprint Kayak in her
category, slated to be on the Olympic Kayaking team.  Those dreams and her self identify were
taken from her.  She was sexually assaulted by a young man, while at her girl friend's house.  The
young man is her friend's male cousin, who for some reason was spending the night at his female
cousin's house.

I confronted my daughter's friend's father, Shawn Gieger, about what happened regarding his
nephew assaulting my child.  He told me words to the effect: "do you know who his dad is – he is
about to run for office soon" The perpetrator is OK Co DA Gayland Gieger's son.  We went to the
Edmond Police, trusting law enforcement would properly investigate.

Strange things occurred.  The "investigation" was moved to Cleveland County.   A forensic
interview was done at the Mary Abbott House.  The recording of my child's forensic interview was
"lost" and the Edmond police is calling it a case of "hand holding."  Inaccurate statements keep
being touted, and the Edmond police investigator, has refused to learn the names of three other
young ladies who have been sexually assaulted also by the DA's son.  Two years have passed.

I have been refused a copy of the forensic interview, and now learned that Gieger's wife's friend
is the Director of Nursing at Mary Abbott, which explains why the "investigation" was magically
moved from OK Co to Cleveland County.  Certain persons were allowed to watch the interview,
without us knowing who they were.  There is no doubt in my mind that either Gieger or someone
reporting to him communicated my child's forensic interview to him.  The AG has taken over the
2 year old "investigation" and told me last week it may be dropping the case.

I have read concerns from other victims that Judge Henderson has fostered corruption between
the DA, AG, and Law Enforcement.  I am concerned that Gieger also handles children sex crimes
and that for the past two years the people "investigating" and performing the forensic interview
are beholden to the DA, and are creating false narratives about my daughter's sexual assault.

We are concerned that for years, the environment fostered by Judge Henderson, the DA, the AG,
has been morally and procedurally corrupt, and is protecting Gieger's son.  This system is unable
to investigate itself.  It seems a hard task for OSBI to investigate sister law enforcement. The OSBI
website mentions the FBI, but has a full blank page on that.

I believe more women other than my child and the three other girls we know of, will be harmed by Gieger's son.

My child has gone from representing our Country to considering suicide. I would appreciate the opportunity to meet with you at your earliest convenience. Please expand the OSBI investigation and involve the FBI, so my child and other daughters receive justice and protection. I am attaching documents support this letter.


Thank you for your leadership,

Teresa Anderson

 (http://www.ok.gov)

MENU



(/)

 (https://www.facebook.com/Oklahoma-State-Bureau-of-Investigation-Authorized-Page-143857662330099/)

 (https://www.instagram.com/osbi_ok/)  (https://twitter.com/OSBI_OK)

 (https://www.youtube.com/channel/UCSG4QarX6yJwnGsIrlHKv1Q)

 (/)     About      Employment      News and Publications      (/)

Services      CHIRP      How Do I...?      Contact OSBI (/contact)

# Frequently Asked Questions - FBI

Sexual Assault Kit Tracking (/faq-page/5681)

SDA (/faq-page/4766)

Forensic Science Center (/faq-page/5651)

General Questions (/faq-page/5641)

Evidence Packaging & Submittal (/faq-page/5161)

Firearms & Toolmarks (/faq-page/5401)

Forensic Biology (/faq-page/5421)

Forensic Toxicology (/faq-page/5406)

Expungement (/faq-page/5031)

Criminal History (/faq-page/5026)

Court Forms (/faq-page/5516)

General (/faq-page/3396)

**OSBI CONFIDENTIAL TIPLINE   1-800-522-8017   |   tips@osbi.ok.gov (mailto:tips@osbi.ok.gov)**

About (http://www.about.ok.gov/)     Accessibility (/accessibility)     Contact Us (http://www.ok.gov/about/contactus.html)     Help Desk (http://www.ok.gov/helpdesk.php)

Policies (http://www.ok.gov/policy_disclaimers.html)

Copyright © 2021 State of Oklahoma

λ

# EXHIBIT 7 A

# PROOF FROM EDMOND POLICE DA DAVID PRATER HIMSELF WAS PERSONALLY INVOLVED IN MOVING THE INVESTIGATION TO A DIFFERENT COUNTY

**From:** Teresa Anderson <teresa041@earthlink.net>
**Date:** June 29, 2021 at 4:24:35 PM CDT
**To:** Jimmy Gwartney <Jimmy.Gwartney@edmondok.com>
**Subject: Re: Case 2018-00058486**

Thank you for your response.  And was it Cleveland County  DA office, DA Prater or someone at Edmond PD who requested Nicole go to Abbott House for forensic interview?

Sent from my iPhone

On Jun 28, 2021, at 8:24 PM, Jimmy Gwartney <Jimmy.Gwartney@edmondok.com> wrote:

I do not have any official documents. I was informed in person by DA Prater that the Cleveland County DA would be handling it and not his office.

You would have to check with DA Prater on their procedures to see if there is any documents.

Det. Gwartney

On Jun 28, 2021, at 4:54 PM, Teresa Anderson <teresa041@earthlink.net> wrote:

Detective Gwartney-  Can you please provide me the official documents that were submitted and approved that allowed  this case/investigation  to change jurisdiction from Oklahoma  County to Cleveland County?

Respectfully
Teresa Anderson

Sent from my iPhone

On Apr 14, 2020, at 9:44 AM, Teresa Anderson <teresa041@earthlink.net> wrote:

Thank you for information.  Can you remind me who directed you to have Nicole go to Mary Abbott for her interview?  I remember you saying that you were not familiar with them yourself?
Thank you again- Teresa Anderson

Sent from my iPhone

On Apr 13, 2020, at 4:16 PM, Jimmy Gwartney <Jimmy.Gwartney@edmondok.com> wrote:

Det. Gwartney


-----Original Message-----
From: Teresa Anderson <teresa041@earthlink.net>
Sent: Monday, April 13, 2020 3:25 PM
To: Jimmy Gwartney <Jimmy.Gwartney@edmondok.com>
Cc: contact.epd.chiefofpolice@edmond.com
Subject: Re: Case 2018-00058486

Detective Gwartney- Nicole is now 18 and would like to get a copy of her
interview notes from interview at Abbott House in Norman.  Can she request that
from you?  We have contacted Abbott House but have not had a response. Or
does she need to request this from Cleveland County DA office?   As you
remember , the video where she described sexual assault by Jackson Gieger
was lost on day of interview.
Thank you - Teresa Anderson

Sent from my iPhone

On Aug 27, 2019, at 3:59 PM, Jimmy Gwartney
<Jimmy.Gwartney@edmondok.com> wrote:

I do not keep notes. I am not sure about officer Duncan, you would have to check
with her.

-----Original Message-----
From: Teresa Anderson <teresa041@earthlink.net>
Sent: Tuesday, August 27, 2019 3:57 PM
To: Jimmy Gwartney <Jimmy.Gwartney@edmondok.com>
Subject: Case 2018-00058486

Good Afternoon- I have the EPD Compact report regarding my daughter, Nicole
Anderson.  Is there a way I can get Officer Duncan's notes from our initial
report?  Would I also be able to get copies of your interview notes and the Mary
Abbott interview?  Would I be able to request these at the records window at the
Edmond Police Department?

Thank you for your time.
Respectfully,
Teresa Anderson

I found my previous email that I has sent you from when I contacted the Cleveland County DA about this issue. They advised that they do not release Forensic Interview Reports. I also attached the email for reference.

Thanks,

Det. Gwartney


-----Original Message-----
From: Jimmy Gwartney
Sent: Tuesday, October 23, 2018 3:54 PM
To: Teresa Anderson <teresa041@earthlink.net>
Subject: RE: Nicole Anderson

Mrs. Anderson-

The Cleveland County DA advised that they do not release the Forensic Interview reports, which is a standard commonly upheld in these cases.

In regards to your question about the forensic interviewer recording the wrong room, in Oklahoma County we do not record any of the Forensic interviews of victims who are over the age of 13.  The fact that she had recorded the wrong room had no bearing on our standard practice of not recording her interview since she is sixteen years old.

It is not uncommon for initial reports to have fewer details or a summary of the victim's statement since they will later be interviewed forensically. Once a case is forwarded to CID for follow up and further investigation additional details are often revealed of the incident.

You would have to contact the school and speak to Mr. Rose to see if they still have the video of that incident.

I did not interview everyone that Jackson or Nicole had talked to about this incident and only the people who were present at the time of the alleged incident or directly involved. Alex and Trevor were both interviewed since they were directly involved with this case in some form.

I cannot speak for the Cleveland County Distance Attorney's office, if you would like to discuss the case further with them they can be reached at 405-321-8268.  The case was presented to DA Greg Mashburn, ADA Jennifer Austin, and ADA Christy Miller.

