STATE OF OKLAHOMA 

COUNTY OF OKLAHOMA )

## AFFIDAVIT

I Tarek Wazzan, being duly sworn hereby depose and state the following, that I have personal knowledge of the following matters involving a property purchased and sold by my LLC:

1) At some point in the summer of 2017 I received a communication from a wholesaler named Devell Hubbard, who asked me if I was interested in purchasing the property located at 2520 NE 16th Street in Oklahoma City.

2) Mr. Hubbard indicated that he had purchased the property for ten thousand dollars around July 20, 2017, from Danny Lenox. Attachment "1."

3) My LLC offered 6,000 dollars to Mr. Hubbard, for the rights to own that purchase agreement. My company purchased that existing contract from Dannie Lenox to Devell Hubbard, by executing an "Assignment" that Mr. Hubbard signed. Attachment "2."

4) It was my understanding that at that point, my LLC could do with the property as it wished, given the fact that attachments 1 and 2 were signed, and Mr. Lenox had signed away control and ownership of the property.

5) On July 27, 2017, I notified Chicago Title that I was purchasing the property at 2520 NE 16, for 16,000 dollars, with 6, 000 dollars to be the Assignment fee payable to Devell Hubbard per Exhibit 2, and that Mr. Hubbard would be coming in that day, on July 27, 2017 to get the escrow file open. See Attachment 3 (email to Chicago Title).

6) Mr. Hubbard went to Chicago Title and opened up an escrow account as the initial Buyer from Dannie Lenox, account number 714051701245. Attachment 4 (showing Devell Hubbard as Buyer and Dannie Lenox as Seller).

7) It appears Chicago Title, on July 27, 2017 made a survey order request for that escrow, showing Devell Hubbard as the Buyer, and wanted it done by August 3, 2017. Attachment 5.

8) On or around August 2, 2017 I then notified Chicago Title that my company would be reselling the property, as I executed a contract on August 2, 2017 with an out of state buyer, providing Chicago Title all the information. Attachment 6. The amount of that re-sale was about 34,000 dollars.

9) The following day on August 3, 2017, the Mortgage Inspection was finalized by Hale & Associates, showing that Devell Hubbard was the Buyer. Attachment 7.

10) On August 3, 2017, Chicago Title opened a separate escrow for the re-sale transaction, account number 714051701245, showing my LLC selling to Plains State Holdings. Attachment 8.

11) My LLC authorized Chicago Title to execute any documents on our behalf and we trusted that they would act appropriately. Attachment 9.

12) Chicago Title notarized a deed for my LLC's resale of the property on or about August 17, 2017, with the buyer being Plains State, and Chicago Title issued a form when my LLC received the proceeds from the sales transaction to Plains State around August 17, 2017, identifying my LLC as able to execute the sales document, Attachment 10.

13) My understanding is that title passed to Plains State at that time, through the deed my company executed on August 17, 2017.

14) I was never notified of any auction on September 5, 2017 at Roe Simmons' office, regarding the property, nor did Wazzan Properties LLC participate in any such auction regarding the house at 2520 NE 16th Street, given the fact we had already re-sold the property.

15) I trusted that Chicago Title performed all due diligence regarding this transaction, as they have attorneys in house to review real estate title purchases. In fact, my LLC (our managers) had given Chicago Title the ability to sign documents on our behalf to finalize the re-sale transaction appropriately. Attachment 9.

16) Neither Dannie Lenox nor his attorney ever asked me to provide to any court the fact that Plains State had offered on August 2, 2017 the amount of 34,000 dollars for that property.

17) The email chain that I have seen (Attachment 11) indicates that Mr. Lenox knew about the double escrow situation with the higher pre-existing offer from Great Plains, as his attorney appears to have been communicating directly with Chicago Title.

18) Both Mr. Lenox and his attorney appear to have had full knowledge of the fact my company had found a buyer willing to pay a price higher than 16,000 dollars, and that such sales contract occurred in August of 2017, especially if they were working with Chicago Title.

19) I am personally aware that the representative of Ceola Lenox's estate (Mr. Lenox) knew about my company and about the re-sale amount being 34,000 dollars, because I am in possession of two documents Mr. Lenox signed and notarized, acknowledging his full knowledge and approval of my LLC's prior sale amount of 34,000 dollars.

20) First, I have a Seller's lien affidavit (Attachment 12) that Mr. Lenox signed and acknowledges in paragraph 4 that he was aware Wazzan Properties LLC had a previous contract of sale for the property. This bears a notary stamp from Chicago Title.

21) Secondly, I have a copy of a "Double Escrow Disclosure Acquisition Escrow" form from Chicago Title, that Mr. Dannie Lenox signed (Attachment 13), indicating his knowledge of the concurrent escrow account with the previous sale to Great Plains, and the fact a pre-existing higher offer had been accepted by my company in August of 2017. This document states:

> "...Buyer [Wazzan Properties LLC] herein is selling the subject property at an increased purchase price... Seller [Dannie Lenox] acknowledges that proceeds from the Resale Escrow transactions are the source of all or part of the purchase price herein.... With full knowledge of the foregoing..."

22) Mr. Lenox was the Seller, and therefore knew that previously accepted offer of a higher purchase price (from Great Plains) was funding the wholesale transaction of the 10,000 purchase price and 6,000 assignment fee, so that he had to be fully aware that the offer from Great Plains to my company was higher than 16,000 dollars, and before September 5, 2017.

23) I do not know why Mr. Lenox executed a deed on October 18, 2017 (Attachment 14), since he had previously signed on July 20, 2017 a contract of sale to Devell Hubbard, which my company purchased for 6,000 dollars ("Assignment fee") on July 26, 2017, and as he knew that my previous resale of the property on August 2, 2017, was funding both the contract (Attachment 1) and the 6,000 fee. Attachment 13.

This I swear to the best of my recollection



Wazzan Properties LLC
By Tarek Wazzan, manager

## NOTARY ATTESTATION

On this date appeared Tarek Wazzan, who presented proper identification and confirmed that the statements above are true and accurate to the best of his knowledge and recollection.

Date: 6/18/20   Notary _Brittany McCoy_

My commission expires _4-14-2023_

Stamp:

NOTARY
SEAL
PUBLIC
BRITTANY MCCOY
Notary Public
State of Oklahoma
Commission #03006011  Exp: 04/14/23

# ATTACHMENT 1



# Real Estate Purchase and Sale Agreement

NOTICE: This is a legal and binding Agreement for the purchase and sale of property. It is appropriate for most BUT NOT ALL transactions. If this form does not appear to either Buyer or Seller to be appropriate for a particular transaction, you are urged to discuss the purchase or sale with an attorney BEFORE YOU SIGN. Most, but not all, provisions of this Agreement are subject to negotiation prior to execution.

1. THIS Agreement to buy and sell real property is made between:

SELLER: ~~Court Lenox~~ *DH* Estate of Ceola M Zerox

(Names of Sellers)                                    hereinafter referred to as "Seller"                    SS/Tax ID (Optional)

ADDRESS: 2520 NE 16th    Okluhma city    ok    73117

(Address of Sellers)                    Town/City              State            ZIP

BUYER: Devell Hubbard

(Names of Buyers)    Devell Hubbard        hereinafter referred to as "Buyer"                    SS/Tax ID (Optional)

ADDRESS: 6314 w meridian    Oklahuma city ok. 73112

(Address of Buyers)                    Town/City              State            ZIP

Seller agrees to sell and Buyer agrees to buy for the purchase price and upon the terms and conditions stated herein the real property with all buildings and other improvements thereon and all appurtenances thereto, in the same condition as they were on the date of Buyer's signature, reasonable wear and tear excepted.

