IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONYA PARKS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-23-41-R |
| | ) | |
| AIG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court is in receipt of Plaintiffs' most recent Amended Complaint (Doc. No. 52), filed on January 17, 2023, following transfer of this action from the United States District Court for the Eastern District of Texas. Consistent with the Court's power to regulate its docket, the Court has reviewed the Amended Complaint, which is hereby DISMISSED for the following reasons.[1]

The Amended Complaint spans 30 pages and devotes substantial attention to why venue is proper in the Eastern District of Texas and why certain Defendants are subject to personal jurisdiction in that court. *See, e.g.,* Doc. No. 52, ¶ 3 ("Defendants satisfy the 5th Circuit three-part test for contact with Texas, as explained more fully below. . . so venue is proper in Texas."). This case, however, has been transferred to the Western District of Oklahoma and accordingly those "allegations," which are really arguments, have no place in the Amended Complaint. Furthermore, although the Amended Complaint eventually

---

[1] The Court relies on its inherent power to control its docket in *sua sponte* addressing the Amended Complaint. *See United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir.2010)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31). The shortcomings identified herein are not all inclusive and it is incumbent on Plaintiffs' counsel to ensure that their pleadings comply with the Federal Rules of Civil Procedure and this Court's Local Civil Rules.

addresses each of the five Plaintiffs separately, the claims those persons are attempting to assert are not clear, nor do they clearly identify which Defendants are targeted by any particular claims. Pursuant to Rule 8 of the Federal Rules of Civil Procedure "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ .P. 8(a)(2). The Amended Complaint in this case is neither short nor plain, and in fact certain of the allegations are difficult if not impossible to track. It is clear that all Plaintiffs believe they have been victimized, in different ways, by former Judge Timothy Henderson. However, the general pleading of conspiracies without specific facts in support thereof and allegations against "Defendants" generally are not sufficient to state claims.

Additionally, Rule 10 of the Federal Rules of Civil Procedure requires that a party state its claim in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). When responding, the various Defendants will be similarly required to state their defenses in numbered paragraphs. Plaintiffs' most recent pleading makes such a task virtually impossible. Even such easy tasks as pleading the citizenship of the parties are made convoluted by addressing more than one Defendant in a single paragraph. *See, e.g.,* Doc. No. 52, ¶ 2. The liberal use of footnotes throughout the document creates similar issues; there is no logical manner in which a Defendant can admit or deny a series of lengthy allegations contained in a footnote.

To the extent Plaintiffs have sued government officials in their official capacities, former office holders are not the appropriate official capacity defendants. The Court further notes that Plaintiffs have filed suit against two non-governmental entities, one of which—

AIG—is allegedly the insurance carrier for civil rights claims against the State. However, "[a]s a general rule, Oklahoma law does not permit a plaintiff to bring a direct cause of action against a defendant's insurers." *Lamb v. Scotts Miracle-Gro Co.,* No. 06-cv-32-JHP, 2007 WL 1959289 (E.D. Okla. 2007), citing *Daigle v. Hamilton*, 782 P.2d 1379, 1380 (Okla. 1989).

With regard to requested relief, the Court notes that certain of Plaintiffs' requests are outside the realm of this Court's authority. For example, with regard to Mr. Bednar's claims, the Amended Complaint requests injunctive relief against the Oklahoma Bar Association; however, neither the Executive Director of the OBA nor any members of the Board of Governors are Defendants herein.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure it is counsel's duty to conduct reasonable inquiry and by "signing, filing, submitting or later advocating" for a position counsel certifies that to the best of that person's knowledge, information and belief that the "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Counsel are reminded of this obligation and that significant sanctions can be imposed for failure to comply.  With this understanding, Plaintiffs are hereby granted leave to file an Amended Complaint within fifteen days of entry of this Order. The Amended Complaint shall comport with both the Local Civil Rules and the Federal Rules of Civil Procedure. The parties shall be clearly identified, the claims by each individual Plaintiff against each Defendant, in whatever capacity, shall be clearly and cogently stated. The Amended Complaint shall not address venue or personal jurisdiction

in Texas, as this case is no longer proceeding in Texas but rather was transferred to this Court.

**IT IS SO ORDERED** this 19th day of January 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE