IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONYA PARKS, et al. | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | No.  CIV-2023-041-R |
| | ) | |
| AIG, an insurance company, et al, | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO DISMISS BY DEFENDANTS, MELISSA ABERNATHY, BRETT SLIMP, AND OKLAHOMA COUNTY

''What's been tried once had been tried once before…and before…and before….'' -Stephen King, Pet Sematary. [1]  Like the father in *Pet Sematary*, who buried the dead cat, in a cemetery where dead things are resurrected, Plaintiffs are self-proclaimed whistleblowers attempting to revive dead claims that have been litigated repeatedly in multiple venues and died long ago.  However, the Court should decline Plaintiffs' invitation to resurrect their claims.  To quote Stephen King, ''somethings are better dead.''

## BACKGROUND

Plaintiffs are five individuals who claim their constitutional rights were violated after they exposed illicit activity at the Oklahoma County Courthouse

---

[1] After Ellie Creed's pet cat, Church, was killed by a truck on a busy highway, Ellie's father, Louis, cannot bear to tell her that Church is dead.  Instead, Louis turned to his neighbor, Jud Crandall, who offers to help, and leads Louis past the deadfall of piled logs at the edge of the pet cemetery and through a swamp to an ancient burial ground. Once there, Louis buries Church. The next day, Louis encounters Church in the garage, but Church is no longer sweet and vibrant. In fact, there is something fundamentally wrong with the cat.  In Louis' words, Church appeared ''a little dead.''

involving former Judge Timothy Henderson, other Oklahoma State officials, and Oklahoma County employees. More specifically, Plaintiffs complain that they are victims of coordinated retaliation and harassment in the form of "deprivation of Constitutional rights, loss of property and/or money, and false criminal charges to themselves or immediate family members." [Doc. 69 at ¶ 13].

<u>ARGUMENT AND AUTHORITIES</u>

Defendant Board of County Commissioners of Oklahoma County, along with Defendant Melissa Abernathy and Defendant Brett Slimp, in their individual capacities, (collectively referred to as the "Oklahoma County Defendants") deny that Plaintiffs are entitled to any relief. The Oklahoma County Defendants submit that the allegations of Plaintiffs' Second Amended Complaint are insufficient to state a plausible claim for relief on any Section 1983 theory of liability. Moreover, Defendants Abernathy and Slimp are entitled to qualified immunity in their individual capacities. As such, the Oklahoma County Defendants are entitled to dismissal of the Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

I.    <u>STANDARD OF REVIEW</u>.

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for relief on the grounds that the plaintiff has failed to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the

complaint as true and in the light most favorable to the non-moving party, the complaint does not contain enough facts to state a claim to relief that is plausible on its face.'' *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007)(quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  ''A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  ''Factual allegations must be enough to raise a right to relief above the speculative level.'' *Twombly*, 550 U.S. at 555.  Stated another way: ''the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'' *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Applying these principles to the Second Amended Complaint, the same must be dismissed for failure to state a claim upon which relief may be granted.

## II.   THE SECOND AMENDED COMPLAINT VIOLATES FED. R. CIV. P. 8. AND FED. R. CIV. P. 10.

Fed. R. Civ. P. 8(a) requires that a complaint include ''(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to the relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.''

Without question the Second Amended Complaint rules afoul to Rule 8(a)(2). In fact, the Court dismissed Plaintiffs' Amended Complaint *sua sponte* in part, for failing to comply with the requirements of Rule 8 and Rule 10.  *See* Doc. 60, at p. 2. Like the Amended Complaint, the Second Amended Complaint is neither short nor plain. While the Amended Complaint encompassed thirty pages, the Second Amended Complaint spans over forty pages. Notably, five of the pages are devoted to fallacious allegations directed at Assistant District Attorney Rod Heggy, who is not a party to this lawsuit. Of course, this is Plaintiffs' *modus operandi. See In the Matter of the Estate of Ceola M. Lenox,* Oklahoma County District Court Case No.: PB-2016-72, wherein the Special Master who was appointed by the probate judge to investigate transactions that occurred with respect to real estate owed by the estate, submitted a report, and noted the following about the conduct of the Plaintiffs Gibson and Plaintiff Parks:

> This Probate is very contentious, and has been riddled with very serious accusations of racism, white supremacy, fraud, negligence, etc., as has been asserted by non-parties as discussed below.  The targeted parties of the accusations, in one manner or another, appear to have included every Judge then assigned to this case, every attorney who as been involved in this case, Bill Citty, the then serving Oklahoma City police chief, Gina Hendryx, Chief Disciplinary Counsel for the Oklahoma Bar Association, all attorneys and the assigned Judge in a certain federal court lawsuit filed in the Northern District of Texas (as discussed below), and no doubt, will ultimately be leveled at your Special Master.

