IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONYA PARKS, et al. ) | |
|         Plaintiffs, ) | |
| ) | |
| v ) | No. CIV-2023-041-R |
| ) | |
| AIG, an insurance company, et al, ) | |
|         Defendants. ) | |

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EVIDENTIARY HEARING ON DEFENSE COUNSEL'S STATUS

"The most striking difference between a cat and a lie is that a cat has only nine lives.[1]" Plaintiffs have accused Assistant District Attorney Rod Heggy of engaging in unethical conduct and violating Rule 4.2 of the Oklahoma Rules of Professional Conduct, by communicating with Plaintiffs Tonya Parks and Frances Gibson about excess proceeds from a Tax Resale Auction, involving property owned by Ceola M. Lenox, deceased. In truth, there is no ethical violation by ADA Heggy, nor are there any grounds to disqualify him or the Oklahoma County District Attorney's Office from performing their statutory duties of defending Oklahoma County and its employees in this lawsuit. Rather, this is merely an orchestrated attempt to remove the Oklahoma County District Attorney's Office from defending the County and to assail and besmirch the reputation of their adversaries.

---

[1] Mark Twain.

Page | 1

## BACKGROUND

During the October 20, 2023, telephone conversation that Plaintiff Tonya Parks recorded with Assistant District Attorney Rod Heggy, Parks repeatedly stated she was not represented by an attorney. *See* Doc. 69-11.   Indeed, several times during the conversation, Parks made it clear that she and her mother did not have an attorney.  Specifically, Parks stated:

- "We attempted to find an attorney to do it…nobody will touch it."  Doc. 69-11, p. 3, 05:36.

- "I mean, we've tried multiple ones. I mean, I've literally…." *Id.* at 06:36

- "Ok. And my mother requesting to be that person, my mother and myself requesting that personal representative would not, won't pose an issue for you." *Id.,* p. 7, at 10:25.

The "unauthorized" communications that Plaintiffs now attempt to weaponize against ADA Heggy and the Oklahoma County District Attorney's Office involve the subject matter of excess proceeds between the Oklahoma County Treasurer's Office and the Estate of Ceola Lenox.  Specifically, on June 12, 2023, the Oklahoma County Treasurer sold real property owned by Ceola Lenox at the tax resale auction because the ad valorem taxes went unpaid for over four years. After paying the past due ad valorem taxes, the Treasurer held $40,529.33 in excess proceeds funds.

By statute, [a]ny remaining proceeds shall be held in the separate fund for the record owner of such land, as shown by the county records as of the date the

county resale begins, to be withdrawn any time within one (1) year. No assignment of this right to excess proceeds shall be valid which occurs on or after the date on which the county resale began. At the end of one (1) year, if such money has not been withdrawn or collected from the county, it shall be credited to the county resale property fund." *See* 68 O.S. § 3131(D). In this case, the prior owner was the Estate of Ceola M. Lenox.

Notably, neither the Oklahoma County Treasurer nor the Lenox Estate are parties to this lawsuit. More importantly, on October 20, 2023, during a telephone conversation that Plaintiff Parks recorded, she specifically informed Mr. Heggy that she did not have an attorney. *See* Doc. 69-11, at p. 3, at 05:36. In fact, Parks statement that she did not have an attorney was in direct response to Mr. Heggy explaining that the Oklahoma County Treasurer can only release the excess proceeds to the administrator of Ceola Lenox's estate. *Id.* at 04:58. Mr. Heggy further explained that "there's 30,000 attorneys in Oklahoma. I'm sure one of them will step up and finish this for you" *Id.* at 5:49. Again, Parks' response was "I mean, we tried multiple ones." *Id* at 06:36. In fact, on October 23, 2023, Parks filed a Petition for Letters of Administration in her grandmother's estate. *See In the Matter of the Estate of Ceola M. Lenox,* Oklahoma County Probate Case No.: PB-2016-721. On November 20, 2023, Parks appeared pro se, and was appointed the Administrator of the Estate of Ceola M. Lenox. *Id. See* also, Order of Appointment, attached as Exhibit 1. That same day, the Oklahoma County Treasurer issued a

check payable to the Estate of Ceola M. Lenox by Admin. Tonya Parks, in the amount of $40,529.33. *See* Check, attached as Exhibit 2.

