IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONYA PARKS, et al.                        )
                 Plaintiffs,        )
                                )
v                                          )        No.  CIV-2023-041-R
                                )
AIG, an insurance company, et al,          )
                 Defendants.        )

**MOTION TO DISMISS PLAINTIFF ALEXANDER BEDNAR'S THIRD AMENDED COMPLAINT BY DEFENDANTS BRETT SLIMP AND OKLAHOMA COUNTY**

Plaintiff Alexander Bednar's Third Amended Complaint is yet another cycle in the Sisyphean saga.[1]  Since 2018, Bednar has managed to drag Oklahoma County, its elected officials, and its employees on a Sisyphean odyssey.  Indeed, Bednar has asserted these same allegations in three separate civil cases filed in the District Court of Oklahoma County, State of Oklahoma, in a criminal misdemeanor case, in multiple bankruptcy and adversary proceedings in the Bankruptcy Court for the Western District of Oklahoma, in two appeals to the Tenth Circuit Bankruptcy Panel, and several times before the Oklahoma Supreme Court.[2]  Bednar did not prevail. This retread never works because the allegations are false and cannot be substantiated.

---

[1] In Greek mythology, Sisyphus was the ruler of Corinth.  Infamously known for his cunning and trickery, Sisyphus managed to cheat death twice. In the end, he received his comeuppance, when Zeus condemned Sisyphus to spend eternity in the underworld where he had to push a large boulder up a steep hill. Unfortunately, his efforts were always in vain, because whenever Sisyphus approached the top of the hill, the rock would roll right back down again, forcing Sisyphus to start his labor all over again.

[2] *See* Oklahoma County District Court Cases: CJ-2015-192, CJ-2018-5212, CJ-2020-5931; Western District Bankruptcy Court Case No.: BK-15-1191, Adv No. 18-01096-TRC; BK No. 19-12845, BK No. 19-14021, Adv. Po. 20-01002, and the Tenth Circuit Bankr. Panel, Case No. WO-18-99; WO-20-041, and WO-20-042.

As aptly stated by President Franklin D. Roosevelt, in a radio address delivered on October 26, 1939, "Repetition does not transform a lie into the truth."

**ARGUMENT AND AUTHORITIES**

Defendant Board of County Commissioners of Oklahoma County ("BOCC") and Defendant Brett Slimp, in his individual capacity, (collectively referred to as the "Oklahoma County Defendants") deny that Bednar is entitled to any relief.  First, the Third Amended Complaint fails to comply with Fed. R. Civ. P. 8 and 10. Second, the claims are barred by the *Rooker-Feldman* Doctrine. Third, the claims are barred by the statute of limitations. Fourth, the Third Amended Complaint fails to state a plausible claim for relief under any §1983 theory of liability.  Finally, Defendant Slimp is entitled to qualified immunity.  As such, the Third Amended Complaint should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## I.    STANDARD OF REVIEW.

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a claim for relief on the grounds that the plaintiff has failed to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6).  A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007)(quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Stated another way: "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  Applying these principles to the Third Amended Complaint, the same must be dismissed for failure to state a claim upon which relief may be granted.

## II.   THE SECOND AMENDED COMPLAINT VIOLATES FED. R. CIV. P. 8. AND FED. R. CIV. P. 10.

Fed. R. Civ. P. 8(a) requires that a complaint include "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to the relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Without question Bednar's Third Amended Complaint runs afoul to Rule 8(a)(2). In fact, the Court dismissed the Amended Complaint *sua sponte* in part, for failing to comply with the requirements of Rule 8 and Rule 10. *See* Doc. 60, at p. 2.  The Court also dismissed the Second Amended Complaint for failing to comply with Rule 8. [Doc. 112].

Moreover, Rule 10(b) requires a plaintiff to state his or her claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  In the Court's Order dismissing the Amended Complaint, the Court specifically admonished Plaintiffs about the pleading problems with addressing multiple parties in a single

paragraph and the liberal use of footnotes. [Doc 60 at p. 2].  Dismissing the Second Amended Complaint for failing to comply with Rule 8, the Court once again emphasized Fed. R. Civ. P. 8(a)(2)'s mandatory pleading requirements.  [Doc. 112]. Even a cursory review of the Third Amended Complaint reveals Bednar's failure to correct any of the pleading deficiencies identified by the Court in the two prior dismissals.  In fact, comparing the Second Amended Complaint [Doc. 69] to the Third Amended Complaint [Doc. 139], it is abundantly clear that the Third Amended Complaint is a regurgitation of the same convoluted and disjointed allegations. [*Cf.* Doc. 69, at ¶¶ 4-5, 8, 11, 16-20, 79-82, 85 -89, 91-93 to Doc. 139, at ¶¶ 4-5, 7, 28, 30-44.]

Because the Third Amended Complaint fails to comply with the Federal Rules of Civil Procedure, it should be dismissed, and any request for leave to file a Fourth Amended Complaint should be denied.