EMAIL FROM CLEVELAND COUNTY DA
THAT DAVID PRATER HIMSELF WAS IN
CHARGE OF THE INVESTIGATION, AND
IN HAVING IT MOVED TO CLEVELAND
COUNTY – THE MOTHER IS TOLD TO
CONTACT DAVID PRATER IF SHE HAS
ANY QUESTIONS.  TO THIS DAY, PRATER
HAS NOT RETURNED HER CALLS

**From:** Teresa Anderson <teresa041@earthlink.net>
**Date:** September 29, 2021 at 11:56:24 AM CDT
**To:** "Miller, Christy" <Christy.Miller@dac.state.ok.us>
**Cc:** jennifer.austin@dac.state.ok.us, d21majorcrimes@dac.state.ok.us, d21da@dac.state.ok.us
**Subject: Re: N. Anderson - Sexual Assault**

Good morning, please see previous requests below.  Thank you

Teresa Anderson
Sent from my iPhone

On Aug 26, 2021, at 2:10 PM, Teresa Anderson <teresa041@earthlink.net> wrote:

Following up- can you ask DA Mashburn if he was in the room when case was reviewed by your office.  If you can not ask, how can I reach DA  Mashburn and I will ask him myself. Thank you - Teresa Anderson

Sent from my iPhone

On Aug 17, 2021, at 8:32 PM, Teresa Anderson <teresa041@earthlink.net> wrote:

Ms. Miller - please see my questions below from July.  Thank you - Teresa Anderson

Sent from my iPhone

On Jul 15, 2021, at 3:04 PM, Teresa Anderson <teresa041@earthlink.net> wrote:

Ms. Miller - May I get a response to my inquiry below dates July 8th?  Thank you - Teresa Anderson

Sent from my iPhone

On Jul 8, 2021, at 9:08 AM, Teresa Anderson <teresa041@earthlink.net> wrote:

Is there a way that you can ask him?  Or if there a way I can ask him directly?  I would think he would remember a case involving OK County ADA Giegers son assaulting a 16 year old girl.  Also- are you still unable to

provide the forensic interview from Mary Abbott House to my daughter, the victim?

Teresa Anderson

Sent from my iPhone

On Jul 8, 2021, at 8:32 AM, Miller, Christy <Christy.Miller@dac.state.ok.us> wrote:

Ms. Anderson, as it was over two years ago since I staffed this case, I don't remember whether Mr. Mashburn was present during the staffing of this case with the detective or not.

Christy Miller
Assistant District Attorney

**From:** Teresa Anderson <teresa041@earthlink.net> **Sent:** Wednesday, July 7, 2021 5:32 PM **To:** Miller, Christy <Christy.Miller@dac.state.ok.us> **Subject:** Re: N. Anderson - Sexual Assault

Ms. Miller - I had also asked and wanted to confirm if DA Mashburn was present for the review of case with Edmond Detectives and was part of the decision making process.

Thank you - Teresa Anderson
Sent from my iPhone

On Jul 7, 2021, at 1:51 PM, Miller, Christy <Christy.Miller@dac.state.ok.us> wrote:

Ms. Anderson,

To the best of my recollection it was an oral request by David Prater for

us to review the charge, therefore I don't believe there was anything in writing.  We declined the charge after reviewing the complete investigation and did not feel additional investigation would assist with our decision.  Please feel free to contact David Prater's office if you need more information.


Christy Miller
Assistant District Attorney



**From:** Teresa Anderson <teresa041@earthlink.net>  **Sent:** Wednesday, July 7, 2021 1:40 PM **To:** D21 Major Crimes <D21MajorCrimes@dac.state.ok.us> **Cc:** Miller, Christy <Christy.Miller@dac.state.ok.us>; Anderson, Lori <Lori.Anderson@dac.state.ok.us>; Austin, Jennifer <Jennifer.Austin@dac.state.ok.us> **Subject:** Re: N. Anderson - Sexual Assault

Good afternoon- please see message below.  Thank you - Teresa Anderson
Sent from my iPhone



On Jul 1, 2021, at 11:25 AM, Teresa Anderson <teresa041@earthlink.net> wrote:
Ms. Miller or Ms. Austin- please see message/request below .  Thank you-

Begin forwarded message:
**From:** Teresa Anderson <teresa041@earthlink.net>
**Date:** June 29, 2021 at 11:15:04 AM CDT
**To:** "Miller, Christy" <Christy.Miller@dac.state.ok.us>
**Subject: Re: N. Anderson - Sexual Assault**
Ms. Miller - When we spoke last year regarding your review of my daughters sexual assault case by Jackson Gieger, you mentioned that both you and Jennifer Austin were the ones that heard the case information from Edmond Police Detective Gwartney and Lt Demoss,. Was

DIstrict Attorney Mashburn included in that meeting and the decision to not ask for any additional witnesses, details or clarification which ended with your decision to not press charges against Jackson Gieger?  How was your office asked to handle this case?  Was there an official request from OK County DA Prater?  May I have a copy of that request or what was filed/ processed to have this investigation be decided upon by your office?
Thank you - Teresa Anderson

Sent from my iPhone

On May 21, 2020, at 12:04 PM, Teresa Anderson <teresa041@earthlink.net> wrote:

Thank you for the response .   I am sorry if I missed your message. I am available to talk today at 4 or tomorrow, Friday , at 11 or 3 .
Cell-
405-202-8246 .
Teresa Anderson

Sent from my iPhone

On May 21, 2020, at 8:20 AM, Miller, Christy <Christy.Miller@dac.state.ok.us> wrote:

Ms. Anderson,

I attempted to contact you last week regarding this matter.  I couldn't find a phone number in any of your e-mail correspondence, so I called the number listed in the police report for you and left a message.  Please send me a good number to contact you and I will be happy to give you a call.

Christy Miller
Assistant District Attorney
Cleveland County


-----Original Message-----
From: Anderson, Lori <Lori.Anderson@dac.state.ok.us>
Sent: Thursday, May 21, 2020 8:13 AM
To: Austin, Jennifer <Jennifer.Austin@dac.state.ok.us>; Miller, Christy <Christy.Miller@dac.state.ok.us>

Subject: FW: N. Anderson - Sexual Assault

-----Original Message-----
From: Teresa Anderson <teresa041@earthlink.net>
Sent: Wednesday, May 20, 2020 5:08 PM
To: Anderson, Lori <Lori.Anderson@dac.state.ok.us>
Cc: D21 DA <D21DA@dac.state.ok.us>
Subject: Re: N. Anderson - Sexual Assault

Good evening- it has now been 3 weeks since I originally reached out
regarding my daughters sexual assault case involving Jackson Gieger, son
of Oklahoma County ADA , Gayland Gieger.   Do you need addition
information from me or my daughter?  Looking forward to your response
regarding the complaint and assistance in getting a copy of Mary Abbott
report.   Thank you -
Teresa Anderson

On May 11, 2020, at 11:18 AM, Teresa Anderson
<teresa041@earthlink.net> wrote:

Good Morning- it has been almost 2'weeks since I first reached out to
Cleveland County DA office.   Could you please update me on the status of
my request? Thank you - Teresa Anderson

Sent from my iPhone

On May 1, 2020, at 6:06 PM, Anderson, Lori
<Lori.Anderson@dac.state.ok.us> wrote:

Hi Teresa,

Your email was received by our office and someone will be in contact with
you.
Thank you, Lori
_____
From: Teresa Anderson [teresa041@earthlink.net]
Sent: Friday, May 01, 2020 10:32 AM
To: D21 DA
Subject: Fwd: N. Anderson - Sexual Assault

This message has originated from an External Source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email. Please forward to ITSupport@dac.state.ok.us if you believe this e-mail to be suspicious.

_____

Good Morning- I am unsure if earlier email was received by your office.  Please reply so I may know you have received my request for additional information.   Thank you.
Teresa Anderson



Begin forwarded message:

From: Teresa Anderson <teresa041@earthlink.net>
Date: April 29, 2020 at 10:07:02 AM CDT
To: d21da@dac.state.ok.us
Subject: N. Anderson - Sexual Assault

Good Morning- Your office declined my daughters sexual assault case in 2018.  I was only told that your office decided it did not meet the criteria of sexual assault or battery. Can you explain how her case did not meet the criteria?  I feel that the investigation was lacking and that your office should have requested more information and validation before making decision to decline. Nicole has noted several errors in the  police report but was never given the chance to clarify or correct.   The assaulter was Jackson Gieger, son of Oklahoma County ADA Gayland Gieger. I have included the redacted copy of Edmond Police Department report . I am unable to obtain my daughters report from Mary Abbott and ask assistance in acquiring that report my records.
Thank you for your time and look forward to your response.

Teresa Anderson

Begin forwarded message:

From: Teresa Anderson <teresa041@earthlink.net>
Date: April 27, 2020 at 2:25:22 PM CDT
To: Anderson Teresa <teresa.anderson@dignitymemorial.com>
Subject: Fwd:  [Report send secure}

Sent from my iPhone

Begin forwarded message:

From: Stuart Burke <Stuart.Burke@edmondok.com>
Date: April 27, 2020 at 12:59:35 PM CDT
To: "teresa041@earthlink.net" <teresa041@earthlink.net>
Subject: [Report send secure}

Ms. Anderson,

Attached is the report you requested.  FYI- All information related to any
juvenile, other than your daughter, is protected data and has been
redacted.  Please let me know if I can be of further assistance.  Please
reply to this email to confirm receipt.