2. REAL PROPERTY TO BE PURCHASED:

a) Street Address: _____2520 Ne 16th St_____

b) City/Town: _____Oklahoma city

Oklahoma __STATE _____ ZIP___73117_____

c) Described as: _____

3. INCLUDED IN SALE PRICE: The Real Property shall include all items permanently attached to the property on the date Buyer signed this Agreement and: all screens, storm windows, TV antenna, awnings, security, fire and smoke alarms, garage door openers with controls, venetian blinds, curtain/drapery rods, wall to wall carpet, plumbing and heating fixtures (except portable heaters or rented water heaters), light fixtures, shrubbery and plants. Unless mentioned below, all personal property is excluded.

ADDITIONAL PERSONAL PROPERTY, if any, to be included: _____

_____

There is no leased personal property except: _____

4. PURCHASE PRICE $ ~~20,000.00~~ *cash* 10,000 DH payable as follows:

a) By initial Deposit submitted herewith receipt of which is hereby acknowledged.................................$ 1

b) By additional Deposit due upon Sellers Acceptance.................................................................$ 1

c) By Proceeds of: Financing as specified in paragraph 6 below.................................................$ 

d) By _____$ 

e) Balance to be paid by certified check or bank check at Closing....................................$ 

     TOTAL PRICE TO BE PAID (Must equal "Purchase Price")......................$ ~~20,000.00~~ *cash* 10,000 DH

5. DEPOSITS: The Deposit(s) specified above shall be made at the stated times. All Deposits shall be made by check, payable to the Listing Broker or the attorney/title company conducting the closing. All checks are subject to collection and failure of collection shall constitute a default. Except at time of closing, when the deposit shall be delivered to Seller or Seller's designee, the Listing Broker shall not pay the Deposit to anyone without the written consent of all parties to this Agreement. In the event any deposit funds payable pursuant to this Agreement are not paid by Buyer, Seller may give written notice of such failure to Buyer. If such notice is given and a period of 3 (three) days pass without Buyer paying the Deposit owed, Seller may declare Buyer in default and shall have the remedies set forth in Paragraph 14.

18. COMMON INTEREST COMMUNITY: If the property is a unit in a condominium or other common interest community, Seller will deliver the resale documents in accordance with the local statutes and customs.

17. LISTING BROKER: _____ PH#: _____
_____ Dual Agent - If the Listing Agent is acting as a Dual Agent, a CONSENT FOR DUAL AGENCY FORM SHALL BE ATTACHED to this Agreement.

COOPERATING BROKER
                                                                    PH#_____ ___ Buyer Agent ___ Sub Agent

18. PROPERTY CONDITION REPORT: Seller and Buyer acknowledge that if a written residential property condition report is required by statute and Seller has not provided Buyer with the required report, Seller will credit Buyer with the statutory fee at closing.

19. EQUAL HOUSING RIGHTS: This Agreement is Subject to all local statutory laws prohibiting discrimination in commercial and residential real estate transactions.

20. ADDENDUM: The following attached Addenda and/or Riders are part of this Agreement:
_____ Seller's Property Condition Disclosure;    ___ Agency Disclosure;    _____Title;  ____Lead hazards
_____ Dual Agency Consent    _____Multi-family or Commercial Property Rider    ____Other _____

21. ADDITIONAL TERMS AND CONDITIONS: _____
_____
_____

22. FAX TRANSMISSION: The parties acknowledge that this Agreement and any addenda or modification and/or any notices due hereunder may be transmitted between them by facsimile machine, e-FAX, or via email and the parties intend that a faxed document containing either the original and/or copies of the parties' signatures shall be binding and of full effect.

24. ASSIGNABILITY: (CHECK ONE) Buyer _x_ may assign and thereby be released from any further liability under this contract; _ May assign but not be released from liability under this contract; _ or_ May not assign this contract.

23. COMPLETE AGREEMENT: This Agreement contains the entire agreement between Buyer and Seller concerning this transaction and supersedes any and all previous written or oral agreements concerning the Property. Any extensions or modifications of this Agreement shall be in writing signed by the parties.

24. NOTICE: Any notice required or permitted under the Terms of this Agreement by Buyer or Seller shall be in writing addressed to the Party concerned using the address stated in Paragraph 1 of this Agreement or to such party's attorney or to the party's Listing Broker or Cooperating Broker designated in paragraph 17.

25. BUYER AND SELLER acknowledge receipt of a copy of this Agreement upon their signing same.

26. TIME TO ACCEPT: Seller shall have until _____ 7/22/2017 _____ to accept this Agreement.

27. SIGNATURES:


__Devell Hubbard_____ 7/19/2017_____          _____          _____
Buyer's Signature                          Date              Seller's Signature                  Date

_[signature]_____          _7/20/17_          _[signature]_____          _7-20-2017_
Buyer's Signature                          Date              Seller's Signature                  Date


_____          _____          _____          _____
Buyer's Signature                          Date              Seller's Signature                  Date

Initials _____ DH _____

**6. FINANCING CONTINGENCY:** *Aug (DH)*
a) Amount $ _____ ~~20,000.00~~ $10,000 _____ ; b) Maximum Initial Interest Rate _____ %
c) Term: ____ years; d) Commitment Date: _____

e) Type: ____ Conventional Fixed ____ Variable ____ FHA ____ VA ____ CHFA ____ Other _____ X ____

Buyer's obligation is contingent upon Buyer obtaining financing as specified in this paragraph. Buyer agrees to apply for such financing immediately and diligently pursue a written mortgage commitment on or before the Commitment Date.

f). If Buyer is unable to obtain a written commitment and notifies Seller in writing by 5:00 PM on said Commitment Date, this Agreement shall be null and void and any Deposits shall be immediately returned to Buyer. Otherwise, the Financing Contingency shall be deemed satisfied and this Agreement shall continue in full force and effect.

**7. CONDITION OF PREMISES:** Buyer represents that Buyer has examined the property and is satisfied with the physical condition subject to the Inspection Contingency if applicable. Neither Seller nor any representative of the Seller or Buyer has made any representation or promise other than those expressly stated herein which Buyer has replied upon in making this Agreement.

**8. INSPECTION CONTINGENCY:**
a) Inspections shall be completed and results reported to Seller on or before : _____ 8/15/2017 _____
b) Seller agrees to permit Buyer's designees to inspect the real property during the period from Seller's acceptance until the date set forth in (a) above. If Buyer is not satisfied with the physical condition of the real property, and so notifies Seller in writing prior to the date specified in (a) above, then Buyer may at Buyer's option terminate this Agreement. Buyer may give Seller the option to correct the conditions that are unsatisfactory to the Buyer. Should Buyer elect to terminate this Agreement or Seller is unwilling to correct any unsatisfactory conditions the Buyer shall notify Seller on or before : _____ 8/15/2017 _____ of Buyer's election to terminate this Agreement and if terminated this Agreement shall be null and void and any deposit monies paid hereunder shall be returned immediately to Buyer and neither Buyer nor Seller shall have any claims against each other under the terms of this Agreement. If Buyer fails to notify Seller as provided herein, this contingency shall be deemed satisfied and this Agreement shall continue in full force and effect.
c) If initiated below, Buyer does NOT choose to have any inspections performed and WAIVES any rights to object to any defects in the property that would have been disclosed by a full and complete inspections.

**9. STATEMENT RE: LEAD BASED PAINT:** The parties acknowledge that dwelling units constructed prior to 1978 are likely to contain lead-based paint which could create a health hazard. In the event that the real property which is the subject of this Agreement consists of or contains a residential unit built prior to 1978, the parties agree that each party has received, reviewed, signed and annexed hereto a completed Disclosure and acknowledgment Form re: Lead-Based Paint as required by federal HUD/EPA disclosure regulations.