Special Master Report, filed on April 5, 2022, at ¶ 4[2]; *see also, State of Okla ex rel. Okla. Bar Assn. v. Bednar,* 2019 OK 12.

Moreover, Rule 10(b) requires a plaintiff to state his or her claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." In the Court's Order dismissing the Amended Complaint, the Court specifically admonished Plaintiffs about the pleading problems with addressing multiple parties in a single paragraph and the liberal use of footnotes. [Doc 60 at p. 2] Ignoring the Court's directive, the Second Amended Complaint not only fails to correct any of the prior pleading problems, but Plaintiffs added more footnotes and included irrelevant and misleading allegations about Assistant District Attorney Rod Heggy to support their efforts to disqualify the Oklahoma County District Attorney's Office from representing the Oklahoma County Defendants in this matter.

Because the Second Amended Complaint fails to comply with the Court's prior Order dismissing the Amended Complaint [Doc. 60], fails to comply with Federal Rules of Civil Procedure, and fails to clearly identify the claims by each Plaintiff against each Defendant, in a clear and logical manner, the Second Amended Complaint should be dismissed, and any request for leave to file a Third Amended Complaint should be denied.

---

[2] The Special Report is available to the public via OSCN, at https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=PB-2016-721&cmid=3416891

III.    PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

When it is clear on the face of the complaint that the claim is timed barred, the court may dismiss the claim at the pleading stage. *See Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017). Civil rights actions brought under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). In Oklahoma, the statute of limitations for personal injuries is two years. *See* Okla. Stat. tit. 12, § 95(A).

Here, Plaintiffs seek a declaratory judgment relating to the "wrongful acts" that purportedly "trigger Defendant AIG policy for 2018-2019". [Doc. 69, at ¶ 15]. In addition, the events that give rise to the purported constitutional claims occurred during the same period.  Therefore, at the very latest, Plaintiffs had until December 31, 2021, to assert their constitutional claims against the Oklahoma County Defendants.  However, Plaintiffs did not file this lawsuit until November 22, 2022, close to a year after the statute of limitations expired. [Doc. 1].  Therefore, because Plaintiffs failed to file this lawsuit within the applicable statue of limitations period, the Second Amended Complaint should be dismissed.

IV.    PLAINTIFFS FAIL TO PLEAD A PLAUSIBLE CONSTITUTIONAL CLAIM AGAINST THE OKLAHOMA COUNTY DEFENDANTS.

1.    *Plaintiff Tonya Parks' Claims*.

Parks' claims as alleged against the Oklahoma County Defendants (specifically the County and Captain Abernathy) boil down to: (1) being placed on

some "watch list," by Defendants Henderson and/or Defendant Prater that directed sheriff deputies to follow her and intimidate her when they saw her at the courthouse; (2) falsely insinuating to Ms. Parks that an investigation into Henderson and courthouse corruption was occurring; and (3) no one investigated the allegations made by Parks and her family. [Doc. 69 at ¶¶ 38-49].

Notably absent are any allegations that clearly and cogently identifies any conduct by Captain Abernathy or any County official or employee, let alone conduct that offends the Constitution. The Tenth Circuit has made it clear that when multiple defendants are sued, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). In fact, the Court made this requirement clear in its Order dismissing the first Amended Complaint. [Doc. 60].

2. *Plaintiff Naynza Cook's Claims*.

Cook's claims are predicated on her son's alleged constitutional rights. However, Section 1983 exists to vindicate personal rights; a plaintiff may not seek redress for the violation of the rights of others. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990); *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982). This principal is founded on the notion that "constitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973).

Thus, in addition to Article III standing, a plaintiff must have prudential standing.  That is to say, a plaintiff must typically assert her own rights, rather than those belonging to third parties.  *Sac and Fox Nation v. Pierce,* 213 F.3d 566, 573 (10ᵗʰ Cir. 2000).  In the present case, Plaintiff Cook lacks prudential standing because she lacks legal authority to sue on behalf of her son.

Cook's convoluted assertion about what happened to her son somehow infringed on her First Amendment rights is equally unavailing.  First, to allege a First Amendment Retaliation claim against a government official, Cooks must adequately allege:  (1) that she "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused her "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct."  *Irizarry v. Yehia,* 38 F.4th 1282, 1288 (10th Cir. 2022).

Here, the Second Amended Complaint is completely devoid of any conduct attributable to the County.  Instead, she makes broad allegations concerning Defendants' collective conduct, no doubt hoping to avoid her obligation to identify the entity or official who was responsible for the alleged violation of her rights.  This, however, does not raise her right to relief against Defendants above a speculative level as required by *Twombly*.  For this reason alone, Plaintiff Cook's claims are subject to dismissal for failure to state a claim upon which relief may be granted.