More importantly, at no time did Plaintiff Parks ever convey that Mr. Musgrove was representing her or her mother. In fact, Mr. Musgrove is not licensed to practice law in the State of Oklahoma [Doc. 54], so he would be prohibited from representing either Plaintiffs Parks or Gibson in the Oklahoma County Probate Court matter.

Moreover, in October and November 2023, when the excess proceeds communications occurred, there was no operative complaint pending before this Court. Rather, on January 19, 2023, the Court dismissed the First Amended Complaint, *sua sponte,* after the case was transferred from the United States District Court for the Eastern District of Texas, and gave Plaintiffs leave to file a Second Amended Complaint within fifteen days from the Order. [Doc. 60]. The Court subsequently stayed this matter on February 1, 2023, because the Plaintiffs had appealed the transfer order to the Fifth Circuit. [Doc. 63]. Oklahoma County, Captain Abernathy, and Deputy Slimp were represented by the Texas law firm of Scheef & Stone in both the Eastern District of Texas case and the Fifth Circuit Court of Appeals.

Plaintiffs filed their Second Amended Complaint on February 6, 2024. [Doc. 69]. Tellingly, the Second Amended Complaint spans over forty pages and five of

the pages are devoted to fallacious allegations directed at Assistant District Attorney Rod Heggy, who is not a party to this lawsuit.

Of course, disqualification is a well-known tactic of Plaintiffs. Indeed, as described by the Special Master in his Report to Oklahoma County Probate Court in Case No., PB-2016-721, "[t]he record confirms that Ms. Gibson, primarily through her daughter, Tonay Parks, and Frances Gibson's husband, Bennie R. Gibson, have accused practically everyone who has ever directly or indirectly involved in this Probate proceeding of bias, racism, white supremacy, fraud, negligence, or otherwise." The target of their attacks has included the assigned judges, the attorneys, Gina Hendryx, the Oklahoma City Police, and others. *See* Special Report, filed on April 5, 2022, at ¶ 4 and ¶ 54.[2]

Putting a side Plaintiffs' *modus operandi,* there is no basis to disqualify either ADA Heggy or the Oklahoma County District Attorney's Office from defending the

---

[2] Plaintiff Bednar has repeatedly used this tactic in Oklahoma County District Court Cases: CJ-2015-192, CJ-2020-5931, the Western District Bankruptcy Court Case No.: 19-14021, and the Tenth Circuit Bankr. Panel, Case No. 18-99. In fact, the "manipulated court clerk stamps" alleged by Bednar was first raised in the 10th Circuit on May 6, 2019, in Case No. 18-99, in a reply and a request for sanctions filed by Bednar.[ECF 74-1], ¶15-16 at 4. Bednar did not prevail. He also presented these allegations previously to Judge Trent Pipes in Bednar's Motion to Strike Return of Service, June 3, 2019. Order, CJ-2015-192, June 17, 2019 (Judge Pipes). Bednar did not prevail. Likewise, he has repeatedly made the same accusations and demands for an investigation before numerous other Oklahoma State Court Judges in various motions to recuse, and other filings, in CJ-2015-192, FD-2014-4499, and CM-2019-1723. He did not prevail. This retread never works because the allegations are false. The return of service in question was not "back dated." Indeed, the law enforcement officer that served Bednar is available to testify and has been identified to Bednar repeatedly. While Bednar alleges attorney Noel Tucker wrote a letter on June 19, 2019, on his behalf to the District Attorney of Oklahoma County, he omits the rest of the story. On August 23, 2019, in FD-2014-4499, after serving as Bednar's counsel for less than 90 days, Ms. Tucker moved to withdraw. Ms. Tucker alleged as a basis for the withdrawal that she had "significant philosophical differences pertaining to proper legal representation" and that she was "unable to obtain the documents she has requested from [Bednar]." *See* CJ-2014-4499. Notably, Bednar's unfounded accusations have yet to inspire an investigation. Of course, this is because his "grand conspiracy" theories and other allegations are preposterous and cannot be substantiated.

Oklahoma County, Captain Melissa Abernathy, or Deputy Brett Slimp in this matter, and therefore, the motion should be denied.