### III.    BEDNAR'S CLAIMS ARE BARRED THE *ROOKER FELDMAN* DOCTRINE.

A federal district court is not a conduit for a legal mulligan. When a litigant loses in state court, the *Rooker-Feldman* doctrine prohibits the state court loser from seeking a "do over" in federal court. *Mo's Express v Sopkin*, 441 F3d 1229, 1237 (10th Cir. 2006); *Velasquez v Utah*, 775 Fed. Appx. 420, 422 (10th Cir. 2019).  *See also, Erlandson v Northglenn Municipal Court*, 528 F3d 785, 790 (10th Cir. 2008) (conviction and fine for littering) ("As a result, he was clearly seeking to "upset" or "undo" a prior state-court judgment, and his general constitutional challenges are therefore barred by the *Rooker–Feldman* doctrine.").The premise of the *Rooker-Feldman* doctrine is that 28 U.S.C. §

1257(a) gives only the United States Supreme Court jurisdiction to review appeals from state court judgments. *See Dist. of Columbia Ct. of Appeals v Feldman,* 460 US 462, (1983); *Rooker v Fid. Trust Co.*, 263 U. 413, (1923).  However, federal district courts lack subject matter jurisdiction to engage in any appellate review of claims previously decided by a state court and over any claims inextricably intertwined with a prior state-court judgment. *Lance v. Dennis,* 546 U.S. 459, 460 (2006).

When deciding whether the claim is barred by the *Rooker-Feldman* doctrine, the relevant inquiry is whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress, paying close attention to the relief sought. *See Campbell v. City of Spencer,* 682 F3d. 1278 (10th Cir. 2012) (noting that under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to engage in appellate review of claims decided by a state court and claims inextricably intertwined with a prior state-court judgment.).

Without question, the Third Amended Complaint is yet another attempt by Bednar to recast his state court losses as constitutional injuries. Indeed, the purported constitutional deprivations occurred during various state court proceedings. Bednar challenged the alleged unconstitutional acts in the state court cases, which every Oklahoma County district court judge rejected.  He now seeks relief in this Court to compensate him for the losses caused by the state court rulings, which would effectively undo those decisions. However, the Tenth Circuit has made clear that "[t]his is precisely the relief that the *Rooker-Feldman* doctrine says lower federal courts are powerless to provide." *See Bruce v. City and County of Denver,* 57 4th 738, 749 (10th Cir. 2023) (collecting cases and evaluating the doctrine

as a jurisdictional bar to § 1983 claim). Therefore, the *Rooker-Feldman* doctrine operates as an impenetrable barrier that renders Bednar's claims untenable.

## IV.   BEDNAR'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

When it is clear on the face of the complaint that the claim is timed barred, the court may dismiss the claim at the pleading stage. *See Colby v. Herrick*, 849 F.3d 1273, 1279 (10th Cir. 2017). Civil rights actions brought under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. *See Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993); *McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011). In Oklahoma, the statute of limitations for personal injuries is two years. *See* Okla. Stat. tit. 12, § 95(A).

Here, the events that give rise to the purported constitutional claims occurred in 2018-2019.  Therefore, at the very latest, Bednar had until December 31, 2021, to assert his constitutional claims against the Oklahoma County Defendants.  However, he did not file this lawsuit until November 22, 2022, long after the statute of limitations period had expired. [Doc. 1].  Therefore, the Third Amended Complaint should be dismissed.

## V.   BEDNAR FAIL TO PLEAD A PLAUSIBLE CONSTITUTIONAL CLAIM AGAINST THE OKLAHOMA COUNTY DEFENDANTS.

Independent of Rule 8 and Rule 10's pleading problems, the lack of subject matter jurisdiction, or expired statute of limitations issues, the Third Amended Complaint fails to state a plausible constitutional violation. The Tenth Circuit has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Here, the Third Amended Complaint is completely devoid of any conduct attributable to Oklahoma County. Instead, Bednar makes broad allegations concerning Defendants' collective conduct, no doubt hoping to avoid his obligation to identify the entity or official who was responsible for the alleged violation of his rights. This, however, does not raise his right to relief against Oklahoma County above a speculative level as required by *Twombly*. For this reason alone, Bednar's claims are subject to dismissal for failure to state a claim upon which relief may be granted.

Even apart from Bednar's efforts to shirk his responsibility to identify the officials or bodies that speak with policy-making authority in the areas out of which his purported constitutional violations arise, the allegations in the Third Amended Complaint do nothing to plead a plausible claim for municipal liability against Oklahoma County.