Thank you.

Stuart Burke | City of Edmond
Police Department – Records
Records Division 405.359.4420 | 100 E. 1st Street. | Edmond, 73034

EXHIBIT 7 B

# LETTER FROM OTHER HENDERSON VICTIM INDICATING DOCUMENTS AT OKLAHOMA COUNTY COURTHOUSE ARE BACKDATED BY JUDGES AND THE COURT CLERK

# KATHY BOX DOYLE

April 19, 2021

Governor Stitt
2300 N. Lincoln
Suite 212
OKC, OK 73105

RE:     Victim Asking for Governor Stitt to request FBI to investigate
Henderson after I exposed Henderson's suspected infidelities

Dear Governor Stitt,

After I discussed on social media my concerns that Judge Timothy Henderson
was having an affair with judge Cindy Truong, under my First Amendment
rights, Judge Henderson manipulated a court document to insert himself in
my foreclosure case, and with that false document caused me to be homeless.

I have concrete evidence Henderson personally retaliated against me, and
directed courthouse sheriffs to try and have charges filed against me. I
believe he influenced Judge Andrews, the foreclosure judge, in his actions.

Judge Henderson categorically denied me the ability to set motions in his
court, denying my due process rights. He manipulated Rule 15 protocols
purposefully, and issued Orders when he should not have.

I also have proof that my divorce judge in Oklahoma County, whom Judge
Henderson has administratively overseen, backdated and switched orders at
the Court clerk, an unethical and criminal act.

My foreclosure involves out of state lenders and financial transactions across
state lines. I know of at least two similar situations at the court house where
Judge Henderson has allowed for mortgage fraud to occur by manipulating
court processes and court documents. I want to speak to an investigator.
Due to questionable interstate financial transactions occurring after
Henderson's actions I feel the FBI should investigate Henderson's bad acts.

Yours respectfully,

Kathy Box Doyle

STATE OF OKLAHOMA                    )
                                     ) ss.
COUNTY OF OKLAHOMA                   )

### AFFIDAVIT

I Kathy Doyle, being duly sworn hereby depose and state the following, that I am over the age of 21 and I have personal knowledge of the following:

1) In exercising my First Amendment rights to protest in front of the Oklahoma County Courthouse between March 2018 and November 2018, briefly returning the first week of January 2019, I spoke with many Oklahoma County Citizens.

2) While I was protesting, a white woman approached me and told me her daughter had just appeared in front of Judge Elliott for sentencing, and had her hair in corn rows.

3) The woman told me that in open court, Judge Elliott pointed to her daughter's corn rows said to her daughter, "so you wanna be a "nigger." Judge Elliott asked how many cornrows she had, she answered 20 and that is how many years he gave her.

4) The woman was extremely disturbed, and I put her comments on my website.

This I swear

_Kathy Box Doyle_
Kathy Box Doyle

### NOTARY ATTESTATION

On this date appeared _Kathy Box Doyle_, who presented proper identification and confirmed that the statements above are true and accurate to the best of her knowledge

Date: _3-30-21_   Notary _BR_   My commission expires _4-18-24_

Stamp:

BRAN REESE
NOTARY
# 16003896
EXP 04/18/24
PUBLIC
STATE OF OKLAHOMA

# EXHIBIT 7C

Governor Kevin Stitt
2300 N. Lincoln, Suite 200
Oklahoma City OK 73105

VICTIM REQUEST FOR FBI TO INVESTIGATE GAILAN GIEGER
TIMOTHY HENDERSON, AND LORI MCCONNELL JOINT ACTIONS

April 19, 2021

Dear Governor Stitt,

I am writing this letter to let you know I contacted the OSBI and attempted to set up an appointment with the investigator for Judge Henderson. After contacting them by phone, I was contacted by phone by a Mr. Marty Wilson of the OSBI. I have learned since that he was not the actual investigator. I am extremely concerned the OSBI will not thoroughly investigate the injustice that has occurred to my son in Oklahoma County.

My son is an adult who is diagnosed with Autism. He is tall. He was admitted to the psychiatric hospital Oakwood Springs, which law enforcement took him to, to evaluate and keep him from being around other people. Before he got there, Oakwood Springs received a fax and a phone call describing his symptoms; he was hallucinating, making crazy sexual statements, hearing voices and seeing things that weren't there. Oakwood Springs admitted him with those conditions. I faxed Oakwood Springs his medication and told them not to give him certain ones that he reacts to. I have learned since then that the doctor in charge got mad that I, his legal guardian, told her what medications my son can and cannot take. Instead of transferring him to a hospital emergency room and stabilizing him for his psychotic state, Oakwood Springs called 911 and accused him of sexually assaulting a woman who came on to him, who is not a clinician.

My son was not in any state of mind to know he was committing a crime. Gayland Gieger of the DA's office had access to my son's medical records proving he was in a psychotic state while in the Emergency Department of Oakwood springs. Gieger also had access to the interview of my son on May 12, 2017 in the Oklahoma County Jail, where my son said he had no idea why he was in there and what he had done. Even with proof of no mens rea, Gieger approved the filing of sexual assault charges on my son! The case is OK Co. Case CF-2017-3084. The DA's office should never file criminal charges against an Autistic person in a psychotic state in the ER of a psychiatric hospital.

Judge Henderson got the case, and Alex Bednar represented my son. Mr. Bednar asked Judge Henderson to recuse in chambers, and told Henderson he was concerned Henderson having an affair with the DA. Henderson refused to recuse. In 2019 I filed a bar complaint against Lori McConnell, because I witnessed her acting inappropriately with Henderson. I told the bar I believed she was involved with Henderson. I filed a Complaint with the Council on Judicial Complaints, telling them Henderson was having an affair. No one in Oklahoma has seemed to care about corruption involving the judicial system and the groups in charge of investigating crimes committed by judges and unethical acts committed by the DA's attorneys. I was personally told by the Oklahoma State Bar General Counsel that they don't investigate Oklahoma District Attorneys in the State of Oklahoma. It's not their job. So whose job is it? Why don't they pass these

complaints to the appropriate authorities instead of dismissing them? Prosecutorial misconduct is a crime.

I know that Mr. Bednar has found the Oklahoma DA's attorneys falsifying documents, backdating documents, meeting privately with judges, and privately texting judges to influence them on cases. I understand he brought the DA's office crimes to the attention of the bar association and the supreme court, as well as the AG. Why has no one done anything about the DA's office criminal conduct?

My son was mercilessly beaten in the Oklahoma County Jail, and Henderson refused to allow me to set a writ of habeas corpus. I even went to Renee Troxell and tried to have her help me set that motion, and she could not get Henderson to set it on his calendar for his court. Lori McConnell refused to turn over discovery and the alleged videos from Oakwood Springs to my attorney. Apparently, the video does not show my son yelling at the woman, nor does it show him trying to touch her. Even if he had, he was psychotic – that's why he was there! A psychotic person cannot commit a crime and should not have been charged. A thorough investigation after my repeated requests and complaints was refused/denied.

I have recently learned that Judge Henderson was having sex with multiple DA's and that several of them invited him to their houses. I have learned that the Council on Judicial Complaints may have received a video of Henderson having sex at the house of one of the DA's claiming sexual assault named Carson Turner, and that her husband, an attorney, may have submitted that complaint to the Council. I understand Ms. Turner was Justice Lumpkin's clerk. I learned that Lori McConnell has claimed she was sexually assaulted by Henderson. My son and I have been through the most unethical system of law I have ever seen.

My son's case should never have been approved by Gaylan Gieger, who should know what the concept of mens rea is. My son should never have been in the Oklahoma County Jail and been repeatedly beaten by other inmates.

I understand that the DA's office texts judges and may have compromised thousands of cases by influencing judges to lean toward prosecution.

The Oklahoma County Jail had to be taken over by the federal government because of corruption and inappropriate leadership. Maybe the same thing should happen with the court system and the justice system in Oklahoma.

I am concerned that Gieger may have communicated with law enforcement prior to my son arriving at Oakwood and that my son was set up. The reason I think that is the timing of Gieger's approval of charges, and the fact that the doctor documented concerns about transferring my son to Mercy the day after the event, when a police investigator first came out, not the day of the arrest. I know Henderson has been accused of meeting privately with law enforcement and helping the DA's office with prosecuting crimes, and that Henderson himself was a police officer. We live in Lincoln County, and it makes no sense that my son was taken all the way to OKC.

Please ask federal law enforcement to investigate Gieger's questionable actions with Judge Henderson with respect to my son, as well as Henderson's actions with law enforcement, and Henderson's actions with DA Lori McConnell.