**10. OCCUPANCY, POSSESSION: CLOSING DATE:** 8/25/2017
Unless otherwise stated herein, Buyer shall receive exclusive possession and occupancy with keys on Closing Date. The Real Property shall be main tained by Seller until time of Closing and shall be transferred in broom clean condition, free of debris. Buyer shall have the right to a walk-through inspection of the Property within 48 hours prior to the Closing Date. Closing shall be held at an office to be determined by Buyer's attorney in the county where the property is located or at such place as designated by Buyers mortgage lender.

**11. WARRANTY DEED:** Seller agrees to convey fee simple title of the Real Property to Buyer by a good and sufficient Warranty Deed subject only to any and all provisions of any ordinance, municipal regulation, public or private law, restrictions and easements as appear of record, if any, provided they do not affect marketability of title, current real estate taxes, water and sewer charges, and current water and sewer assessment balance, if any; except in those cases where a fiduciary's Deed or other form of court ordered deed may be required to pass title. Seller warrants that Seller has no notice of any outstanding violations from any town, city or State agency relating to the property.

**12. MARKETABLE TITLE:** Title to be conveyed by Seller shall be marketable as determined by the Standards of Title of the Connecticut Bar Association now in force. Seller further agrees to execute such documents as may be reasonably required by Buyer's title insurance company or by Buyer's mortgage lender. Should Seller be unable to convey Marketable Title as defined herein, Buyer may accept such Title as Seller can convey, or may reject the Unmarketable Title, receive back all Deposit money, and declare this Agreement null and void. Upon such rejection and repayment to Buyer of all sums paid on account hereof, together with the reasonable fees for the examination of title, this Agreement shall terminate and the Parties hereto shall be released from all further claims against each other.

**13. ADJUSTMENTS:** Real Estate Taxes will be adjusted as of the Closing Date. All other adjustments, including Association fees, fuel oil, water and sewer usage, interest on sewer or water assessments, utilities, rent, if any, and issues regarding funds at closing and unavailability of releases at closing and like matters shall be adjusted pro rata as of the Closing Date in accordance with the Residential Real Estate Closing Customs of Connecticut, as adopted by the Connecticut Bar Association, now in force. Rent security deposits, if any, shall be credited to Buyer by Seller on the Closing Date and shall include, any interest accrued to the tenant.

**14. BUYER'S DEFAULT:** If Buyer fails to comply with any Terms of this Agreement by the time set forth for compliance and Seller is not in default, Seller shall be entitled to all initial and additional deposit funds provided for in section 4, whether or not Buyer has paid the same, as liquidated damages and both parties shall be relieved of further liability under this Agreement. If legal action is brought to enforce any provision of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees.

**15. RISK OF LOSS, DAMAGE:** All risk of loss or damage to said property by fire, theft or other casualty until delivery of Deed shall be upon the Seller. In the event of loss or damage independently appraised at more than $5,000.00, Buyer shall have the option to receive any insurance payment on account of said damage and take Title, or rescind this Agreement and receive back all Deposit money paid. In such case all rights and obligations of the parties under this Agreement shall terminate.

# ATTACHMENT 2

# Assignment of Contract Agreement

In consideration of the sum of _6,000_ (Assignment Fee),
___Devell Hubbard___ (Assignor) hereby assigns and otherwise transfers to ___Wazzan Properties LLC.___ (Assignee) all rights, title, and interest held by Assignor in and to the contract described as follows:

Contract dated ___7___, 20_17_, between ___26___ and _____ and concerning the property located at ___2520 NE 16th st. Oklahoma City, Ok 73117___.

Assignor warrants and represents that said contract is in full force and effect and is fully assignable. Assignor further warrants that it has the full right and authority to transfer said contract and that contract rights herein transferred are free of lien, encumbrance or adverse claim. Said contract has not been modified and remains on the terms contained therein.

Assignee hereby assumes and agrees to perform all remaining obligations of Assignor under the contract and agrees to indemnify and hold Assignor harmless from any claim or demand resulting from non-performance by Assignee. Assignee shall be entitled to all monies remaining to be paid under the contract, which rights are also assigned hereunder.

The assignment fee shall be paid at the time of closing to assignor in the form of cash, official check or wire transfer, and recorded on the hud-1 settlement statement.

Closing shall take place no later than ___August 15th___.

Assignee has given a non-refundable deposit of $___500.00___ to be held in escrow at ___Chicago Title Oklahoma___.

It is hereby acknowledged by Assignee that this Assignment of Contract Agreement and the original contract for Sale and Purchase is not assignable by Assignee without the express written authorization of Assignor, authorization of which may be withheld for any reason by assignor.

This Assignment shall become effective as of the date last executed and shall be binding upon and inure to the benefit of the parties, their successors and assigns.

**Assignor**                               **Date**    7/27/17

_7/27/17_

**Assignee**                               **Date**

# ATTACHMENT 3



## Smith, Darci

| | |
|---|---|
| **From:** | Garcia, Valerie |
| **Sent:** | Thursday, July 27, 2017 2:36 PM |
| **To:** | Smith, Darci |
| **Subject:** | 714051701245 Hubbard/Zenox 2520 NE 16th St |
| **Attachments:** | 2520 Ne 16th Assignment.pdf |

New order from Tarek.

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK 73118
405-848-2140 main
405-848-2305 fax
www.chicagotitleoklahoma.com



## CHICAGO TITLE
### OKLAHOMA

**From:** Tarek [mailto:tarekInvestments@gmail.com]
**Sent:** Thursday, July 27, 2017 2:32 PM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** Here is my signed document ("2520 Ne 16th Assignment")

Hi Val,

I am buying this property from a wholesaler named Devell. I didn't put the assignment amount because I want to make sure the whole cost of purchase will be $16,000. He has it under contract for 10k and he is coming to sign today and give you the original contract. Thank you!

Thank you,
Tarek Wazzan
405-414-5944

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.





# ATTACHMENT 4

| Escrow Officer: | Kaitlin Howard |
| Processor / Assistant: | Valerie Garcia |

Escrow Officer:	Kaitlin Howard
KaitlinH@ctt.com

Processor / Assistant:	Valerie Garcia
valerie.garcia@ctt.com

Source of Business:	Kevo Properties	Marketing Rep(s):	Christopher Morris

| Transaction Type | Order Type | Product Type | Policy Type |
|---|---|---|---|
| Purchase | Title & Escrow | Purchase/Resale | Owners Only |

Order Opened Date:	July 27, 2017	Product Due:	August 8, 2017
Order Opened By:	Darci Smith	Closing Date:	August 15, 2017
	Disbursement Date:	August 15, 2017

Sales Price:	$ 10,000.00	Loan Amount(s):	$ 0.00

Policy Code: OKCTCT-01 Std Owner

Owners Policy(ies):	Loan Policy(ies):
ALTA Owner's Policy 2006
    Liability:    $ 10,000.00
    Premium:  $ 215.00

Order Status:	In process	Underwriter: Chicago Title Insurance Company
Title Status:		Related Order(s):
Escrow Status:	In process

## PROPERTY(IES):

### 2520 NE 16th St, Oklahoma City, OK 73117

| Tax/Map ID(s):    020050140 | County:    Oklahoma |
| | Subdivision:    Hassman Heights Add |
| | Property Type:    Single Family |

Brief Legal:  Lot(s): 15-16  Block: 1  Subdivision: Hassman Heights Add  Tax/Map ID(s): 020050140

## BUYER:

Name:  Devell Hubbard
AKA:
Home:	Work: (405)414-4178
Cell:	Fax:
Email:

Current Address:	6314 N Meridian, Oklahoma City, OK 73112
Forwarding Address:	2520 NE 16th St, Oklahoma City, OK 73117