Even apart from Plaintiff's efforts to shirk her responsibility to identify the officials or bodies that speak with policy-making authority in the areas out of which his purported constitutional violations arise, the allegations in the Second Amended Complaint do nothing to plead a plausible claim for municipal liability against Oklahoma County.

While an action under Section 1983 may be brought against a municipal body or other local government entities, recovery is limited to acts that are officially sanctioned by such an entity; it is for this reason that a plaintiff must demonstrate that the entity's "policy or custom" caused the constitutional tort. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). To establish the existence of a "custom," a plaintiff must demonstrate: (1) a continuing, widespread, and persistent pattern of misconduct; (2) deliberate indifference or tacit approval of misconduct by policy-making officials; and (3) injury to the plaintiff as a result of the custom. *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

Plaintiff does not allege that any of the purported constitutional violations was attributable to a formally adopted policy of Defendant Board of County Commissioners and the allegations in her Second Amended Complaint do nothing to plead a plausible claim for municipal liability against Oklahoma County. In fact, the Second Amended Complaint expressly avers that she seeks to impose vicarious liability on Oklahoma County for the acts of Judge Henerson and District Attorney Prater during her son's criminal prosecution. However, the law is clear that the

County can neither be liable on a theory of *respondeat superior* nor be held to answer for the actions of state employees over which they have no power to control. As Plaintiff cannot establish the existence of any unconstitutional custom or policy of Oklahoma County that contributed to any alleged violation of her constitutional rights, her claims must be dismissed for failure to state a claim upon which relief may be granted.

3. *Plaintiff Bennie Gibson's Claims.*

Like Plaintiff Cook's claim, Plaintiff B. Gibson contends that he exercised his First Amendment rights and complained to Oklahoma authorities about judicial corruption and malfeasance associated with the probate of his mother-in-law's estate (PB-2016-721). According to B. Gibson, instead of investigating the alleged wrongdoings, Oklahoma County and Captain Abernathy conspired with State officials to arrest him and manufacture false criminal charges. [Doc. 69, at ¶¶ 58-66].

Notably absent are any allegations that clearly and cogently identifies any conduct by Captain Abernathy or any County official or employee, let alone conduct that offends the Constitution. The Tenth Circuit has made it clear that when multiple defendants are sued, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th

Cir. 2007).  In fact, the Court made this requirement clear in its Order dismissing the first Amended Complaint. [Doc. 60].

Even apart from Plaintiff's efforts to shirk his responsibility to identify the officials or bodies that speak with policy-making authority in the areas out of which his purported constitutional violations arise, the allegations in the Second Amended Complaint do nothing to plead a plausible claim for municipal liability against Oklahoma County.   Indeed, Plaintiff does not allege that any of the purported constitutional violations was attributable to a formally adopted policy of Defendant Board of County Commissioners and the allegations in her Second Amended Complaint do nothing to plead a plausible claim for municipal liability against Oklahoma County.

The same is true with respect to the claim against Captain Abernathy.  To impose individual liability under § 1983, a plaintiff must first plead sufficient facts showing that the defendant was personally involved in the alleged deprivation. *See Walker v. Mohiuddin,* 947 F.3d 1244, 1249 (10th Cir. 2020). This requires the plaintiff to make clear exactly who is alleged to have done what, to whom, and make clear what each defendant is alleged to have done to personally participate in the constitutional violation.  In addition, Plaintiff must allege a factual basis to support an affirmative link between the constitutional violation and the defendant's participation in the purported violation.  *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009).

The Tenth Circuit has emphasized that ''complaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants.'' *VanZandt v. Oklahoma Dept. of Human Services,* 2008 WL 1945344, at *3 (10th Cir. May 5, 2008) (unpublished opinion) (citing *Robbins v. Oklahoma,* 519 F.3d 1242, 1249 (10th Cir.2008)). ''The *Twombly* standard has greater 'bite' in these contexts, 'reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest stage of a litigation.''' *Id.* (quoting *Robbins,* 519 F.3d at 1249).

### 4. *Plaintiff Frances Gibson's Claims.*

Plaintiff F. Gibson's claims undoubtedly stem from the probate of her mother's state. [Doc. 69, ¶ 67.].  However, the underlying issues surrounding the probate have been raised and litigated in the state court probate matter, as well as in a lawsuit filed by her husband on her behalf in the Northern District of Texas *See Gibson v. Smith Simmons*, CIV-18-594- S-BH.  Therefore, her claims are barred by the *Rooker-Feldman* Doctrine and/or res judicata.  *See Camplbell v. City of Spencer,* 682 F3d. 1278 (10 th Cir. 2012) (noting that under the *Rooker-Feldman* doctrine, lower federal courts, lack jurisdiction to engage in appellate review of claims decided by a state court and claims inextricably intertwined with a prior state-court judgment.); *see also MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005) (the doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment).