### ARGUMENT AND AUTHORITIES

As the Tenth Circuit astutely observed, parties frequently use motions to disqualify as a ligation tactic. *Chavez v. New Mexico,* 397 F.3d 826, 839–40 (10th Cir. 2005). Indeed, a motion to disqualify is "a potent weapon" that can be used as "a successful trial strategy, capable of creating delay, harassment, additional expense, and perhaps even resulting in the withdrawal of a dangerously competent counsel." *See Nuri v. PIC, Inc.,* 5 F.Supp.2d, 1299, 1304 (M.D. Ala. 1998) citing to *Developments in the Law: Conflict of Interest in the Legal Profession,* 94 Harv.L.Rev. 1244, 1285 (1981). Therefore, because disqualification requests can be misused, as a technique of harassment, they must be reviewed with caution and strictly scrutinized. *Dawson v. City of Bartlesville, Okla.* 901 F.Supp. 314 (N.D. Okla. 1995).

I. STANDARD OF REIVEW.

A request to disqualify an attorney in falls "within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." *Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201 (10th Cir. 2000) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994)). Attorneys appearing in this Court are bound by LCvR83.6(b), which adopts the Oklahoma Rules of Professional Conduct, but "because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards

developed under federal law." *Cole*, 43 F.3d at 1383. As the party seeking disqualification, Plaintiffs bear the burden to show that defense counsel's conduct violated a disciplinary rule. *Id.* at 1384

## II.   THERE HAS BE NO VIOLATION OF RULE 4.2 AND DISQUALIFICATION IS NOT WARRANTED

Rule 4.2 of the Oklahoma Rules of Professional Conduct provides as follows:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

As demonstrated by the recorded phone call, the subject of the ADA Heggy's communications with Plaintiffs Park and Gibson was about the excess proceeds from the Tax Resale Auction that occurred on June 12, 2023. [Doc. 69-11]. The Tax Resale Auction is not part of this lawsuit. Rather, Plaintiffs are purported whistleblowers who claim to be victims of harassment and retaliation by Oklahoma State and County officials.

Moreover, the conduct alleged in the Second Amended Complaint occurred between 2017-2019, and according to Plaintiffs, the "wrongful acts" identified in the Second Amended Complaint purportedly "trigger Defendant AIG policy for 2018-2019". [Doc 69, at ¶¶ 15, 49(1), 61, 65, 70, 74, 78 (2), and 93(1)].  To be sure, in Plaintiffs' prayer for relief, at ¶ 5 in the Seconded Amended Complaint states: "[a]ll Plaintiffs seek a declaratory judgment that the 2018-2019 AIG policy provides relief

to them as relevant matters occurred within that policy year….'' In addition, the events that give rise to the purported constitutional claims occurred during the same period.

Moreover, the property that was sold on June 12, 2023, at the Tax Resale Auction, to pay the past due ad valorem taxes belonged to Ceola M. Lenox, who is not party to this matter. Plaintiffs' counsel does not represent the Estate of Ceola M. Lenox and Plaintiff Parks repeatedly told ADA Heggy that they did not have an attorney. The only thing that ADA Heggy did is represent the Oklahoma County Treasurer and ensure that Ceola Lenox's estate received the $40,529.33 in excess proceeds from the Tax Resale Auction. This has absolutely nothing to do with the claims at issue in this lawsuit. Because the communication was not about the subject matter of this lawsuit and Plaintiff Parks repeatedly told ADA Heggy they were not represented by an attorney, there can be no violation of Rule 4.2. *See State ex rel. Okla. Bar Ass'n v. Harper,* 995 P.2d 1143 (Okla.2000).

In *Harper,* the respondent represented GEICO insurance company in a car accident claim involving the insured, the insured's boyfriend who was the passenger, and the couple's baby. *Id.* at 1144-45. An attorney sent a letter representing the insured and the insured boyfriend. *Id.* at 1145. In subsequent letters, the attorney made it clear that he represented interests that were adverse to the insured's. *Id.* After the respondent took a statement under oath of the insured, the attorney representing the insured boyfriend and child filed a grievance

contending that the respondent violated Rule 4.2 by communicating with a person represented by an attorney. *Id.* The Oklahoma Supreme Court found no violation of Rule 4.2 because the bar association had failed to make the requisite showings that (1) the communication in question concerned a matter on which the insured was represented; or (2) that the attorney had actual knowledge that the insured was represented by an attorney. *See Harper,* 995 P.2d at 1147–48.