While an action under Section 1983 may be brought against a municipal body or other local government entities, recovery is limited to acts that are officially sanctioned by such an entity; it is for this reason that a plaintiff must demonstrate that the entity's "policy or custom" caused the constitutional tort. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986). To establish the existence of a "custom," a plaintiff must demonstrate: (1) a continuing, widespread, and persistent pattern of misconduct; (2) deliberate indifference or tacit approval of misconduct by policy-making officials; and (3) injury to the plaintiff as a result of the custom. *Gates v. Unified Sch. Dist. No. 449 of Leavenworth Cnty.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

Fatal to overcoming dismissal are the complete lack of factual allegations that demonstrate a policy, custom, or practice of Oklahoma County. *See Est. of Burgaz v. Bd. of Cnty. Commr. for Jefferson Cnty. Colorado*, 30 F.4th 1181, 1189 (10th Cir. 2022). Second, the Third Amended Complaint is devoid of any factual content that would allow the Court to infer that a policy, custom, or practice of Oklahoma County caused the constitutional injury. *George v. Beaver Cty,* 32 F.4th 1246, 1253 (10th Cir. 2022). Finally, the Third Amended Complaint fails to show that Oklahoma County enacted or maintained the policy with deliberate indifference to the risk of that injury occurring. *Id.*

In fact, the Third Amended Complaint expressly avers that he seeks to impose vicarious liability on Oklahoma County for the acts of former Judge Henderson, former District Attorney Prater, and other state actors. However, the law is clear that the County can neither be liable on a theory of *respondeat superior* nor be held to answer for the actions of state employees over which they have no power to control. As Bednar cannot establish the existence of any unconstitutional custom or policy of Oklahoma County that contributed to any alleged violation of his constitutional rights, his claims must be dismissed for failure to state a claim upon which relief may be granted.

## VI.    DEFENDANT SLIMP IS ENTITLED TO QUALIFIED IMMUNITY.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982)). Not only does the doctrine shield officials from liability, but it operates as "an

entitlement not to stand trial or face the other burdens of litigation." *Mitchell v Forsyth*, 472 U.S. 511, 526 (1985). As explained by the United States Supreme Court, the doctrine "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231. Moreover, "[t]he protection of qualified immunity applies regardless of whether the government official's error is a 'mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id*.

Once the doctrine of qualified immunity is invoked, the plaintiff bears a heavy burden of making two showings. *Reynolds v Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). First, the plaintiff must show that the defendant's actions violated a constitutional right. *Id*.; *see also Pearson*, 555 U.S. at 231. This inquiry "must be whether a constitutional right would have been violated on the facts alleged." *Id*. Second, the plaintiff must show that the right at issue was "clearly established" at the time of the alleged misconduct. *Id*. If the plaintiff fails to make both showings, the defendant must prevail. *Reynolds*, 370 F.3d at 1030.

When a defendant is sued in his or her individual capacity under § 1983, the plaintiff must establish certain basic elements as to each defendant. First, the plaintiff must establish the defendant's "personal involvement or participation" in the alleged violation of a federal right. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996); *see also Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Second, the plaintiff must establish a causal connection between the acts of that particular defendant and the alleged violation of a federal right. *See Iqbal*, 556 U.S. at 676; *Pahls v. Thomas*, 718 F.3d 1210, 1225-28 (10th

Cir. 2013). Third, the plaintiff must establish that the defendant acted with the state of mind required for the alleged underlying federal rights violation. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Undoubtedly, the sparse allegations directed at Defendant Slimp fall drastically short of demonstrating that Bednar's constitutional rights were violated. Moreover, notably absent are sufficient factual content that would create an inference that Defendant Slimp personally participated in a violation of Bednar's rights or affirmatively linked Defendant Slimp to the violation. Under these circumstances, Defendant Slimp is entitled to qualified immunity from suit because there has been no constitutional violation based upon the facts as alleged.

Moreover, in order to defeat an assertion of qualified immunity "[a] plaintiff 'cannot simply identify a clearly established right in the abstract and allege that the defendant has violated it.'" *Herring v. Keenan*, 218 F.3d 1171, 1176 (10th Cir. 2000) (quoting *Hilliard v. City and County of Denver*, 930 F.3d 1516, 1518 (10th Cir. 1991). The Third Amended Complaint fails in this regard too. Accordingly, Defendant Slimp is entitled to qualified immunity, and the individual capacity claims must be dismissed.

## CONCLUSION

WHEREFORE, the Oklahoma County Defendants respectfully pray that this Honorable Court will grant their Motion to Dismiss in all respects

Respectfully Submitted,

VICKI BEHENNA
DISTRICT ATTORNEY

/s/ *Carri A. Remillard*
Aaron Etherington (OBA 18,259)
Rodney J. Heggy (OBA 4049)
Carri A. Remillard (OBA 21,539)
Assistant District Attorneys
Leadership Square
211 N. Robinson, Suite 700 N
Oklahoma City, OK  73102
Telephone: (405) 713-1600
Facsimile: (405) 713-1749
rod.heggy@oklahomacounty.org
aaron.etherington@oklahomacounty.org
carri.remillard@oklahomacounty.org
ATTORNEYS FOR DEFENDANTS, SHERIFF'S DEPUTY MELISSA ABERNATHY, SHERIFF'S DEPUTY BRETT SLIMP AND "OKLAHOMA COUNTY"

## CERTIFICATE OF MAILING

The foregoing was delivered to the listed counsel of record by the ECF system on the date filed:

Alex Bednar, Pro Se
Plaintiff

Stefanie E. Lawson
ATTORNEYS FOR DEFENDANTS,
TIMOTHY HENDERSON, DAVID PRATER,
and MIKE HUNTER

s/Carri A. Remillard