Please ask the FBI to investigate, and for the OSBI to provide the FBI all of its findings. These are serious allegations requiring proper investigation.

Thank you so much.
Respectfully submitted,

Albana Rose Josephine Jones

## Affidavit

State of Oklahoma                )
                                 )      of _Alberta Rose Jones_
_Oklahoma_ County,              )

_Alberta Rose Jones_ of lawful age, being first duly sworn, deposes and says as follows

1) On June 28, 2017, Oklahoma County District Attorney David Prater and Assistant District Attorney Daniel Pond filed an application for Writ of Habeas Corpus AD Prosequendum.

2) Per the docket the Writ of Habeas Corpus AD Prosequendum was presented to the Court but never returned to the Court signed by a judge. My son, Ryan, was never taken before any judge just "kidnapped." He never appeared before either Judge Tracey McDaniels or Judge Cindy Ashwood of Lincoln County.

3) Somehow my son appeared in the Oklahoma County Jail with any documentation of being "transported". There is absolutely no proof of what "happened" to him for several days.

4) Even though he had a bond of $5,000.00, Public Defender Sammy Duncan was assigned by Robert Ravitz to represent my son.

5) PD Sammy Duncan saw my son and stated he was not competent to stand trial. My son never appeared before any judge for his competency even though orders were signed by the following judges in the case i.e. Judges Henderson, McCormick and Truong of Oklahoma County.

6) I filed a writ of habeas on July 14, 2017 in the following criminal case i.e. State of Oklahoma vs. Ryan Garrett Jones CJ 2017-3084. The writ was served not only on David Prater, District Attorney for Oklahoma County, but Robert A Ravitz, Public Defender for Oklahoma County, and Judge Timothy Henderson, Judge overseeing the case.

7) My son, Ryan, had been repeatedly beaten in the Oklahoma County Jail and wanted to be transferred or released. He was denied access to the courts and for immediate medical attention.

8) After filing my son's writ of habeas corpus on July 14, 2017 which was properly served, my son was denied a hearing.

9) I was told by the Clerk of the Criminal Court to go see the Court Administrator, Ms. Renee Troxell. She spoke with me at length stating she would speak with Judge Henderson. Nothing happened even though I complained and complained.

10) I complained to everyone. No one would listen to me about my son's horrid living conditions in the Oklahoma County Jail, his denied access to the courts, the Jail's refusal to meet his medical needs, the District Attorney's refusal to prosecute those individuals who repeatedly assaulted my son.

11) I then hired Alex Bednar. My son asked that he recuse the Honorable Judge Henderson. Mr. Bednar listened to my son and filed a motion to recuse. I was present at all hearings in the courtroom of Judge Henderson. I was present when Judge Henderson stated that Mr. Bednar was present even though I told Judge Henderson he was "on his way" from Pottawatomie County. Judge Henderson stated to me in court that the hearing had been stricken yet later he wrote in his minute order that is was "dismissed."

12) I can tell you that Judge Henderson was extremely irritated. I have seen him irritated before many times. It was not the first time.

13) I have seen Judge Mai's order in which she states that there was "no hearing" which makes no sense there was a hearing. I was present for the "in camera" hearing.

# **Affidavit**

State of Oklahoma                    )
_Oklahoma_ County,                   )        of _Alberta ROSE JONES_
                                     )

_Alberta ROSE JONES_, of lawful age, being first duly worn, deposes and says as follows

_See attached_

_____

_____

_____

_____

_____

_____

_____

Subscribed and sworn to before me this ___ day of _____, 20 __

                                                            **Notary Public**

Commission expires _____

State of Oklahoma, County of __Oklahoma__ ss:                    Individual Acknowledgement
     Before me, the undersigned, a Notary Public in and for said County and State on this___ day of
_____, 20 __, personally appeared _____
_____ to me known to be
the identical person who executed the within and foregoing instrument and acknowledged to me that _____
executed the same as _____ free and voluntary act and deed for the use and purpose therein set forth.

Given under my hand and seal of office the day and year last above written.

My commission _____                                    Notary Public

# EXHIBIT 8

FILING BY DA DAVID PRATER'S OFFICE IN FEDERAL COURT, LYING TO THE COURT BY FALSELY STATING EXHIBIT 73-8 (FILE STAMPED MARCH 27 2019 BY COURT CLERK EMPLOYEE "04") IS AN EXISTING DOCUMENT IN CIVIL CASE CJ - 2015 192 IN OKLAHOMA COUNTY

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE TENTH CIRCUIT

| | |
|---|---|
| In re ALEXANDER L. BEDNAR,<br><br>Debtor. | BAP No.   WO-18-099 |
| ALEXANDER L. BEDNAR<br><br>        Plaintiff-Appellant,<br><br>    v.<br><br>RCB BANK, FRANKLIN AMERICAN MORTGAGE COMPANY, FANNIE MAE, and OKLAHOMA COUNTY SHERIFF,<br><br>        Defendants-Appellees. | Bankr. No. 15-11916<br>Adv. No.  18-01096<br>Chapter 7 |

## RESPONSE BY APPELLEES OKLAHOMA COUNTY SHERIFF TO APPELLANT'S APPLICATION FOR EMERGENCY STAY PENDING APPEAL

### INTRODUCTION

On January 22, 2019, long after the sheriff's sales were confirmed in the underlying foreclosure actions (CJ-2015-192 and CJ-2016-5004), the Oklahoma Supreme Court sanctioned Appellant Alexander Bednar ("Bednar") for *his conduct* associated with filing a frivolous Writ of Mandamus/Prohibition and requesting the Oklahoma Supreme Court to assume original jurisdiction over the underlying foreclosure actions. *See* Exhibit 1, January 22, 2019 Order for the Oklahoma Supreme Court.

1

On February 11, 2019, the Oklahoma Supreme Court again sanctioned Bednar for *his conduct* associated with filing yet another frivolous Writ of Mandamus/Prohibition in the foreclosure action in Oklahoma County Case No. CJ-2015-192. *See* Exhibit 2, February 11, 2019 Order of the Oklahoma Supreme Court.[1]  After the Oklahoma Supreme Court granted sanctions, Rick Warren, the duly elected Oklahoma County Court Clerk, and Deputy Courtroom Clerk Jennifer Byler, who are not parties to the adversary proceeding below nor to this appeal, requested the Honorable Paul Hesse to assess monetary sanctions against Bednar, as directed by the Oklahoma Supreme Court.  Therefore, on March 14, 2019, Judge Hesse assessed sanctions against Bednar in the amount of $5,332.50, and entered judgment in favor Oklahoma County Court Clerk Rick Warren and Deputy Courtroom Clerk Jennifer Byler, *for Bednar's conduct* relating to the frivolous Writs. *See* Journal Entry of Judgment Sanctions, attached as Exhibit 3.

In addition to the sanctions ordered by the Oklahoma Supreme Court, on January 25, 2019, Judge Hesse sanctioned Bednar, in the amount of $20,980.00, for *Bednar's conduct* in the underlying foreclosure action (CJ-2015-192). Specifically, Judge Hesse found that Bednar engaged in bad faith and vexatious litigation conduct by filing a frivolous Cross-Petition against Oklahoma County Court Clerk Rick Warren and Deputy Courtroom Clerk Jennifer Byler in the underlying foreclosure action (Oklahoma County

---

[1] Bednar was actually sanctioned a total of five times by the Oklahoma Supreme Court for requesting the Oklahoma Supreme Court to assume original jurisdiction over the foreclosure actions involving his residence. (See MA-117340; MA-11392; MA-117437; MA-117563; and MA-117638).  However, the Oklahoma County Court Clerk Rick Warren and Deputy Courtroom Clerk Jennifer Byler were real parties in interest in only two of the five Writs.

District Court Case No. CJ-2015-192).   Judge Hesse dismissed the Cross-Petition with

prejudice and entered a sanctions judgment in favor of Deputy Courtroom Clerk Jennifer

Byler and Oklahoma County Court Clerk Rick Warren for $20,980.00.   *See* Journal Entry

of Judgment Sanctions, attached as Exhibit 4.

     After obtaining two sanctions judgments, on March 27, 2019, Deputy Courtroom

Clerk Jennifer Byler and Oklahoma County Court Clerk Rick Warren filed an Application

for Hearing on Assets, to Answer Interrogatories and Forbidding Transfer or Other

Disposition of Property for purposes of collecting on the sanctions judgments.   *See* Exhibit

5, Application for Hearing on Assets.   Bednar was ordered to appear at a hearing on April

17, 2019, and answer as to his assets. *See* Exhibit 6, Order to Appear and Answer as to

Assets.  However, despite being personally served with the Application and the Order to

appear, Bednar failed to appear as ordered; therefore, a Bench Warrant was issued for

Bednar's arrest. *See* Exhibit 7, Return of Service; Exhibit 8, Bench Warrant.