## SELLER:

| Estate of Ceola M Zenox | Danny Lenox |
| | Email: |
| Phone:    Fax: | |
| Email: | |

## LISTING AGENT:  (Source of Business)

| Kevo Properties                    KEVO5225 | Contact:  Tarek Wazzan |
| 5225 N. Shartel, #101 | 5225 N. Shartel, #101 |
| Oklahoma City, OK 73118 | Oklahoma City, OK 73118 |
| Phone:  (405)494-7222      Fax: | Phone:                          Fax: |
| Email: | Cell:    (405)414-5944 |
| Reference No.: | Email:   tarekinvestments@gmail.com |
| Marketing Rep(s): | |
| Christopher Morris | |

Phone: (800)721-5558     Fax:
Email:
Reference No.:

## SETTLEMENT AGENT:.

| | |
|---|---|
| Chicago Title Oklahoma Co.                    CTO-405<br>5617 N Classen Blvd., Suite 200<br>Oklahoma City, OK 73118<br>Phone: 405-848-2140      Fax: 405-848-2305<br>Reference No.: | **Contact: Kaitlin Howard, Escrow Officer**<br>5617 N Classen Blvd., Suite 200<br>Oklahoma City, OK 73118<br>Phone: 405-607-8352      Fax:<br>Cell:<br>Email: KaitlinH@ctt.com |

## SURVEYOR:.

| | |
|---|---|
| Hale & Associates Survey                    HALO1601<br>1601 S.W. 89th, Suite C-200<br>Oklahoma City, OK 73159<br>Phone: (405)681-0174      Fax:<br>Email: survey@halesurvey.com<br>Reference No.:<br>Marketing Rep(s):<br>David Patrick | |

## TITLE COMPANY:.

| | |
|---|---|
| Chicago Title Oklahoma Co.                    CHIO3401<br>3401 NW 63rd, Suite 300<br>Oklahoma City, OK 73116<br>Phone: 405-840-9191      Fax: 405-843-0568<br>Email: LenderExpress@ctt.com<br>Reference No.: | |

## UNDERWRITER:.

| | |
|---|---|
| Chicago Title Insurance Company                    CT<br>P.O. Box 45023<br>Jacksonville, FL 32232-5023<br>Phone: (800)654-7041      Fax:<br>Reference No.: | |

## ORDER NOTES

| 07/27/2017 | Darci Smith | Abstract out per GET, last ordered First American 6/24/17 |
|---|---|---|
| 07/27/2017 | Darci Smith | Assignment fee $6,000 |
| 07/27/2017 | Darci Smith | Assignee Wazzan Properties LLC |

# ATTACHMENT 5



# CHICAGO TITLE
## OKLAHOMA

5617 N Classen Blvd., Suite 200
Oklahoma City, OK 73118
Phone: 405-848-2140 / Fax: 405-848-2305

## SURVEY ORDER REQUEST

Hale & Associates Survey
1601 S.W. 89th, Suite C-200
Oklahoma City, OK 73159

Phone: (405)681-0174 Fax:

**Date:** July 27, 2017
**File No.:** 714051701245-KDH

- ☑ Mortgage Inspection Order
- ☐ Pin Survey
- ☐ Pre-Construction

**Ordered by:** Valerie Garcia
**Need Date:** August 3, 2017
**Buyers:** Devell Hubbard
**Property:** 2520 NE 16th St
**City:** Oklahoma City
**Legal:** Lot(s): 15-16  Block: 1  Subdivision: Hassman Heights Add  Tax/Map ID(s): 020050140
**Notes:**

**Office:** Chicago Title Oklahoma Co.
**Date Ordered:** July 27, 2017

**County:** Oklahoma

# ATTACHMENT 6

## Standard Purchase and Sale Agreement

This agreement is made this ___2nd___ day of ___August___ 20 _17_

between Seller(s)___RR Homes LLC.___ ___Wazzan Properties___

and Buyer(s)___plain state holdings___

and/or assigns.

Seller agrees to sell and buyer agrees to buy the following described real property together with all improvements and fixtures and the personal property described below:

Street Address___2520 ne 16th st.___

City, State, Zip:___Oklahoma City, Ok___

Legal description: _____

#### The purchase price to be paid as follows:

| | | |
|---|---|---|
| **Earnest Money Deposit** | $ | 1,000.00 |
| **Cash to Seller at Closing** | $ | 35,000.00 |
| **Total Purchase Price** | $ | 35,000.00 |

**1. EARNEST MONEY** to be deposited with a licensed title company or attorney within 48 hours of acceptance and ratification of offer.

**2. PRORATIONS, IMPOUNDS & SECURITY DEPOSITS:** Loan interest, property taxes, insurance, and rents shall be prorated as of the date of closing. All security deposits shall be transferred to buyer at closing. All impound accounts for taxes and insurance are included in the purchase price and shall be transferred to buyer at closing. Any shortage in these accounts shall be charged to seller at closing.

**3. CLOSING DATE AND TRANSFER OF TITLE:** This transaction shall close on or before ___August 20th___, 20 _17_. Closing will be held at ___Chicago Title Oklahoma___ and Seller(s) agree to transfer marketable title free and clear of all encumbrances except those listed and pay any required state taxes or stamps required to record deed and mortgage

**4. DAMAGE TO PROPERTY:** Seller shall maintain property in its current condition and keep it insured against all loss until closing. In the event of destruction covered by insurance, buyer may elect to close and collect the insurance proceeds.

**5. DEFAULTS:** If buyer defaults under this contract, any and all monies deposited by buyer(s) shall be retained by seller as full liquidated damages. If seller defaults, buyer may pursue all remedies allowed by law and seller agrees to be responsible for all costs incurred by buyer as a result of sellers default.

**6. SUCCESSORS AND ASSIGNEES:** The terms and conditions of this contract shall bind all

successors, heirs, administrators, trustees, executors and assignees of the respective parties.

**7. INSPECTION:** (a) Buyer shall have _____0_____ days from Effective Date ("Inspection Period") within which to have such inspections of the Property performed as Buyer shall desire and utilities service shall be made available by the Seller during the Inspection Period; (b) Buyer shall be responsible for prompt payment for such inspections and repair of damage to and restoration of the Property resulting from such inspections; and (c) if Buyer determines, in Buyer's sole discretion, that the condition of the Property is not acceptable to Buyer, Buyer may cancel this Contract by delivering written notice of such election to Seller prior to the expiration of the Inspection Period. If Buyer timely cancels this Contract, the deposit(s) paid shall be immediately returned to Buyer; thereupon, Buyer and Seller shall be released of all further obligations under this Contract.

**8.** In the event of any title related issues, Buyer and Owner agree to extend this STANDARD OFFER TO PURCHASE REAL ESTATE as necessary to allow time for title correction to occur and a proper closing to be scheduled for all parties. Taxes are prorated at closing.

**9. Closing: Seller Will Pay:** Seller will pay _____ 0% _____ Buyer will pay _____ 100%

**10.** There are no other agreements, promises or understandings between these parties except as specifically set forth herein. This legal and binding Agreement will be construed under _____ Oklahoma _____ Law and if not understood, parties should seek competent legal advice. If any signature is faxed or digitally produced it shall have the same legal force and effect as an original ink signature.

**11. Survival of Agreement:** This Agreement shall survive the closing, execution and delivery of the Warranty Deed, as agreed herein by the undersigned. Buyer intends to buy, sell, rent or trade for a profit.

**12. ADDITIONAL TERMS AND CONDITIONS:**

As-Is condition

The undersigned have read the above information, understand it and verify that it is correct.