Plaintiff clearly recognizes her claims are barred based upon the allegations in ¶ 89 of the Second Amended Claim; namely, ''[r]ecent developments and newly acquired information makes all Plaintiffs' claims ripe and not subject to res judicata from cases filed in Oklahoma or Texas.''

Moreover, like the other Plaintiffs' claims, there are no allegations that clearly and cogently identifies any conduct by Captain Abernathy or any County official or employee, let alone conduct that offends the Constitution. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Therefore, her claims must be dismissed for failure to state a claim upon which relief may be granted

5. *Plaintiff Alex Bendar's Claim.*

Plaintiff Bednar's claims against the Oklahoma County Defendants are not only dead, they are in the advanced stage of decay. Indeed, Bednar has asserted these same allegations in three separate civil cases in filed in Oklahoma County District Court, in his criminal misdemeanor case, in three bankruptcy proceedings in the Western District Bankruptcy Court, in two appeals to the Tenth Circuit Bankruptcy Panel, and several times before the Oklahoma Supreme Court. He did not prevail. In fact, Oklahoma County obtained sanctions totaling $30,582.20, in four sanctions judgments entered against Bednar, (two issued by the Oklahoma Supreme Court and two issued by the District Court of Oklahoma County). These

judgments were entered to sanction Bednar's frivolous and vexatious conduct in various state court matters.

## V.   DEFENDANTS ABERNATHY AND SLIMP ARE ENTITLED TO QUALIFIED IMMUNITY.

''The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.''' *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982)).  Not only does the doctrine shield officials from liability, but it operates as ''an entitlement not to stand trial or face the other burdens of litigation.'' *Mitchell v Forsyth*, 472 U.S. 511, 526 (1985).  As explained by the United States Supreme Court, the doctrine ''balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.''  *Pearson*, 555 U.S. at 231.  Moreover, ''[t]he protection of qualified immunity applies regardless of whether the government official's error is a 'mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.''' *Id.*

Once the doctrine of qualified immunity is invoked, the plaintiff bears a heavy burden of making two showings.  *Reynolds v Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004).   First, the plaintiff must show that the defendant's actions violated a constitutional right.  *Id.*; *see also Pearson*, 555 U.S. at 231.  This inquiry ''must be

whether a constitutional right would have been violated on the facts alleged." *Id.*
Second, the plaintiff must show that the right at issue was "clearly established" at
the time of the alleged misconduct. *Id.* If the plaintiff fails to make both showings,
the defendant must prevail. *Reynolds*, 370 F.3d at 1030.

As noted above, Plaintiffs' generalized allegations fall drastically short of
demonstrating that their constitutional rights were violated, and that Defendants
Abernathy or Slimp were affirmatively linked to the violation. Under these
circumstances, Defendants Abernathy or Slimp are entitled to qualified immunity
from suit because there has been no constitutional violation based upon the facts as
alleged.

Moreover, in order to defeat an assertion of qualified immunity "[a] plaintiff
'cannot simply identify a clearly established right in the abstract and allege that the
defendant has violated it.'" *Herring v. Keenan*, 218 F.3d 1171, 1176 (10th Cir. 2000)
(quoting *Hilliard v. City and County of Denver*, 930 F.3d 1516, 1518 (10th Cir. 1991).
The Second Amended Complaint fails in this regard too. Accordingly, Defendants
Abernathy and Slimp are entitled to qualified immunity, and the individual capacity
claim must be dismissed.

## CONCLUSION

WHEREFORE, the Oklahoma County Defendants respectfully pray that
this Honorable Court will grant their Motion to Dismiss in all respects

.

Respectfully Submitted,

VICKI BEHENNA
DISTRICT ATTORNEY

*/s/ Carri A. Remillard*
Aaron Etherington (OBA 18,259)
Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21,539)
Assistant District Attorneys
Leadership Square
211 N. Robinson, Suite 700 N
Oklahoma City, OK  73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
rod.heggy@oklahomacounty.org
aaron.etherington@oklahomacounty.org
carri.remillard@oklahomacounty.org
ATTORNEYS FOR DEFENDANTS, SHERIFF'S
DEPUTY MELISSA ABERNATHY, SHERIFF'S
DEPUTY BRETT SLIMP AND "OKLAHOMA
COUNTY"

## CERTIFICATE OF MAILING

The foregoing was delivered to the listed counsel of record by the ECF system on the date filed:

Ronnie Musgrove
Atefeh Eva Borghei

ATTORNEYS FOR PLAINTIFF

Stefanie E. Lawson
ATTORNEYS FOR DEFENDANTS,
TIMOTHY HENDERSON, DAVID PRATER,

and MIKE HUNTER

s/Carri A. Remillard