Significant to the court's decision in *Harper,* the attorney involved in the communications had several bases for believing that the person in question was *not* represented by an attorney, including specific evidence to that effect. *See id.* at 1145–1146 (recounting facts). In fact, at the beginning of the statement under oath, the respondent asked the insured if she wanted to have an attorney present, and the insured replied that she did not need an attorney, and at no time, did she ever indicated that she was represented by an attorney. *Id.* at 1146.

Like the respondent in *Harper,* Mr. Heggy told Plaintiff Parks to retain an attorney to help her handle claiming the excess proceeds from the Tax Resale Auction on behalf of the Estate of Ceola M. Lenox. The communications between Mr. Heggy and Plaintiffs involved the subject matter of excess proceeds from a tax resale auction and not the subject matter of this lawsuit. In fact, Parks repeatedly denied having an attorney, and at no time did she ever indicate that she or her mother were represented by Mr. Musgrove. At the time of the communications at issue, there was no pending Complaint before this Court and the Plaintiffs were still

actively involved in the appeal to the Fifth Circuit, an appeal that they filed on January 12, 2023, and was not concluded in the Fifth Circuit until December of 2023.

Moreover, disqualification is only appropriate where the offending attorney's conduct threatens to "taint the underlying trial" with a serious ethical violation. *See Am. Plastic Equip., Inc. v. Toytrackerz, LLC,* No. CIV.A. 07-2253-DJW, 2009 WL 902424, at *8–9 (D. Kan. Mar. 31, 2009). Without a doubt, there has been no such threat here. On the contrary, Mr. Heggy did not learn any confidential information from the Plaintiffs. Without question, his interactions were only about the excess proceeds. In fact, as demonstrated in Defendants' Motion to Dismiss, Plaintiffs claims are subject to dismissal for a variety of reasons. However, they are **not** subject to dismissal because Ms. Parks, in her capacity as the newly appointed Administrator of the Estate of Ceola Lenox, accepted the excess proceeds on behalf of the Estate, who is not a party to this lawsuit. Simply put, the release does not and cannot bar the individually alleged constitutional claims raised in this lawsuit.

Finally, in determining whether to disqualify counsel under Rule 4.2, the Court must remain mindful that Defendants have the right to select its own counsel, although not an absolute right, should not be overridden except where compelling reasons exist. *Id.* In fact, by law, "the district attorney or assistant district attorneys **shall** prosecute or defend in all courts, state and federal, in any county in this state, all civil actions or proceedings in which any county in the district is interested, or a party…." *See* 19 O.S. § 215.4. (Emphasis added). Of course, Plaintiffs are fully

aware of the District Attorney's statutory duties because they cite to 19 O.S. § 215.25, which addresses the duty to defend County employees. Nonetheless, they erroneously argue that Oklahoma law prohibits the District Attorney from representing any of the Oklahoma County Defendants in the matter because Plaintiffs claims the Oklahoma County Defendants engaged in bad faith misconduct. [Doc. 72, at ¶ 21]. Plaintiffs' assertion is flat wrong. Indeed, as specifically provided in 19 O.S. § 215. 26 (A), it is the District Attorney who decides whether Oklahoma County and its employees have acted in good faith in performing their duties.

## CONCLUSION

WHEREFORE, the Oklahoma County Defendants respectfully pray that this Honorable Court will deny Plaintiffs' motion to disqualify in all respects.

Respectfully Submitted,

VICKI BEHENNA
DISTRICT ATTORNEY

/s/ *Carri A. Remillard*
Aaron Etherington (OBA 18,259)
Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21,539)
Assistant District Attorneys
Leadership Square
211 N. Robinson, Suite 700 N
Oklahoma City, OK  73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
rod.heggy@oklahomacounty.org
aaron.etherington@oklahomacounty.org
carri.remillard@oklahomacounty.org
ATTORNEYS FOR THE OKLAHOMA COUNTY DEFENDANTS

CERTIFICATE OF MAILING

The foregoing was delivered to the listed counsel of record by the ECF system on the date filed:

Ronnie Musgrove
Atefeh Eva Borghei

ATTORNEYS FOR PLAINTIFF

Stefanie E. Lawson
ATTORNEYS FOR DEFENDANTS,
TIMOTHY HENDERSON, DAVID PRATER,
and MIKE HUNTER

s/Carri A. Remillard