     The following day, on April 18, 2019, Deputy Courtroom Clerk Jennifer Byler and

Oklahoma County Court Clerk Rick Warren filed an Application for Post-Judgment Writ

of Special Execution.   *See* Exhibit 9, Application for Post-Judgment Writ.   The Court

granted the Application and directed the Court Clerk to issue a Writ of Execution on

Bednar's vehicle.  *See* Exhibit 10, Order for Post-Judgment Writ.

     That same evening, the Oklahoma County Sheriff executed the Writ, seized

Bednar's vehicle, and arrested Bednar for Indirect Contempt of Court.  During the process,

Bednar resisted arrest, and is now facing criminal prosecution for his actions.  *See* Exhibit

11, Booking Sheet; Exhibit 12, Probable Cause Affidavit.

While Bednar attempts to portray the above as illegal and "draconian actions," the undisputable fact remains Rick Warren, the duly elected Oklahoma County Court Clerk, and Jennifer Byler, Deputy Courtroom Clerk -- who are not parties to the bankruptcy proceedings or this appeal – did nothing wrong. They simply attempted to collect on their sanctions judgments. Understandably, Bednar is upset about having his vehicle seized and being arrested. However, he is the only one to blame for his predicament.

Therefore, for reasons demonstrated below, Bednar's Application for Emergency Stay Pending Appeal (Doc. No. 71) should be denied.

## ARGUMENTS AND AUTHORITIES

### I.   BEDNAR'S MOTION MUST BE DENIED FOR FAILURE TO COMPLY WITH RULE 8007.

As a threshold matter, Bednar's Application for Emergency Stay should be denied because he failed to present it to the bankruptcy court before seeking relief in this Court. *See* Fed. R. Bankr. P. 8007. Rule 8007 provides in pertinent part that "[o]rdinarily, a party must move first in the bankruptcy court for the following relief . . . a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If the request is instead made directly to the court where the appeal is pending, the moving party must show "that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2).

Here, the bankruptcy court could easily consider Bednar's request. In fact, Bednar filed a Motion for Stay before the bankruptcy court on March 15, 2019, and that motion is currently pending before the bankruptcy court. (*See* Doc. 62 in Adversary Case No. 18-

01096). As such, there is no valid reason why Bednar did not first seek relief from the bankruptcy court. In fact, notably absent from Bednar' application is any explanation why moving for a stay in the bankruptcy court would be impracticable. Rule 8007(a) requires that the bankruptcy court be given that opportunity unless doing so would be impracticable. Bednar has wholly failed to demonstrate impracticability. Because Bednar failed to seek relief in the bankruptcy court, Bednar's Application for Emergency Stay should be summarily denied for failure to comply with Rule 8007.

## II. THIS COURT DOES NOT HAVE JURISDICTION OVER OKLAHOMA COUNTY COURT CLERK RICK WARREN AND DEPUTY COURTROOM CLERK JENNIFER BYLER OR THE SANCTIONS JUDGMENTS.

Oklahoma County Court Clerk Rick Warren and Deputy Courtroom Clerk Jennifer Byler were not parties to the adversary proceeding below and are not parties this to appeal. Likewise, they were not creditors in Bednar's underlying bankruptcy. To the contrary, their only connection to Bednar and the foreclosure actions is Bednar's frivolous Cross-Petition filed against them after Appellees RCB and Franklin validly foreclosed upon Bednar's real property. *See* Docket, Oklahoma County District Court Case Nos. CJ-2015-192.

Now that the Oklahoma Supreme Court and the Oklahoma County District Court sanctioned Bednar in the total amount of $26,312.50 and entered judgments against Bednar for his bad faith litigation conduct in the underlying foreclosure actions, he urges this Court to stay the collection proceedings on those judgments. However, the sanctions judgments were obtained long after the bankruptcy court granted Bednar a discharge on September 11, 2015, and were the direct result of Bednar's bad faith litigation conduct associated with

filing two frivolous Writs before the Oklahoma Supreme Court and a Cross-Petition against the Oklahoma County Court Clerk and his deputy in Oklahoma State Court.

More importantly, the sanction judgments did not arise in the bankruptcy case, are not sufficiently related to the bankruptcy proceedings, do not depend on the bankruptcy laws for their existence, and actually proceeded in another court. Simply put, the sanctions judgments fall outside of this Court's jurisdiction. *See In re Gardner,* 913 F.2d 1515, 1517 (10th Cir. 1990).

Because this Court does not have jurisdiction over Oklahoma County Court Clerk Rick Warren and Deputy Courtroom Clerk Jennifer Byler or the sanctions judgments, Bednar's Application for Emergency Stay should be denied.

## III.   BEDNAR FAILED TO DEMONSTRATE THE LEGAL REQUIREMENTS FOR GRANTING A STAY AND ENTERING AN INJUNCTION.

The procedural and jurisdictional shortcomings aside, Bednar's Application also fails on the merits because he has not demonstrated the legal requirements for granting a stay and issuing an injunction.

The standard for granting a motion to stay pending an appeal mirrors that for granting a preliminary injunction. *In re Goss,* 2008 WL 824303* 1 (E.D. Okla. March 26, 2008). When deciding whether to grant a discretionary stay a court must determine the following: (1) likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3) no substantial harm to the other interested persons; and (4) no harm to the public interest. *Id.*(citing *In re Lang,* 414 F.3d 1191, 1201 (10th Cir. 2005).

Here, Bednar has failed to demonstrate any of these factors. Bednar has not identified any errors in the Order of Dismissal with Prejudice [Doc. No. 42], nor has he set forth any arguments with authority demonstrating that he will likely prevail on appeal. Without a substantial indication of probable success on appeal, a court should not issue a stay because there is no justification for a court's intrusion into the normal processes of administration and judicial review. *In re Porter*, 54 B.R. 81, 82 (Bankr. N.D. Okla. 1985).

At bottom, the subject property was abandoned from the bankruptcy estate long ago. Franklin American purchased the subject property at a sheriff sale, and the state court confirmed the sale on September 6, 2018. The Oklahoma County Sheriff's only involvement with Bednar and the subject property was ministerial, and was done at the direction of the Oklahoma County District Court. Therefore, there is nothing for this Court to enjoin.

<div align="center">

**CONCLUSION**

</div>

Based on the foregoing arguments and authorities, Bednar's Application for Emergency Stay Pending Appeal [Doc. No. 71] should be denied.

Respectfully Submitted,

DAVID W. PRATER
DISTRICT ATTORNEY

s/Carri A. Remillard
Carri A. Remillard, OBA # 21539
Gretchen Crawford, OBA #14651
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK  73102
Telephone: (405) 713-1600

Facsimile: (405) 713-1749
carri.remillard@oklahomacounty.org
GRECRA@oklahomacounty.org

ATTORNEYS FOR DEFENDANT-APPELLEE
OKLAHOMA COUNTY SHERIFF

### CERTIFICATE OF COMPLIANCE WITH RULE 8013(f)(A)

This Motion complies with the type-volume limitation of Rule 8013 (f)(A) because:
this brief contains 1613 words and 142 lines, excluding the parts of the brief exempted by
Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

s/Carri A. Remillard
Carri A. Remillard, OBA # 21539

### CERTIFICATE OF SERVICE

I, Carri A. Remillard, hereby certify that on April 30 2019, I served copies
of the foregoing Response to Appellant's Application for Emergency Stay Pending
Appeal and Exhibits on the following individuals by way of the CM/ECF filing
system:

Alexander Bednar
bednarconsult@gmail.com

DEBTOR/PLAINTIFF-APPELLANT, *Pro Se*

Jim Timberlake
Baer & Timberlake, PC
jim@baer-timberlake.com

ATTORNEY FOR DEFENDANT-APPELLEE

FEDERAL NATIONAL MORTGAGE ASSOCIATION
and FRANKLIN AMERICAN MORTGAGE COMPANY


Scott P. Kirtley
Riggs, Abney
skirtleyattorney@riggsabney.com

ATTORNEY FOR DEFENDANT-APPELLEE
RCB BANK


                              s/Carri A. Remillard

                              Carri A. Remillard OBA # 21539
                              Assistant District Attorney
                              320 Robert S. Kerr, Suite 505
                              Oklahoma City, OK  73102
                              Telephone: (405) 713-1600
                              Facsimile: (405) 713-1749
                              carri.remillard@oklahomacounty.org
                              ATTORNEYS FOR DEFENDANT-APPELLEE
                              OKLAHOMA COUNTY SHERIFF

ACTUAL ATTACHMENT TO PRATER FILING ON APRIL 30, 2019 (BEARING EXHIBIT "7") AND BEING DOCUMENT 73-8 IN TENTH CIRCUIT B.A.P. CASE 18-99, REPRESENTING TO THAT FEDERAL COURT THAT 1) THIS IS A VALID RETURN OF SERVICE and 2) THAT IT IS A VALID DOCUMENT IN CASE CJ-2015-192, AND 3) THAT IT WAS ALLEGEDLY FILED IN CJ-2015-192 ON MARCH 27, 2019, AS PER COURT CLERK EMPLOYEE "04" HAVING FILE STAMPED IT "MARCH 27, 2019" – ALL OF THE ABOVE ALLEGATIONS BY PRATER TO THE FEDERAL COURT ARE FALSE

Page: 1 of 1

MAR 27 2019

RICK WARREN
COURT CLERK
04

# DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

RCB BANK,

                Plaintiff,

v

ALEXANDER BEDNAR, ET AL.