Date: _____8/2/17_____          Date: _____

Seller: _____         Buyer: _____plain state_____

Seller: _____         Buyer: _____

## Standard Purchase and Sale Agreement

This agreement is made this __2nd__ day of __August__, 20 __17__

between Seller(s) __RR Homes LLC.__

and Buyer(s) _____

and/or assigns.

Seller agrees to sell and buyer agrees to buy the following described real property together with all improvements and fixtures and the personal property described below:

Street Address __2520 ne 16th st.__

City, State, Zip: __Oklahoma City, Ok__

Legal description: _____

The purchase price to be paid as follows:

| | | |
|---|---|---|
| **Earnest Money Deposit** | $ | 1,000.00 |
| **Cash to Seller at Closing** | $ | 35,000.00 |
| **Total Purchase Price** | $ | 35,000.00 |

**1. EARNEST MONEY** to be deposited with a licensed title company or attorney within 48 hours of acceptance and ratification of offer.

**2. PRORATIONS, IMPOUNDS & SECURITY DEPOSITS:** Loan interest, property taxes, insurance, and rents shall be prorated as of the date of closing. All security deposits shall be transferred to buyer at closing. All impound accounts for taxes and insurance are included in the purchase price and shall be transferred to buyer at closing. Any shortage in these accounts shall be charged to seller at closing.

**3. CLOSING DATE AND TRANSFER OF TITLE:** This transaction shall close on or before __August 20th__, 20 __17__. Closing will be held at __Chicago Title Oklahoma__ and Seller(s) agree to transfer marketable title free and clear of all encumbrances except those listed and pay any required state taxes or stamps required to record deed and mortgage

**4. DAMAGE TO PROPERTY:** Seller shall maintain property in its current condition and keep it insured against all loss until closing. In the event of destruction covered by insurance, buyer may elect to close and collect the insurance proceeds.

**5. DEFAULTS:** If buyer defaults under this contract, any and all monies deposited by buyer(s) shall be retained by seller as full liquidated damages. If seller defaults, buyer may pursue all remedies allowed by law and seller agrees to be responsible for all costs incurred by buyer as a result of sellers default.

**6. SUCCESSORS AND ASSIGNEES:** The terms and conditions of this contract shall bind all

successors, heirs, administrators, trustees, executors and assignees of the respective parties.

**7. INSPECTION:** (a) Buyer shall have _____ 0 _____ days from Effective Date ("Inspection Period") within which to have such inspections of the Property performed as Buyer shall desire and utilities service shall be made available by the Seller during the Inspection Period; (b) Buyer shall be responsible for prompt payment for such inspections and repair of damage to and restoration of the Property resulting from such inspections; and (c) if Buyer determines, in Buyer's sole discretion, that the condition of the Property is not acceptable to Buyer, Buyer may cancel this Contract by delivering written notice of such election to Seller prior to the expiration of the Inspection Period. If Buyer timely cancels this Contract, the deposit(s) paid shall be immediately returned to Buyer; thereupon, Buyer and Seller shall be released of all further obligations under this Contract.

**8.** In the event of any title related issues, Buyer and Owner agree to extend this STANDARD OFFER TO PURCHASE REAL ESTATE as necessary to allow time for title correction to occur and a proper closing to be scheduled for all parties. Taxes are prorated at closing.

**9. Closing: Seller Will Pay:** Seller will pay _____ 0% _____ Buyer will pay _____ 100% _____

10. There are no other agreements, promises or understandings between these parties except as specifically set forth herein. This legal and binding Agreement will be construed under _____ Oklahoma _____ Law and if not understood, parties should seek competent legal advice. If any signature is faxed or digitally produced it shall have the same legal force and effect as an original ink signature.

**11. Survival of Agreement:** This Agreement shall survive the closing, execution and delivery of the Warranty Deed, as agreed herein by the undersigned. Buyer intends to buy, sell, rent or trade for a profit.

**12. ADDITIONAL TERMS AND CONDITIONS:**

As-Is condition

_____

_____

_____

_____

The undersigned have read the above information, understand it and verify that it is correct.

Date: _____ 8/2/17 _____          Date: _____

Seller: _____          Buyer: _____

Seller: _____          Buyer: _____

ATTACHMENT 7

# Hale & Associates Survey

Penn Park Center, Building C
1601 SW 89th Street, Suite C-200
Oklahoma City, OK 73159
Tel: (405) 686-0174   Fax: (405) 681-4881

# Invoice

| Date | Survey / Inv. # |
|------|-----------------|
| 8/3/2017 | **20176190** |

**Bill To:**

Chicago Title Oklahoma
Nichols Hills
5617 N Classen Blvd St 200
Oklahoma City, OK 73118

**Deliver To:**

| Sec. / Qtr. | Twn. / Rng. | Atlas No.: | Need By: | Ordered By | File No. | Buyer |
|-------------|-------------|------------|----------|------------|----------|-------|
| | | 117 | RUSH | Valerie Garcia | 714051701245 | Hubbard |

| Service / Description | Amount |
|----------------------|--------|
| Mortgage Inspection | 140.00 |

All of Lots Fifteen (15) and Sixteen (16), in Block One (1), of Hassman Heights, an Addition to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof. Known as 2520 NE 16th St...

**Total:**  **$140.00**

IN CASE OF QUESTIONS ABOUT YOUR INVOICE:
If this invoice is incorrect or additional information is needed, please contact us within 30 days of the Invoice Date.
Hale & Associates Survey Co., Inc. reserves the right to file Mechanics' Lien for collection of unpaid accounts.

## NE 16th St
### -2520-



**Lot 16**   **Lot 15**

Concrete Block Bldg with Concrete Floor Violates Easement

4' Easement to OKC rec In Bk. 2223, Pg. 378

LEGEND
PROPERTY LINE
BUILDINGS
EASEMENT
FENCE
GAS MAINS
BUILDING LINE
EASEMENT LINE
RIGHT-OF-WAY LINE
BRICK

## Mortgage Inspection Report

I, Curtis Lee Hale, a Registered Land Surveyor, do hereby state that a careful inspection has been made under my supervision on the following described property, to wit:

All of Lots Fifteen (15) and Sixteen (16), in Block One (1), of Hassman Heights, an Addition to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof. Known as 2520 NE 16th St...

as shown on the annexed sketch herein and there are no encroachments of dwelling structures except if shown hereon. This Mortgage Inspection report has been prepared for identification purposes for the Mortgagee in connection with a new loan and mortgage and is not intended or represented to be a land or property line survey. No corners were set. Do not use this sketch for establishing fence or building lines. The accompanying sketch is a true representation of the conditions that were found at the time of inspection, and the linear and angular values shown on the sketch, if any, are based on record or deed information and have not been verified unless noted. This inspection was made for loan purposes only and no other responsibility is hereby extended to the land owner or occupant. Dated at Oklahoma City, Oklahoma on this 7th of August, 2017.