                Defendants,

ALEXANDER BEDNAR,

                Cross-Plaintiff,

v

FRANKLIN AMERICAN MORTGAGE;
BAER TIMBERLAKE, P.C.;
JENNIFER BYLER, an individual;
RICK WARREN, Oklahoma County
Court Clerk; P.D. TAYOR, Oklahoma
County Sheriff, THE BOARD OF
COUNTY COMMISSIONERS OF
THE COUNTY OF OKLAHOMA,

                Cross-Defendants.

Case No.: CJ-2015-192

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## RETURN OF SERVICE OF ORDER TO APPEAR AND ANSWER AS TO ASSETS, APPLICATION FOR HEARING ON ASSETS, TO ANSWER INTERROGATORIES AND FORBIDDING A TRANSFER OR OTHER DISPOSITION OF PROPERTY

On the _27th_ day _March_, 2019, I received the Order to Appear and Answer as to Assets, Application for Hearing on Assets, to Answer Interrogatories and Forbidding a Transfer or Other Disposition of Property, a copy of which is attached hereto, and served the same in person upon Alexander Bednar in Oklahoma County on the _27th_ day _March_, 2019, at _8:58_ am.



DEFENDANT'S
EXHIBIT
7

# EXHIBIT 8A

FILING BY DA DAVID PRATER'S OFFICE
IN CJ 2015 192 ON MAY 2, 2019, RIGHT
AFTER MR. BEDNAR CAUGHT THE FALSE
FILING IN FEDERAL COURT
(SHOWING THE BACKDATED FILE
STAMP CROSSED OUT)
THIS DOCUMENT PROVES THAT THE
DA'S OFFICE OFFERED A FALSE
DOCUMENT TO A FEDERAL COURT AND
LIED TO THAT COURT

```
* 1 0 4 3 4 9 7 0 5 4 *
```

DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 27 2019

RICK WARREN
COURT CLERK

04

| | |
|---|---|
| RCB BANK, | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| ALEXANDER BEDNAR, ET AL. | ) |
| | ) |
| Defendants, | ) |
| | ) |
| ALEXANDER BEDNAR, | ) |
| | ) |
| Cross-Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| FRANKLIN AMERICAN MORTGAGE; | ) |
| BAER TIMBERLAKE, P.C.; | ) |
| JENNIFER BYLER, an individual; | ) |
| RICK WARREN, Oklahoma County | ) |
| Court Clerk; P.D. TAYOR, Oklahoma | ) |
| County Sheriff, THE BOARD OF | ) |
| COUNTY COMMISSIONERS OF | ) |
| THE COUNTY OF OKLAHOMA, | ) |
| | ) |
| Cross-Defendants. | ) |

Case No.: CJ-2015-192

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY - 2 2019

RICK WARREN
COURT CLERK

37

## RETURN OF SERVICE OF ORDER TO APPEAR AND ANSWER AS TO ASSETS, APPLICATION FOR HEARING ON ASSETS, TO ANSWER INTERROGATORIES AND FORBIDDING A TRANSFER OR OTHER DISPOSITION OF PROPERTY

On the __27th__ day __March__, 2019, I received the Order to Appear and Answer as to Assets, Application for Hearing on Assets, to Answer Interrogatories and Forbidding a Transfer or Other Disposition of Property, a copy of which is attached hereto, and served the same in person upon Alexander Bednar in Oklahoma County on the __27th__ day __March__, 2019, at __8:58__ am.

_Mike Suare_ _[signature]_

Ok. G. D.A.   INVESTIGATOR

# EXHIBIT 8 B

# DEFICIENT RETURN OF SERVICE BY SHERIFF TOLD BY PRATER'S OFFICE TO ARREST MR. BEDNAR WITHOUT A WARRANT



FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY - 1 2019

RICK WARREN
COURT CLERK
40 OKLAHOMA CITY, OK 73102
405.713.1000 ● 405.713.1908 FAX
WWW.OKLAHOMACOUNTY.ORG/SHERIFF

# SHERIFF'S RETURN

STATE OF OKLAHOMA

CIVIL CASE NUMBER: CJ 2015- 192

OKLAHOMA COUNTY

}

Received:

Affidavit_____ Citation _____ Complaint _____ Execution __X__ Motion _____ Decree_____

Notice _____ Order _____ Petition _____ Summons _____ Subpoena _____ Waiver _____ Judgement _____

Writ __X__ Replevin _____ Child Pick Up Order _____ Entry & Waiver _____ Declaration _____

Exit Order _____ OTHER: _____

Types of Service:

Personal Service __X__ Residential _____ Corp Service _____ No Service _____ Recalled _____

Seized Property _____ Detained Person _____ Posted _____ Executed _____ Bad Address _____

I received this Writ this _18_ day of _April_, 2019 at this time _5220_ and executed the

same on the _18_ day of _April_, 2019 at this time _0980h_ by serving: _Alexander_

_Bednar_ By _Seizure the listed Vehicle_

Address: _3221 NW 192 Th Edmond Ok_

P.D. TAYLOR, SHERIFF

Sheriff Fee's $50.00

Subscribed and Sworn to, before me this
_____ Day of _____, 2019
My Commission expires: _____

By: _____
DEPUTY

For Sgt. A Shirey

_____
NOTARY PUBLIC, STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

APR 2 9 2019

RICK WARREN
COURT CLERK
47_____

| | | |
|---|---|---|
| RCB BANK, | } | |
| Plaintiff, | } | |
| vs. | } | Case No.: CJ-2015-192 |
| | } | |
| ALEXANDER BEDNAR, ET AL. | } | |
| Defendants, | } | |
| ALEXANDER BEDNAR, | } | |
| Cross-Plaintiff. | } | |
| vs. | } | |
| FRANKLIN AMERICAN MORTGAGE; | } | |
| BAER TIMBERLAKE, P.C., ET AL. | } | |
| Cross-Defendants. | } | |

## ORDER SETTING ASIDE WRIT OF SPECIAL EXECUTION

THIS MATTER COMES before the Court on April 29, 2019. Previously, on April 18, 2019, this Court entered an Order for Issuance of Writ of Special Execution in the above styled cause of action. The Defendant, Mr. Bednar, filed an application to set aside said writ and appeared before this court, together with opposing counsel on April 29, 2019. Based on the testimony of Mr. Bednar that the seized vehicle is his only vehicle, the Writ of Special Execution is hereby set aside. Based on this Court's observation of opposing counsel's inability to proceed on the hearing on assets this date due to illness, the hearing on assets is hereby continued to June 5, 2019 before Judge Pipes at 9am.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Writ of Special Execution entered on April 18, 2019 is hereby set aside and the Oklahoma County Sheriff shall immediately release the vehicle seized pursuant to the aforementioned Writ.

It is so ORDERED!!

RELEASED
4-29-19
BY JESSIE LAYMAN @ 845

APRIL D. COLLINS
SPECIAL JUDGE

SHERIFF'S FEE
PAID

**DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

RCB BANK,                                          )
                          Plaintiff,               )
                                                   )
v                                                  )
                                                   )
ALEXANDER BEDNAR, ET AL.                           )
*3221 NW 192 ST EDmond OK*                          )
                          Defendants,              )
                                                   )
ALEXANDER BEDNAR,                                  )          Case No.: CJ-2015-192
                                                   )
                          Cross-Plaintiff,         )
                                                   )
v                                                  )
                                                   )
FRANKLIN AMERICAN MORTGAGE;                        )
BAER TIMBERLAKE, P.C., ET AL.                      )
                                                   )
                          Cross-Defendants         )

## WRIT OF SPECIAL EXECUTION

THE STATE OF OKLAHOMA

TO THE SHERIFF OF OKLAHOMA COUNTY, OKLAHOMA

        WHEREAS, on January 25, 2019, and March 14, 2019, Cross-Defendants Rick Warren,

duly elected and acting Oklahoma County Court Clerk, and Jennifer Byler, Deputy Court Clerk,

("Oklahoma County Defendants") obtained judgment against Cross-Plaintiff Alexander Bednar in

the amount of $26,312.50. The total amount, which is currently owed on the judgment as of April

18, 2019 is $26,312.50.

        YOU ARE HEREBY DIRECTED AND ORDERED to satisfy the amount currently owed

on the judgment by taking into your possession, the property of Cross-Plaintiff, Alexander Bednar,

which Cross-Plaintiff owns and is situated in Oklahoma County, State of Oklahoma, to-writ

(Subject Property): a black 2006 Hummer, HH2, VIN # 5GRGN23U66H102339 and directing the

same to be sold, with appraisement, and to apply the proceeds arising therefrom pursuant to

Oklahoma law.