Inspection Number: 20176190
Title Company: CT/NH
File Number: 714051701245
Buyer: Hubbard

Licensed Land Surveyor (Not Valid Without a Signature)

CURTIS LEE HALE L.S. 1084

REGISTERED LAND SURVEYOR OKLAHOMA

Hale & Assoc. Survey Company

Land Surveying and Planning
1601 SW 89th Street, Building C, Suite 200
Oklahoma City, Oklahoma 73159
Tel.: (405) 686-0174 · Fax: (405) 681-4981
C.A.: 819 · Exp.: June 30, 2019
www.halesurvey.com

# ATTACHMENT 8

 **CHICAGO TITLE**
OKLAHOMA

| | |
|---|---|
| **Title Officer/Examiner:** | |
| | **714051701271** |
| **Escrow Officer:** Kaitlin Howard KaitlinH@ctt.com | |
| | ***SEE ORDER NOTES*** |
| **Processor / Assistant:** Valerie Garcia valerie.garcia@ctt.com | |
| **Source of Business:** Kevo Properties | **Marketing Rep(s):** Christopher Morris |

| Transaction Type | Order Type | Product Type | Policy Type |
|---|---|---|---|
| Purchase | Title & Escrow | Purchase/Resale | Simultaneous |

**Order Opened Date:** August 3, 2017
**Order Opened By:** Darci Smith

**Product Due:** August 17, 2017
**Closing Date:** August 20, 2017
**Disbursement Date:** August 20, 2017

**Sales Price:** $ 35,000.00

**Loan Amount(s):** $ 0.00

**Policy Code:** OKCTCT-01 Std Own / Std Loan

**Owners Policy(ies):**
ALTA Owner's Policy 2006
Liability: $ 35,000.00
Premium: $ 215.00

**Loan Policy(ies):**
ALTA Loan Policy 2006
Liability: $ 0.00
Premium: $ 0.00

**Order Status:** In process
**Title Status:**
**Escrow Status:** In process

**Underwriter:** Chicago Title Insurance Company
**Related Order(s):**

---

**PROPERTY(IES)**

**2520 NE 16th St, Oklahoma City, OK 73117**

Tax/Map ID(s): 020050140

County: Oklahoma
Subdivision: Hassman Heights Add
Property Type: Single Family

Brief Legal: Lot(s): 15-16 Block: 1 Subdivision: Hassman Heights Add Tax/Map ID(s): 020050140

---

**BUYER**

Plain Slate Holdings

Phone: Fax: *Raya 917-797-9944*
Email: *raya 3t3e@yahoo*

---

**SELLER**

RR Homes LLC

Phone: Fax:
Email:

---

**LISTING AGENT (Source of Business)**

Kevo Properties
5225 N. Shartel, #101
Oklahoma City, OK 73118
Phone: (405)494-7222    Fax:
Email:
Reference No.:
Marketing Rep(s):
Christopher Morris

KEVO5225

Contact: Tarek Wuzzan
5225 N. Shartel, #101
Oklahoma City, OK 73118
Phone: Fax:
Cell: (405)414-5944
Email: tarekinvestments@gmail.com

# OPEN ORDER SHEET
## (ORDER SUMMARY) WITH NOTES
### (continued)

## OTHER:

| | |
|---|---|
| Bancserv<br>22800 Savi Ranch Parkway, Suite 208<br>Yorba Linda, CA 92887<br>Phone: (800)721-5558    Fax:<br>Email:<br>Reference No.: | BANY22800 |

## SETTLEMENT AGENT:

| | |
|---|---|
| Chicago Title Oklahoma Co.<br>5817 N Classen Blvd., Suite 200<br>Oklahoma City, OK 73118<br>Phone: 405-848-2140    Fax: 405-848-2305<br>Reference No.: | CTO-405 |
| **Contact: Kaitlin Howard, Escrow Officer**<br>5617 N Classen Blvd., Suite 200<br>Oklahoma City, OK 73118<br>Phone: 405-607-8352    Fax:<br>Cell:<br>Email: KaitlinH@ctt.com | |

## SURVEYOR:

| | |
|---|---|
| Hale & Associates Survey<br>1601 S.W. 89th, Suite C-200<br>Oklahoma City, OK 73159<br>Phone: (405)681-0174    Fax:<br>Email: survey@halesurvey.com<br>Reference No.:<br>Marketing Rep(s):<br>David Patrick | HALO1601 |

## TITLE COMPANY:

| | |
|---|---|
| Chicago Title Oklahoma Co.<br>3401 NW 63rd, Suite 300<br>Oklahoma City, OK 73116<br>Phone: 405-840-9191    Fax: 405-843-0568<br>Email: LenderExpress@ctt.com<br>Reference No.: | CHIO3401 |

## UNDERWRITER:

| | |
|---|---|
| Chicago Title Insurance Company<br>P.O. Box 45023<br>Jacksonville, FL 32232-5023<br>Phone: (800)654-7041    Fax:<br>Reference No.: | CT |

## ORDER NOTES:

| | | |
|---|---|---|
| 08/03/2017 | Darci Smith | this is a double escrow flip with file # 714051701245 |

# ATTACHMENT 9



**AUTHORIZATION LETTER**

# CHICAGO TITLE
## OKLAHOMA

Kaitlin Howard, Escrow Officer
Chicago Title Oklahoma Co.
5617 N Classen Blvd., Suite 200
Oklahoma City, OK 73118
Phone: 405-848-2140  Fax: 405-848-2305

**File No.:** 714051701271-KDH
**Buyer(s):** Plains States Holdings, LLC
**Seller(s):** Wazzan Properties, LLC
**Property:** 2520 NE 16th St
Oklahoma City, OK 73117

I/We, the undersigned, do hereby authorize Valerie Garcia of Chicago Title Oklahoma to sign any necessary papers on my/our behalf, on the above property.

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

Wazzan Properties, LLC

BY: _____        8-17-17
    Tarek Wazzan, Manager                 Date

BY: _____        8-19-19
    Ahmad Wazzan, Manager                 Date

# ATTACHMENT 10

 **CHICAGO TITLE**
OKLAHOMA

Proceeds from Real Estate Transactions as required by the Internal Revenue Service
*You are required by law to provide Chicago Title Oklahoma Co. with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.*

Branch Address
Chicago Title Oklahoma Co.
5617 N Classen Blvd., Suite 200
Oklahoma City, OK 73118
County Oklahoma

This is important tax information and is being furnished to the Internal Revenue Service, as required by section 1521 of the Tax Reform Act of 1986. If you are required to file a return, a negligence penalty or other sanction will be imposed if this income is taxable and the IRS determines that it has not been reported.

Escrow No.: 714051701271

Date of closing:

**PROPERTY ADDRESS OR LEGAL DESCRIPTION**
2520 NE 16th St, Oklahoma City OK 73117

Assessor's Parcel Number (APN) -

**PROCEEDS FOR THIS SALE WENT TO:** (MULTIPLE SELLERS - Use one form for each seller. Treat husband and wife as one seller (filing joint tax returns) unless requested otherwise, then separate forms must be used.)

1. _Warran Properties LLC_
Sellers Name (First, MI, Last or Entity Name)

2. _____
Spouse or Personal Representative

Federal Tax ID# for this seller
(List only the Tax ID# for the seller listed on Line 1, spouse Tax ID# not required. Executor/Trustee should not list their name as the seller unless they are going to report the proceeds on their personal income tax return. Disregarded entities should provide the name and Tax ID# of the responsible person/entity.)

**TOTAL CONSIDERATION**

$ _5000_ Total Consideration
_100_ % Percentage of ownership for this seller
$ _5000_ GROSS Allocated Proceeds
(Total consideration multiplied by percentage of ownership)

☐ Exchange (If checked)

$_____ Tax Credit to Seller (Real property tax credits to seller contained in the 400 series of the HUD-1 or comparable closing statement form).

**MAILING ADDRESS AFTER CLOSE:**
_2410 W. Memorial Rd. Ste. C 308_
_OKC, OK 73134_

☐ Check here if the address is outside of the U.S.A.

☐ Check here if you are a foreign person per IRS regulations (nonresident alien, foreign partnership, foreign estate, or foreign trust). Do not sign below.

Under penalties of perjury, I certify that I am a U.S. person or U.S. resident alien and the number shown on this statement is my correct taxpayer identification number.

_signature_                          _8-17-17_
Transferor's Signature                Date

_____          _____
Spouse                               Date

Retain for 4 years

# CHICAGO TITLE
## OKLAHOMA

The undersigned, being a person authorized to sign documents on behalf of Wazzan Properties LLC, herein referred to as "Entity", hereby certifies and affirms that in accordance with the governing documents of the Entity the transaction generally referred to as the sale of certain real property to Wazzan Properties LLC or the refinancing of certain real property with lender All America Bank has been authorized by such Entity. The real property referred to herein is described on the attached Exhibit "A". Dated this 23rd day of August, 2017.