NOW THEREFORE, YOU ARE HEREBY COMMANDED that you proceed to levy upon and sell, with appraisement, according to the law and as directed by said Judgment, the goods and chattel hereinabove described and apply the proceeds arising from said sale as directed by said Judgments as foresaid, and make due return of the Wirt with your proceedings endorsed thereon, showing the manner in which you have executed the same.

YOU ARE DIRECTED to endorse on this Writ the date and time you received it. You are also directed to return the Writ to the clerk of the court **within sixty (60) days of the date shown below with a report showing how you executed.**


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the official seal of said Court, at my office in Oklahoma City, Oklahoma, in said Oklahoma County, on this 18th day of April, 2019.


RICK WARREN, COURT CLERK

By:_____


Received at _____ a.m./p.m. this _____ day of _____, 2019.

Sheriff, Oklahoma County, Oklahoma


By:_____

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

RCB BANK,

           Plaintiff,

v

ALEXANDER BEDNAR, ET AL.

           Defendants,

ALEXANDER BEDNAR,

           Cross-Plaintiff,

v

FRANKLIN AMERICAN MORTGAGE;
BAER TIMBERLAKE, P.C., ET AL.

           Cross-Defendants

APR 1 8 2019

RICK WARREN
COURT CLERK
40.

Case No.: CJ-2015-192

## ORDER FOR ISSUANCE OF WRIT OF SPECIAL EXECUTION

THIS MATTER COMES before the Court on April 8th, 2019. After reviewing the filings, the Court finds that Cross-Defendant Rick Warren, duly elected and acting Oklahoma County Court Clerk, and Jennifer Byler, Deputy Court Clerk's Application is of probable merit to allow issuance of a Writ of Special Execution for chattel and goods hereinafter described pursuant to 12 O.S. §§ 731, 733, 736, 751, and 901.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** by the Court that a Writ of Special Execution shall issue forthwith for the seizure of a black 2006 Hummer, HH2, VIN # 5GRGN23U66H102339 ("Subject Vehicle").

The Oklahoma County Court Clerk is hereby ordered and directed to issue the Writ of Execution and the Sheriff of Oklahoma County is directed to levy the same upon the Subject Property.

                          JUDGE OF THE DISTRICT COURT

**ISSUED**
IN OKLAHOMA COUNTY, OKLA.

APR 1 8 2019

RICK WARREN, Court Clerk

1

APPROVED:

Aaron Etherington (OBA 18,259)
Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21,539)
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
aaron.etherington@oklahomacounty.org
rod.heggy@oklahomacounty.org
carri.remillard@oklahomacounty.org

ATTORNEYS FOR RICK WARREN,
OKLAHOMA COUNTY COURT CLERK,
JENNIFER BYLER, DEPUTY COURTROOM
CLERK

2

# EXHIBIT 8C

WARRANT OF ARREST THAT APPEARS
IN THE OSCN DOCKET AROUND APRIL 30
2019, ALMOST 12 DAYS AFTER THE
ARREST, BACKDATED TO APRIL 23 2019
BY COURT CLERK "04"

DISTRICT COURT
OKLAHOMA COUNTY

RCB BANK,                                        Plaintiff,          )
                                                                    )
                                                                    )          APR 29 2019
v                                                                   )
                                                                    )        RICK WARREN
ALEXANDER BEDNAR, ET AL.                                            )        COURT CLERK
                                                Defendants,         )    04_____
                                                                    )
                                                                    )    Case No.: CJ-2015-192
                                                                    )
ALEXANDER BEDNAR,                                                   )
                                            Cross-Plaintiff,        )
                                                                    )
                                                                    )
v                                                                   )
                                                                    )
FRANKLIN AMERICAN MORTGAGE;                                         )
BAER TIMBERLAKE, P.C., ET AL.                                       )

## BENCH WARRANT FOR FAILURE TO APPEAR AS ORDERED
## NIGHT TIME SERVICE AUTHORIZED

THE STATE OF OKLAHOMA TO ANY SHERIFF OR OTHER OFFICER
AUTHORIZED BY LAW TO SERVE PROCESS, YOU ARE HEREBY COMMANDED
TO ARREST:

ALEXANDER LOUIS BEDNAR
SS: XXX-XX-3709      DOB: 5/12/1970
Sex: Male            Race: White
Height: 5'9"         Weight: Appx. 180 lbs

YOU ARE FURTHER COMMANDED to bring said person before the District Court of
Oklahoma County, to answer for the contempt of failing to appear before said court on the 17th
day of April, 2019, after having been duly ordered to appear. If said court is not in session, said
person shall be detained unless said person posts a $1,000.00 cash bond. CASH BOND ONLY.

BY ORDER OF THE COURT, this 17 day of April, 2019.

_____
JUDGE OF THE DISTRICT COURT

Received this Order of Release said_____

Day of _____ 20_____ and executing the same
As commanded therein the_____ day of
20_____ by releasing from custody the within named
defendant.

By_____deputy

CLEARED
APR 19 2019
WARRANTS

ISSUED
IN OKLAHOMA COUNTY, OKLA.
APR 17 2019
RICK WARREN, Court Clerk

VERSION OF WARRANT OF ARREST
INCLUDED IN FILING IN MR. BEDNAR'S
DIVORCE BY EX WIFE'S ATTORNEY ON
APRIL 25, 2019, ONE DAY AFTER
PRATER DA CARRI REMILLARD
AUTHORIZED A CRIMINAL FILING ON
BEDNAR FOR RESISTING ARREST
(NOTICE IT DOES NOT HAVE THE APRIL
23, 2019 STAMP ON IT NOR DOES IT
HAVE AN APRIL 19 STAMP)
THIS DOCUMENT COMPARED TO THE
ACTUAL ONE IN THE CASE FILE IMPLY
MISUSE OF COURT CLERK STAMPS BY DA
PRATER'S OFFICE

DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

RCB BANK,                                   )
                              Plaintiff,    )
                                            )
v                                           )
                                            )
ALEXANDER BEDNAR, ET AL.                    )
                                            )
                              Defendants,   )
                                            )
ALEXANDER BEDNAR,                           )    Case No.: CJ-2015-192
                                            )
                              Cross-Plaintiff, )
                                            )
v                                           )
                                            )
FRANKLIN AMERICAN MORTGAGE;                 )
BAER TIMBERLAKE, P.C., ET AL.               )

## BENCH WARRANT FOR FAILURE TO APPEAR AS ORDERED
## NIGHT TIME SERVICE AUTHORIZED

**THE STATE OF OKLAHOMA TO ANY SHERIFF OR OTHER OFFICER AUTHORIZED BY LAW TO SERVE PROCESS, YOU ARE HEREBY COMMANDED TO ARREST:**

ALEXANDER LOUIS BEDNAR
SS: XXX-XX-3709   DOB: 5/12/1970
Sex: Male        Race:  White
Height: 5'9"      Weight: Appx. 180 lbs

**YOU ARE FURTHER COMMANDED** to bring said person before the District Court of Oklahoma County, to answer for the contempt of failing to appear before said court on the 17th day of April, 2019, after having been duly ordered to appear.  If said court is not in session, said person shall be detained unless said person posts a $1,000.00 cash bond. **CASH BOND ONLY.**

BY ORDER OF THE COURT, this 17 day of April, 2019.

_____
JUDGE OF THE DISTRICT COURT

ISSUED
IN OKLAHOMA COUNTY, OKLA.

APR 1 7 2019

RICK WARREN, Court Clerk

1

**EXHIBIT** 3

ATTESTED TO BY:

_____
Deputy Court Clerk, Oklahoma County
Rick Warren, Court Clerk


_____
Carri A. Remillard, OBA #21539
Assist District Attorney
320 Robert S. Kerr, Suite 505
Oklahoma City, OK  73102
(405) 713-1600

*Attorney for County Defendants*

2

|||||||| 

*1043477214*

... RT OF OKLAHOMA )

vs.

)
)
)

AFFIDAVIT OF
PROBABLE CAUSE   CPC-19-3160

STATE OF OKLAHOMA )
COUNTY OF OKLAHOMA )   SS.

Name: BEDNAR, ALEXANDER LOUIS
Race/Sex/Dob: W/M 05/12/1970 SSN: 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
Address: 3221 NW 192ND TERRACE. OKLAHOMA CITY, OK. 73012

Offense: RESISTING ARREST
Statute: 21 O.S. 268
Location: 3221 NW 192ND TERRACE OKLAHOMA CITY, OK. 73012
Date: 04/18/2019

**FILED IN DISTRICT COURT
OKLAHOMA COUNTY**

APR 2 4 2019

RICK WARREN
COURT CLERK
19_____

   I, Lt. Brett Slimp, have been a Deputy Sheriff with the Oklahoma County Sheriff's Department since 2005, do upon my oath allege and state as follows: On 04/18/2019 at approximately 1824 hours I arrived to 3221 NW 192nd Terr. To serve a Writ of Special Execution (CJ-2015-192 seizure of vehicle) and a warrant (CJ-2015-192 Contempt of court) for arrest against defendant Alexander Bednar. I observed a black 2006 Hummer HH2 bearing Oklahoma license plate# GCG-185 at this residence in the driveway, which was to be seized.