Entity name:     Wazzan Properties LLC

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

AUTHORIZED SIGNOR:

_Ahmad Wazzan_
_____
Printed Name

_____
Signature

_Manager_
_____
Title

# EXHIBIT "A"
## Legal Description

**For Tax Map ID(s):**     **020050140**

All of Lots Fifteen (15) and Sixteen (16), in Block One (1), of Hassman Heights, an Addition to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.

# ATTACHMENT 11

**Garcia, Valerie**

| | |
|---|---|
| **From:** | Saxon, Cheryl |
| **Sent:** | Friday, September 22, 2017 3:15 PM |
| **To:** | Garcia, Valerie |
| **Subject:** | RE: 714051701245 |

Yes that is correct

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Friday, September 22, 2017 2:37 PM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

Ok thanks!

I need to get the PR deed from that attorney, correct?

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK 73118
405-848-2140 main
405-848-2305 fax
www.chicagotitleoklahoma.com



Wire Fraud Alert ®

# CHICAGO TITLE
## OKLAHOMA

**From:** Saxon, Cheryl
**Sent:** Friday, September 22, 2017 2:29 PM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

That is when I'd prefer to close. After the court has approved the sale.

Cheryl Saxon
Attorney

Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Friday, September 22, 2017 2:12 PM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

I will let them know. That would be the earliest right?

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK  73118
405-848-2140  main
405-848-2305  fax
www.chicagotitleoklahoma.com



Wire Fraud Alert
⊗

⊕ CHICAGO TITLE
OKLAHOMA

**From:** Saxon, Cheryl
**Sent:** Friday, September 22, 2017 2:04 PM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

The afternoon of October 18 would be the best day.  Is that a problem?

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Friday, September 22, 2017 1:56 PM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

They want to close asap.

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK  73118

405-848-2140  main
405-848-2305  fax
www.chicagotitleoklahoma.com



Wire Fraud Alert

# CHICAGO TITLE
## OKLAHOMA

**From:** Saxon, Cheryl
**Sent:** Friday, September 22, 2017 1:53 PM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

The publishers affidavit of the notice of sale was filed in the case. The actual notice of sale has not been filed. The notice of sale should be filed in the case also.

The application for order approving sale of real property does not say who the purchaser is. I'm assuming it was Wazzan. The hearing on the application is set for October 18.

When are you supposed to close?

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Friday, September 22, 2017 12:57 PM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

Hi Cheryl,

Please see attached.

Thanks!

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK  73118
405-848-2140  main
405-848-2305  fax
www.chicagotitleoklahoma.com

3


· Wire Fraud Alert



**From:** Saxon, Cheryl
**Sent:** Wednesday, September 20, 2017 10:51 AM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

In his email he says he is going to provide proof. I'll need to see everything that was filed.

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Wednesday, September 20, 2017 10:50 AM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

# Do you want me to request the documents from him?

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK 73118
405-848-2140 main
405-848-2305 fax
www.chicagotitleoklahoma.com



**From:** Saxon, Cheryl
**Sent:** Wednesday, September 20, 2017 10:47 AM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

I need to see what they have done. The documents have not been filed in the case or are not showing up on the docket. Very strange.

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Wednesday, September 20, 2017 10:23 AM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

## From Roe:

The hearing on the Order was in July. We published Notice of the Sale two times, and I will provide proof of that to your attorney. All that is left at this point is the "Return".

Let me know how you want to proceed?

## Still a no go?

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK 73118
405-848-2140 main
405-848-2305 fax
www.chicagotitleoklahoma.com



**From:** Saxon, Cheryl
**Sent:** Wednesday, September 20, 2017 10:14 AM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

The order allowing the sale to be made at public sale was filed on September 15. The order states that a notice of sale is to be filed and published 2 times. As of today no notice of sale setting the time and place for the sale appear on the docket. The notice of sale has to be published 2 times prior to the date set for the sale.

Once the date for the sale has passed, a return of sale should be filed. The hearing for the confirmation of sale has to be published 1 time ten days prior to the date of the hearing.

If we were just waiting on the confirmation and the other steps were completed, I might contemplate letting you close. But the notice of sale has not been filed. The return of sale has not been filed. The steps to complete this are going to take at least 30 days.

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Tuesday, September 19, 2017 10:46 AM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

## Here is the attorneys response:

We have to follow the long form. We have one heir that has been somewhat troublesome in resolving this estate, so I think it best to follow the long form.

We already have a properly notice, and published order authorizing the sale. We just need to seek approval of the sale at this point. I do not anticipate any issues with that, but want to make sure your attorney is satisfied so the issue does not come back at a future date.

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK 73118
405-848-2140 main
405-848-2305 fax
www.chicagotitleoklahoma.com



**CHICAGO TITLE**
OKLAHOMA

**From:** Saxon, Cheryl
**Sent:** Friday, September 15, 2017 12:10 PM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

If the sales proceedings were further along, maybe. At this point we need to run it by Ken once we find out how he is proceeding.

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Friday, September 15, 2017 11:55 AM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** RE: 714051701245

I forwarded your questions on to the attorney and will let you know. The Wazzans are immediately selling to another buyer, this is a double escrow flip. Could we even do a dry closing in this case?

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK  73118
405-848-2140  main
405-848-2305  fax
www.chicagotitleoklahoma.com

 CHICAGO TITLE
OKLAHOMA

**From:** Saxon, Cheryl
**Sent:** Friday, September 15, 2017 11:38 AM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** RE: 714051701245

The prior attorney started sales proceedings in the case, but never got an order to sell and did not follow through with the remaining steps for the sale of the property. Mr. Simmons just took over the case. How is planning on proceeding with the sales proceedings? Is he doing a Section 239 sale or is he planning on proceeding with the long form of sales proceedings? I'm not willing to do a dry closing at this stage without some indication of what process is being used. Is Wazzan willing to wait? They are not usually in a big hurry.

Cheryl Saxon
Attorney
Chicago Title Oklahoma
405-810-2451

**From:** Garcia, Valerie
**Sent:** Friday, September 15, 2017 10:59 AM
**To:** Saxon, Cheryl <CherylS@Ctt.com>
**Subject:** 714051701245

Hi Cheryl,

Please see below from the attorney and advise if we are able to "dry close".

Thanks!

**Valerie Garcia**
5617 N. Classen Blvd, Ste. 200
Oklahoma City, OK 73118
405-848-2140 main
405-848-2305 fax
www.chicagotitleoklahoma.com


CHICAGO TITLE
OKLAHOMA

**From:** Roe Simmons [mailto:roe@smithsimmons.com]
**Sent:** Friday, September 15, 2017 10:52 AM
**To:** Garcia, Valerie <valerie.garcia@ctt.com>
**Subject:** Lennox

Valerie,

We are waiting on the Order Approving sale, which I believe is all your Title Attorney requires. Due to the fact the individuals involved in this transaction do not have a realtor, I suggest we do a dry closing and you hold the funds in escrow to be released to the Estate when the Order is presented to you.

I have done this in the past with other title companies, because buyers tend to become restless with the process involved in Probates.

Please let me know if this is acceptable.

Roe

Roe T. Simmons | Attorney & Counselor
252 N.W. 70th Street
Oklahoma City, Oklahoma 73116
P: (405) 843-1000 | F: (405) 843-1005

3131 McKinney Ave., Suite 600
Dallas, Texas 75204
P: (214) 272-0964 | F: (214) 272-0965

NOTICE: This electronic mail transmission and any attachments contain information that is confidential and/or legally privileged. The information belongs to the sender and is intended only for the use of the person or entity to whom it is addressed. If you are not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this

8

electronic mail transmission and/or its attachments is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 405-843-1000 to arrange for the return of the message and any attachments. Thank you.