   While standing in the front yard to the residence waiting for an additional deputy to complete the seizure, a white male exited the residence and approached me. I asked and confirmed verbally with the white male if his name was Alexander Bednar and he stated it was. I advised Alexander I had a warrant for his arrest and to turn around. Alexander began to back away from me, so I took control of his arms and placed them behind his back. Alexander would not let me place handcuffs on him so I had to force Alexander to the hood of my patrol vehicle so I could gain better placement of his hands. Alexander continued to struggle while placing handcuffs on his person. Once handcuffs were placed I again still waited for the additional deputy due to me being a K-9 unit with no back seat. During this waiting period, multiple times I had to struggle with keeping Alexander leaned up against my patrol vehicle trunk. Alexander continuously attempted to pull away and not lean against the vehicle as commanded.

   An assisting Deputy arrived and Alexander was placed into their vehicle for transport. Upon checking my person for injuries I observed several scratches to both my left and right forearms from this incident. The HH2 Hummer was seized and Alexander was transported to the Oklahoma County Jail where he was booked in for the above charged warrant. The above offense occurred in Oklahoma County.

Subscribed and sworn to before me this 18 day of April 20 19.
My Commission Expires: 10-04-22

AFFIANT

NOTARY PUBLIC

This Court, having conducted a probable cause determination for the subject's arrest without a warrant finds:

[V]    That probable cause for the subject's arrest **does exist** and did at the time of the arrest.

|  |    Probable cause did not exist for the subject's arrest and subject is ordered released immediately.

Done this ___19___ day of ___April___, 20 19 at 12:30 o'clock P.m.

JUDGE OF THE DISTRICT COURT

EXHIBIT 4

# EXHIBIT 8 D

MARCH 15, 2019
NOTICE BY DA PRATER'S  OFFICE
STAMPED BY COURT CLERK "00" THAT
ALL MOTIONS   IN CJ-2015-192 WERE TO
BE HEARD ON APRIL 19, 2019 BEFORE
JUDGE PAUL HESSE, IN CANADIAN
COUNTY, AT 9:00 AM



DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| RCB BANK, | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) Case No.: CJ-2015-192 |
| ALEXANDER BEDNAR, ET AL. | ) |
| | ) |
| Defendants, | ) |
| | ) |
| ALEXANDER BEDNAR, | ) |
| | ) FILED IN DISTRICT COURT |
| | ) OKLAHOMA COUNTY |
| Cross-Plaintiff, | ) |
| v | ) MAR 15 2019 |
| | ) |
| FRANKLIN AMERICAN MORTGAGE; | ) RICK WARREN |
| BAER TIMBERLAKE, P.C.; | ) COURT CLERK |
| JENNIFER BYLER, an individual; | ) 00_____ |
| RICK WARREN, Oklahoma County | ) |
| Court Clerk; P.D. TAYOR, Oklahoma | ) |
| County Sheriff, et al | ) |
| | ) |
| Cross-Defendants. | ) |

## NOTICE OF HEARING AND TRIAL

All pending motions will be heard by the Court on **April 19, 2019 at 9:00am**

in El Reno at the Canadian County Courthouse before the Honorable Paul Hesse.

The Scheduling Order setting the pre-trial conference and trial for contempt

entered by the Court this date is attached as Exhibit "1" hereto.

Respectfully Submitted,

DAVID W. PRATER
DISTRICT ATTORNEY

Rodney J. Heggy (OBA 4049)

1

Carri A. Remillard (OBA 21539)
Assistant District Attorneys
320 Robert S. Kerr, Suite 505
Oklahoma City, OK 73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
rod.heggy@oklahomacounty.org
carri.remillard@oklahomacounty.org
ATTORNEYS FOR RICK WARREN, OKLAHOMA
COUNTY COURT CLERK, SHERIFF PD TAYLOR
and COURTROOM DEPUTY CLERK JENNIFER
BYLER

## CERTIFICATE OF DELIVERY

On this 5th day of _March_____, 2019, the foregoing was mailed
postage prepaid to all counsel of record including:

Alexander Bednar
Bednar Law Firm
15721 Via Bella
Oklahoma City, OK 73013
CROSS-PETITIONER *PRO SE*

Don Timberlake
Baer & Timberlake, PC
PO Box 18486
Oklahoma City, OK 73154-0486
sally@baer-timberlake.com
ATTORNEY FOR FRANKLIN AMERICAN MORTGAGE CO.

Kyle Goodwin
Lee, Goodwin, Lee, Lewis & Dobson
1300 E. 9th, Suite 1
Edmond, OK  73034
405-330-0118
405-330-0767
kgoodwin@edmondlawoffice.com
ATTORNEY FOR RCB BANK

Rev. 9/00

# IN THE DISTRICT COURT OF CANADIAN COUNTY
## STATE OF OKLAHOMA

KCB Frank
**Plaintiff**

VS.

CASE NO. CJ-15-198

Alex Ealum
**Defendant**

## SCHEDULING ORDER

**THIS ORDER** is entered this ____ day of _____, 20____ .Counsel have discussed their respective need for adequate discovery time, complexity of legal issues to be addressed, and their caseload in arriving at this agreed Scheduling Order.

**IT IS ORDERED** THAT THE FOLLOWING MUST BE COMPLETED WITHIN THE TIME FIXED:

1. JOINDER OF ADDITIONAL PARTIES and AMENDMENT TO THE PLEADINGS: Must be filed no later than 30 days after the date of the Scheduling Order, unless otherwise approved by the Court
2. DISCOVERY: Completed (answered) by Pretrial unless otherwise agreed and approved by the Court
3. FINAL LIST OF WITNESSES AND EXHIBITS: Parties shall exchange witness and exhibit lists not later than 30 days prior to the Pretrial; Additional witnesses and exhibits **shall be stricken** by the Court, absent extraordinary circumstances. Intent to use demonstrative evidence shall be disclosed.
4. ALL MOTIONS INCLUDING DISPOSITIVE MOTIONS: Filed 45 days prior to and decided prior to Pretrial.
5. MOTIONS IN LIMINE: Served no later than 5 days prior to trial; Set for hearing and decided **no later than the Friday before trial, unless otherwise directed by the Court**
6. RULINGS ON OBJECTIONS TO TRIAL DEPOSITIONS (Local Rule 18): Parties shall provide Designation of Deposition Testimony to opposing parties no later than 40 days prior to trial; Objections shall be served no later than 30 days before trial; Set for hearing and decided no later than 20 days prior to trial.
7. OBJECTION TO EXPERT TESTIMONY: Objections to expert witnesses shall be included in the Pretrial Conference Order; The Court will set a briefing schedule and a hearing date at the Pretrial
8. MEDIATION: Completed by Pretrial Conference, unless otherwise approved by the Court.
9. PRETRIAL CONFERENCE DATE & TIME: 8.19.19 @ 9:30 AM
10. JURY: ___/___ NON-JURY: _____ Party requesting jury trial shall immediately pay jury costs [28 O.S. § 152.1].
11. TRIAL DATE: 9.9.19 @ 9:00 AM
12. REQUESTED JURY INTRUCTIONS: A complete set in usable form, including verdict forms, must be provided 5 days prior to trial, along with a disk containing the required instructions.
13. TRIAL BRIEF/PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW: As requested by the Court.
14. PRETRIAL CONFERENCE ORDER: Agreed to and delivered to the Court at Pretrial. **DO NOT** file the unsigned original Pretrial Conference Order with the Court Clerk.

**IT IS FURTHER ORDERED: Failure to comply with the requirements set forth in paragraphs 4,5,6&7 waives the legal issue or objection.** All exhibits must be exchanged and marked 10 days before trial. If exhibits are not exchanged 10 days before trial, they will not be allowed at trial. This schedule may be modified only upon written motion in compliance with Rule 20, for good cause shown and by Order of this Court prior to the dates scheduled. Failure to comply with this Order may result in sanctions pursuant to Rule 5 (J) of the Rules of the District Courts. **FAILURE TO APPEAR AT PRETRIAL CONFERENCE MAY RESULT IN THE ENTRY OF A DEFAULT JUDGMENT OR DISMISSAL ORDER AS DEEMED APPROPRIATE BY THIS COURT, WITHOUT FURTHER NOTICE TO THE PARTIES.**

_____
Attorney for Plaintiff(s)

405-507-7102
Telephone Number

**JUDGE OF THE DISTRICT COURT**

Attorney for Defendant(s)

Telephone Number

**DEFENDANT'S EXHIBIT 1**