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.

# ATTACHMENT 12

# SELLER'S LIEN AFFIDAVIT

STATE OF _____

COUNTY OF _____

**File No.:**   714051701245-KDH

KNOW ALL MEN BY THESE PRESENTS:

The Undersigned SELLER, being first duly sworn, upon oath makes the following statements:

1. SELLER is now in possession of and has contracted to sell certain real estate being described as follows:

   **For Tax Map ID(s):**   020050140

   All of Lots Fifteen (15) and Sixteen (16), In Block One (1), of Hassman Heights, an Addition to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.

2. That all improvements on said premises are complete in every respect and that no further expense will be incurred for the completion of said improvements whereby anyone would be entitled to file a mechanic's or materialman's lien, except as follows:

   NONE

3. That no person or firm has claim to or against said premises for any reason whatsoever; that there is no suit or proceeding pending anywhere affecting said premises; that all bills for labor and services rendered and materials furnished in or for the improvement of said premises or any part thereof have been, or will be paid; that said SELLER is the owner of all personal property, chattels and fixtures attached to and appurtenant to or used in the operation of said premises and that none of said personal property, chattels and fixtures aforesaid has been bought under an agreement that title to them is not to vest until they are paid for, nor under any lease arrangement; that said premises, including all of said personal property, chattels and fixtures used in connection with the operation of said premises, are now free and clear of all taxes, encumbrances, security interests, special assessments, liens, judgments, bankruptcy or charges of every nature, except as follows:

   NONE

4. That no contract has been entered into for the sale or conveyance of said premises by the undersigned or to the knowledge of the undersigned; and that there is outstanding no unrecorded deed, mortgage or other conveyance thereof executed by the undersigned or to the knowledge of the undersigned, except for the contract for sale contemplated in favor of Wazzan Properties LLC.

5. That subject premises is unoccupied, or if occupied, is subject to only ordinary current leases to tenants now in possession, none of which provided for a term in excess of one year and none of which contain any option to purchase, right of renewal or other unusual provision.

6. That the undersigned makes the above statements for the purpose of inducing buyer to purchase above described real estate and for Chicago Title Insurance Company to issue, as agent, a title insurance policy or policies.

DELIVERED this 18th day of October, 2017.

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

**SELLER:**

Estate of Ceola M Lenox

BY: _Dannie Lenox_
Dannie Lenox, Personal Representative

## ACKNOWLEDGMENT

The State of OKLAHOMA

County of OKLAHOMA

Subscribed and sworn before me, a Notary Public in and for said County and State the day and year last above written.

Notary Public in and for the State of _____
Notary's Printed Name: _____
Notary's Commission Expires: _____

# ATTACHMENT 13



**CHICAGO TITLE**
OKLAHOMA

DOUBLE ESCROW DISCLOSURE
ACQUISITION ESCROW

**Date:** October 19, 2017
**Escrow No.:** 714051701245-KDH
**Property:** 2520 NE 16th St, Oklahoma City, OK 73117

The closing of this escrow is subject to and contingent upon the concurrent closing of Escrow No. 714051701271 ("Resale Escrow"), wherein Buyer herein is selling the subject property at an increased purchase price.

Seller acknowledges that proceeds from the Resale Escrow transactions are the source of all or part of the purchase price herein. Escrow Holder is authorized and instructed to record all appropriate documents regarding this escrow, even though funds necessary to consummate this transaction will not be transferred to this escrow until after such documents are recorded.

With full knowledge of the foregoing, the parties hereto authorize and instruct Escrow Holder to proceed with the closing of this escrow pursuant to instructions relative thereto. The Parties further agree that Escrow Holder shall have no liability for and shall be held harmless from any matter resulting from Escrow Holder's compliance with these instructions.

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

**SELLER(S):**

Estate of Ceola M Lenox

BY: _____     _10-19-2017_
Dannie Lenox, Personal Representative          Date

**PURCHASER(S):**

Wazzan Properties LLC

BY: _____     _10-19-17_
Tarek Wazzan, Manager          Date

BY: _____     _10-19-17_
Ahmad Wazzan, Manager          Date

# ATTACHMENT 14

20171020011462580 DEED 10/20/2017 12:35:56 PM
Book:13571 Page:1317 PageCount:2     Filing
Fee:$15.00    Doc. Tax:$15.00      State
of Oklahoma      County of Oklahoma
Oklahoma County Clerk     David B. Hooten

## PERSONAL REPRESENTATIVE'S DEED

       This Indenture, made the _18th_ day of October 2017, by and between Dannie Lenox, of the duly appointed, qualified and acting Personal Representative of the Estate of Ceola M. Lenox, Deceased, Party of the First Part, and _Wezzen Properties LLC_, Party of the Second Part,

## WITNESSETH:

       That, whereas, on the _21st_ day of _September_ 2017, the District Court for said County of Oklahoma County, State of Oklahoma, made an Order of Sale, authorizing the Party of the First Part to sell certain real property of the Estate of Ceola M. Lenox, Deceased, situated in Oklahoma County, State of Oklahoma, and specified particularly described in said Order of Sale, either in one parcel or in subdivision, as said Party of the First Part should judge most beneficial to said estate; and which Order of Sale, now on file and of record in said Court, is hereby referred to and made part of this indenture.

       Now therefore, the said Dannie Lenox, Personal Representative of the Estate of said Ceola M. Lenox, Deceased, Party of the First Part, pursuant to the Order of said Court, for and in consideration of the said sum of Ten Thousand dollars ($10,000.00), to him in hand paid by said Party of the Second Part, the receipt whereof is hereby acknowledged, has granted, bargained sold, conveyed, and by these presents does grant, sell and convey unto the said Party of the Second Part, his heirs and assigns forever all the right, title, interest and estate of said Ceola M. Lenox, Deceased, at the time of her death, and also all the right, title and interest that the estate, by operation of law or otherwise, may have acquired, in and to all that certain land situate in said County of Oklahoma, State of Oklahoma, described as follows, to-wit:

## HASSMAN HEIGHTS ADDITION, BLOCK 001, LOTS 15 & 16

or more commonly known as 2520 NE 10th Street, Oklahoma City, Oklahoma, together with all and singular the hereditament and appurtenances thereunto belonging.

       To have and to hold, all and singular, the above described premises, together with the appurtenances, unto the said Party of the Second Part, his heirs and assigns forever.

       In witness whereof, the said Party of the First Part, Administrator as aforesaid has hereunto set his hand the day and year first above written.

71405170-1245
Return to:
CHICAGO TITLE OKLAHOMA
3401 NW 63RD ST., STE.300
OKLAHOMA CITY, OK 73116

_____

Dannie Lenox, *Personal Representative*

## ACKNOWLEDGEMENT

State of Oklahoma      )
                               ) ss.

County of Oklahoma     )

       Be it known, that on this 18th day of October, 2017, personally appeared before me a notary public, within and for the said county and state, Oklahoma, who is known to me to be the person whose name is subscribed to the within and foregoing instrument as the Special Administrator of the Estate of Coela M. Lenox, Deceased, and acknowledged to me that he, as the Personal Representative of said Estate of Coela M. Lenox, deceased, executed the same as his free and voluntary act and deed for the uses and purposes herein set forth.

       In Witness whereof, I have hereunto set my hand and affixed my official seal at my office in said Oklahoma County, State of Oklahoma, the day and year in this indenture last above written.

_____
Notary Public

My Commission Expires _____

